ELIZABETH A. SPERLING - State Bar No. 231474
  esperling@glaserweil.com
ALEXANDER R. MILLER - State Bar No. 294474
  amiller@glaserweil.com
JACK DAY – State Bar No. 324516
  jday@glaserweil.com
**GLASER WEIL FINK HOWARD**
  **JORDAN & SHAPIRO LLP**
501 W. Broadway, 8th Floor
San Diego, CA 92101
Telephone:  (619) 765-4380
Facsimile:   (619) 483-0646

Attorneys for Defendants
Caydon San Diego Property LLC; Caydon USA
Holding LLC; Caydon USA Property Group,
LLC; and Alex Beaton

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE OF THE STATE OF CALIFORNIA and CITY OF SAN DIEGO, a municipal corporation,<br><br>                        Plaintiffs,<br><br>v.<br><br>CAYDON SAN DIEGO PROPERTY LLC, a Delaware Limited Liability Company; CAYDON USA HOLDING LLC, a Texas Foreign Limited Liability Company and a Delaware Limited Liability Company; CAYDON USA PROPERTY GROUP, LLC, a Delaware Limited Liability Company; MATTHEW HUTTON, Receiver and Manager of CAYDON USA PROPERTY GROUP HOLDINGS PTY LTD; ALEX BEATON, an individual; and DOES 1 through 50, inclusive,<br><br>                        Defendants. | CASE NO.: **'23 CV 1296 DMS KSC**<br><br>**DEFENDANTS' NOTICE OF REMOVAL** |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA AND TO PLAINTIFFS THROUGH THEIR COUNSEL OF RECORD:**

    **PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendants Caydon San Diego Property LLC ("Caydon San Diego"), Caydon USA Holding LLC ("Caydon USA Holding"), Caydon USA Property Group LLC ("Caydon USA Property Group"), and Alex Beaton ("Mr. Beaton") (collectively, "Defendants") hereby remove the above-captioned action from the Superior Court of the State of California for the County of San Diego, which is the judicial district in which the action is pending, to the United States District Court for the Southern District of California.

## INTRODUCTION

    1.    Plaintiffs bring this duplicative action in a transparent attempt to circumvent this Court's jurisdiction. Just days after dismissing their prior action against Defendants, Plaintiffs filed a near-identical complaint in State Court that mirrored the original complaint but for the addition of Alex Beaton as a defendant. But Mr. Beaton is nothing more than a sham defendant in this action, included only for the purpose of attempting to destroy diversity. The Court should see through Plaintiffs' gamesmanship and disregard Mr. Beaton for diversity purposes. This action is removable for the same reasons that Defendants removed the prior action on June 1, 2023, and Plaintiffs have succeeded only in wasting the time, efforts, and resources of everyone involved.

## PROCEDURAL BACKGROUND

    2.    On April 27, 2023, Plaintiffs filed a complaint in the Superior Court of the State of California, County of San Diego, entitled *The People of the State of California, et al. v. Caydon San Diego Property LLC, et al.*, Case No. 37-2023-00017820-CU-MC-CTL (the "Original Action"). The Original Action included every Defendant named in this action with the exception of Mr. Beaton.

3.      On June 1, 2023, Defendants timely removed the Original Action to the United States District Court for the Southern District of California on the basis of diversity jurisdiction under 28 U.S.C. § 1332.  The Original Action was Case No. 3:23-cv-1020-LAB-DDL assigned to the Honorable Larry Alan Burns. *See* Original Action, Dkt. 1.

4.      On June 9, 2023, Plaintiffs filed a Notice of Voluntary Dismissal of the Original Action in the United States District Court for the Southern District of California. *See id.*, Dkt. 8.  On June 14, 2023 the Court dismissed the Original Action without prejudice in its entirety. *See id.*, Dkt. 9.

5.      Then on June 12, 2023, Plaintiffs commenced this action by filing an almost identical complaint (the "Complaint") against Defendants in the Superior Court of the State of California, County of San Diego, entitled *The People of the State of California, et al. v. Caydon San Diego Property LLC, et al.*, Case No. 37-2023-00024446-CU-MC-CTL (the "Present Action").  A true and correct copy of the Complaint is attached hereto as Exhibit 4.

6.      The only difference between the Original Action and the Present Action is that Plaintiffs added Mr. Beaton—a California resident—as a Defendant.  Plaintiffs did not acknowledge—either by filing a notice of related case or noting the Original Action in the Complaint—that the Present Action is a near replica of the Original Action.

7.      On June 14, 2023, Plaintiffs served Caydon San Diego through its registered agent for service with a copy of the Complaint.

8.      On June 14, 2023, Plaintiffs served Mr. Beaton personally with a copy of the Complaint.

9.      On June 16, 2023, Plaintiffs served Caydon USA Holding and Caydon USA Property Group through their respective registered agents for service with a copy of the Complaint.

///

10.     Plaintiffs have not yet served Matthew Hutton, who is a citizen and resident of Australia and must be served pursuant to the Hague Service Convention in Australia.

11.     The Complaint alleges two causes of action: (1) maintenance of a public nuisance in violation of California Civil Code sections 3479 and 3480; and (2) numerous violations of the San Diego Municipal Code.

12.     Defendants have not previously appeared in the Present Action, filed any responsive pleadings, or otherwise litigated any merits of the case.

## THE PARTIES

13.     Mara W. Elliott, City Attorney for the City of San Diego, brings this action on behalf of Plaintiffs the People of the State of California and the City of San Diego.

14.     Plaintiff City of San Diego is a municipal corporation and a charter city, organized and existing under the laws of the State of California.  Plaintiffs are citizens of the State of California.

15.     Defendant Caydon San Diego is a Delaware Limited Liability Company with its principal place of business in Houston, Texas.  Caydon USA Holding is the sole member of Caydon San Diego.  Caydon San Diego is a citizen of the States of Delaware and Texas.

16.     Defendant Caydon USA Holding is a Delaware Limited Liability Company with its principal place of business in Houston, Texas.  Caydon USA Property Group is the sole member of Caydon USA Holding.  Caydon USA Holding is a citizen of the States of Delaware and Texas.

17.     Defendant Caydon USA Property Group is a Delaware Limited Liability Company with its principal place of business in Houston, Texas.  Caydon USA Property Group Holdings Pty Ltd is the sole member of Caydon USA Property Group Pty Ltd.  Caydon USA Holding is a citizen of the States of Delaware and Texas and of the country of Australia.

DEFENDANTS' NOTICE OF REMOVAL
2300252.2

18.     Caydon USA Property Group Holdings Pty Ltd is a citizen of the country of Australia, as it is an Australian company with its principal place of business in Australia.

19.     Newly-added Defendant Mr. Beaton is a citizen of the State of California who resides in the State of California.

20.     Defendants are the only named defendants in the action who have been served to date and all of them join in and consent to this removal.[1]

## **SUMMARY OF COMPLAINT**

21.     Plaintiffs allege that Defendants use and maintain three buildings ("the Property") in downtown San Diego in violation of state and local San Diego ordinance provisions and as a public nuisance.

22.     Specifically, Plaintiffs allege two causes of action against Defendants: (1) maintenance of a public nuisance in violation of California Civil Code sections 3479 and 3480; and (2) violations of the San Diego Municipal Code.

23.     Plaintiffs seek injunctive relief and damages pursuant to California Code of Civil Procedure sections 526 and 731 and San Diego Municipal Code sections 12.0202 and 121.0311.

## **DIVERSITY JURISDICTION EXISTS UNDER 28 U.S.C. § 1332**

24.     This Court has original jurisdiction over this action and the action may be removed to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

25.     Diversity jurisdiction under 28 U.S.C. § 1332(a)(1) exists because this action is between citizens of different states and the amount in controversy exceeds $75,000 exclusive of interest and costs.

---

[1] Matthew Hutton has not been served and is therefore not required to join in the petition for removal. *See Emrich v. Touche Ross & Co*, 846 F.2d 1190, 1193 n.1 (9th Cir. 1988) (recognizing the "general rule" that all defendants in a state action must join in the petition for removal applies "only to defendants properly joined and served in the action."). Nonetheless, Mr. Hutton is a citizen and resident of Australia and therefore his presence in this case would not destroy complete diversity between the parties. Mr. Hutton is neither lawfully admitted for permanent residence in the United States nor domiciled in the United States. 28 U.S.C. § 1332(a)(2).

2300252.2

26.     Diversity jurisdiction also exists under 28 U.S.C. § 1332(a)(2) because this action is between citizens of a State and citizens or subjects of a foreign state (Australia) and the amount in controversy exceeds $75,000, exclusive of interest and costs.

**The Notice Of Removal Is Timely**

27.     Plaintiffs served Caydon San Diego and Mr. Beaton on June 14, 2023 and Caydon USA Holding and Caydon USA Property Group on June 16, 2023.

28.     Because this Notice of Removal is filed within 30 days of service of the Complaint, it is timely pursuant to 28 U.S.C. § 1446(b)(1).

**Complete Diversity Exists Between Plaintiffs And Defendants**

29.     For diversity purposes, a corporation is deemed a citizen of its state of incorporation and the state where it has its principal place of business.  28 U.S.C. § 1332(c)(1).  A limited liability company is deemed to have the citizenship of each of its members.  *See Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).  A person is a citizen of the state in which he or she is domiciled.[2]  *See Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088 (9th Cir. 1983).  The citizenship of Defendants sued under fictitious names "shall be disregarded" per 28 U.S.C. § 1441(b)(1).

30.     Complete diversity exists between Plaintiffs, on the one hand, and Defendants, on the other hand, because both Plaintiffs are citizens of California and Defendants are citizens of Delaware, Texas, and Australia.  *See*  28 U.S.C. § 1332(a).

31.     At the time of filing the Complaint and this Notice of Removal, Plaintiffs were and are citizens of the State of California.  *See* Exhibit 4 ¶¶ 4-5.

32.     Defendant Caydon San Diego is a limited liability company.  Its sole member is Caydon USA Holding LLC, which is a Delaware company with its principal place of business in Houston, Texas.

---

[2] 28 U.S.C. § 1332(a)(2) provides an alternative basis of federal jurisdiction for cases such as this involving non-United States citizens who are citizens or subjects of a foreign state.

2300252.2

33.    Defendant Caydon USA Holding is a limited liability company.  Its sole member is Caydon USA Property Group LLC, which is a Delaware company with its principal place of business in Houston, Texas.

34.    Defendant Caydon USA Property Group is a limited liability company. Its sole member is Caydon USA Property Group Holdings Pty Ltd, which is an Australian company with its principal place of business in Australia.

**Alex Beaton Is A Sham Defendant Whose Citizenship Should Be Disregarded**

35.    Plaintiffs wrongly attempt to circumvent Defendants' removal rights by adding California resident, Alex Beaton, as a defendant.   As described above, Defendants timely removed the Original Action to the United States District Court for the Southern District of California on June 1, 2023 on the basis of diversity jurisdiction under 28 U.S.C. § 1332.  Shortly thereafter, on June 9, 2023, Plaintiffs filed a Notice of Voluntary Dismissal.  Just three days later, on June 12, 2023, Plaintiffs commenced the Present Action by filing an almost identical complaint in the Superior Court of the State of California, County of San Diego.  The only distinguishing factor between the Original Action and the Present Action is that Plaintiffs added Alex Beaton as a Defendant.  Plaintiffs include no additional factual allegations specific to Mr. Beaton.

36.    It is clear from the face of the Complaint that Plaintiffs added Mr. Beaton for the sole purpose of defeating diversity jurisdiction and therefore his citizenship should be disregarded for jurisdiction purposes.  *See McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987) (disregarding the presence of "sham" California-resident defendants for purposes of diversity jurisdiction).  The Complaint makes no material allegations against Mr. Beaton and it is clear from its face that Mr. Beaton is a "sham" defendant who was fraudulently joined by Plaintiffs in the Present Action in a transparent attempt to defeat diversity.  *See Brown v. Allstate Ins. Co.*, 17 F.Supp.2d 1134, 1136-37 (S.D. Cal. 1998) (holding that certain California-resident defendants were "fraudulently joined" to defeat diversity where the complaint named those

2300252.2

California defendants in the caption and headings of some causes of action but included no material allegations against those defendants.").

37.     Plaintiffs do not even attempt to disguise their blatant forum-shopping efforts.  They include just one allegation in the Present Action that is specific to Mr. Beaton, and that allegation is incorrect.  The Complaint describes Mr. Beaton as the "manager of the Property that is the subject of the dispute."  Exhibit 4 ¶ 10.  But that is false.  *See* Declaration of Alexander P. Beaton ("Beaton Decl."), ¶¶ 3-4.  Mr. Beaton is not a property manager or in the property management business.  *Id.*, ¶ 3.  He is not the property manager for the Property nor has he ever been formally appointed as its property manager.  *Id.*, ¶ 4.

38.     Mr. Beaton is not an employee or representative of the Caydon Defendants.  *Id.*, ¶ 2.  Because he is located in San Diego, he has occasionally assisted Caydon San Diego Property LLC ("Caydon San Diego") with certain discrete tasks that its management have asked him to provide in relation to the Property on an as-needed basis.  *Id.*, ¶ 5.  He is only authorized to act on the instruction of Caydon San Diego and its management with respect to any tasks related to the Property.  Those tasks have been very discrete and limited in scope.  *Id.*  Mr. Beaton's role with respect to the Property in all the time he has had anything to do with it has not been more than this.  *Id.*

39.     Mr. Beaton is certainly not a "Responsible Person" with respect to the Property, as defined by Section 11.0210 of the San Diego Municipal Code, as he does not satisfy any of the elements of that term.  *Id.*, ¶ 6.

40.     There is simply no basis whatsoever for Mr. Beaton to be a named defendant in this action.  *Id.*, ¶ 7.

41.     Plaintiffs do not plead any facts sufficient to state a claim against Mr. Beaton for (1) maintenance of a public nuisance in violation of California Civil Code sections 3479 and 3480 or for (2) violations of the San Diego Municipal Code.  Nor could they amend the Complaint to do so, such that leave to amend would be futile.

2300252.2

*Id.*, ¶ 7.

42.     Mr. Beaton is clearly a sham defendant.  If Plaintiffs truly believed that Mr. Beaton is liable or is a Responsible Person or has some affiliation with the Caydon Defendants, they would have named him as a defendant in the Original Action.  If Plaintiffs genuinely forgot to include Mr. Beaton as a party, they could have simply amended the Complaint in the Original Action to add him.  Plaintiffs also could have "DOE'd in" Mr. Beaton, as they name 50 Doe Defendants.  The fact that Plaintiffs dismissed the Original Action, then re-filed the identical Complaint in State Court with the sole difference being the addition of Mr. Beaton as a party, makes transparent Plaintiffs' attempt to avoid federal jurisdiction.

43.     Therefore, for diversity purposes, the Present Action is no different from the Original Action and complete diversity exists between Plaintiffs and Defendants.

**The Amount in Controversy Exceeds $75,000**

44.     A defendant attempting to remove a diversity case must show by a preponderance of the evidence that the amount in controversy requirement is satisfied.  *See Gibson v. Chrysler Corp.*, 261 F.3d 927, 933 (9th Cir. 2001).  The "notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."  *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).

45.     The Ninth Circuit defines the amount in controversy as "the amount at stake in the underlying litigation."  *Theis Research, Inc. v. Brown & Bain*, 400 F.3d 659, 662 (9th Cir. 2005).  The amount at stake includes not only damages but also "the cost of complying with an injunction."  *Gonzales v. CarMax Auto Superstores, LLC*, 840 F.3d 644, 648-49 (9th Cir. 2016).

46.     Although Defendants deny liability as to Plaintiffs' claims, based on the face of the Complaint and the requested damages, the case easily satisfies the amount in controversy requirement for removal.  The assertions of Defendants herein are

limited to their preliminary understanding of Plaintiffs' claims and the data currently available to Defendants.

47.    Plaintiffs allege that Defendants use and maintain the Property in violation of state and local San Diego ordinance provisions and as a public nuisance.  Plaintiffs make numerous allegations concerning the safety and structural soundness of the Property.  *See, e.g.*, Exhibit 4 ¶¶ 18, 99.

48.    Plaintiffs seek a preliminary and permanent injunction "enjoining and restraining Defendants . . . from maintaining the Property or any other property in the City and County of San Diego as a public nuisance as defined per California Civil Code sections 3479 and 3480."  Exhibit 4, Prayer ¶ 2.  Per the Complaint, "[i]f Defendants fail to comply," then "within 48 hours after posting written notice of its intention, the City or its contractor is authorized . . . to accomplish the work and recover all costs of abating the nuisance at the Property."  *Id.*, Prayer ¶ 3.  Plaintiffs ultimately seek demolition of the Property.  Demolition of a property of this nature will cost several million dollars.

49.    Plaintiffs also seek a preliminary and permanent injunction enjoining Defendants from "keeping, allowing, or maintaining violations of the [San Diego] Municipal Code at the Property or anywhere else in the City of San Diego" and requiring Defendants "to maintain the Property in full compliance with the Municipal Code."  *Id.*, Prayer ¶¶ 5, 6.  Per the Complaint, "[i]f Defendants fail to comply" with the requested injunction, "then within 48 hours after posting written notice of its intention, the City or its contractor is authorized to accomplish the work and recover all costs of bringing the Property into compliance."  *Id.*, Prayer ¶ 7.  Once again, this means demolition, which will cost several million dollars.

50.    The cost of complying with the injunction sought by Plaintiffs would far exceed $75,000.  The Property was built almost 100 years ago and has been vacant since 1990.  Plaintiffs allege that the Property contains significant structural defects

that impact both the interior and exterior of the Property, including "severely weakened and corroded roof trusses" that "require prompt shoring and repair or demolition to avert potential collapse." *Id.* ⁋ 21. Plaintiffs also allege that "toxic materials" exist at the Property, including "[a]pproximately 4,500 square feet of pipe and tank insulation in horrible condition." *Id.* ⁋ 20. To restore, rehabilitate, and bring the Property into compliance with the terms of the requested injunction would cost Defendants millions of dollars. In addition to the parts and materials that would be required to undertake such work, Defendants would need to pay extensive labor costs for a project that will take years to complete.

51. In addition to the injunction costs, Plaintiffs also seek civil penalties of $2,500 per day for each and every Municipal Code violation maintained at the Property. *Id.*, Prayer ⁋ 9. Because Plaintiffs allege that Defendants are in violation of ***eleven*** San Diego Municipal Code sections, it would take just three days for the civil penalties sought by Plaintiffs to exceed $75,000. *Id.*, Prayer ⁋ 4; *See Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 418 (9th Cir. 2018) ("[T]he amount in controversy includes all relief claimed at the time of removal to which the plaintiff would be entitled if she prevails."). The City seeks well beyond $75,000 in civil penalties.

52. Based on the nature of Plaintiffs' claims and the relief sought, the amount in controversy exceeds $75,000, exclusive of interest and costs.

## VENUE

53. The United States District Court for the Southern District of California is the proper venue for removal pursuant to 28 U.S.C. § 1441(a) because the action is pending in the Superior Court of the State of California for the County of San Diego, which is a county embraced by the Southern District of California. 28 U.S.C. § 84(d).

## COMPLIANCE WITH 28 U.S.C. § 1446

54. No previous application has been made for the relief requested herein in the Present Action. The Original Action was successfully removed.

55.     Pursuant to 28 U.S.C. § 1446(a), copies of all pleadings, process, and orders served on Defendants in the State Action must be attached to the Notice of Removal.

56.     Accordingly, a true and correct copy of the following documents are attached:

> Exhibit 1: Appendix of State Court Filings
>
> Exhibit 2: Civil Case Cover Sheet
>
> Exhibit 3: Summons
>
> Exhibit 4: Complaint
>
> Exhibit 5: Notice of Case Assignment and Case Management Conference
>
> Exhibit 6: Electronic Filing Requirements
>
> Exhibit 7: Alternative Dispute Resolution (ADR) Information
>
> Exhibit 8: General Order of the Presiding Department

57.     Pursuant to 28 U.S.C. § 1446(d), Defendants will serve Plaintiffs and file with the Clerk of the Superior Court of California for the County of San Diego a written Notice of Filing Notice of Removal, attaching a copy of this Notice of Removal and all supporting papers.

## **RESERVATION OF RIGHTS**

58.     Defendants deny the allegations of liability in Plaintiffs' Complaint and file this Notice of Removal without waiving any defenses, objections, exceptions, or obligations that may exist in its favor in either state or federal court.

///

///

///

///

///

///

DEFENDANTS' NOTICE OF REMOVAL

2300252.2

1        **WHEREFORE**, based on the foregoing, this Court has diversity jurisdiction

2   over this action pursuant to 28 U.S.C. §§ 1332 and 1441 and Defendants respectfully

3   remove this action from the Superior Court of the State of California for the County of

4   San Diego to this Court.

5

6   DATED:  July 14, 2023                **GLASER WEIL FINK HOWARD**
                                          **JORDAN & SHAPIRO LLP**
7

8

9   By: _____

10  Attorneys for Defendants
    Caydon San Diego Property LLC; Caydon
    USA Holding LLC; Caydon USA Property
11  Group, LLC; and Alex Beaton

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT 1

ELIZABETH A. SPERLING - State Bar No. 231474
esperling@glaserweil.com
ALEXANDER R. MILLER - State Bar No. 294474
amiller@glaserweil.com
JACK DAY – State Bar No. 324516
jday@glaserweil.com
**GLASER WEIL FINK HOWARD**
  **JORDAN & SHAPIRO LLP**
501 W. Broadway, Suite 800
San Diego, CA 92101
Telephone:   (619) 765-4380
Facsimile:   (619) 483-0646

Attorneys for Defendants
Caydon San Diego Property LLC; Caydon
USA Holding LLC; Caydon USA Property
Group LLC; and Alex Beaton

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| THE PEOPLE OF THE STATE OF CALIFORNIA and CITY OF SAN DIEGO, a municipal corporation, | CASE NO.: |
| Plaintiffs, | **DEFENDANTS' APPENDIX OF STATE COURT FILINGS** |
| v. | |
| CAYDON SAN DIEGO PROPERTY LLC, a Delaware Limited Liability Company; CAYDON USA HOLDING LLC, a Texas Foreign Limited Liability Company and a Delaware Limited Liability Company; CAYDON USA PROPERTY GROUP, LLC, a Delaware Limited Liability Company; MATTHEW HUTTON, Receiver and Manager of CAYDON USA PROPERTY GROUP HOLDINGS PTY LTD; ALEX BEATON, an individual; and DOES 1 through 50, inclusive, | |
| Defendants. | |

DEFENDANTS' APPENDIX OF STATE COURT FILINGS

Exhibit 1
Page 1

## APPENDIX OF STATE COURT FILINGS

| DOCUMENT | DATED | EXHIBIT |
|---|---|---|
| Civil Case Cover Sheet | Filed: June 12, 2023 | 2 |
| Summons | Filed: June 12, 2023 | 3 |
| Complaint | Filed: June 12, 2023 | 4 |
| Notice of Case Assignment and Case Management Conference | Filed: June 12, 2023 | 5 |
| Electronic Filing Requirements | Filed: June 12, 2023 | 6 |
| Alternative Dispute Resolution (ADR) Information | Filed: June 12, 2023 | 7 |
| General Order of the Presiding Department | Filed: March 11, 2021 | 8 |

DATED:  July 14, 2023

Respectfully submitted,

**GLASER WEIL FINK HOWARD JORDAN & SHAPIRO LLP**

 /s/ Elizabeth A. Sperling

Elizabeth A. Sperling
Attorneys for Defendants Caydon San Diego Property LLC; Caydon USA Holding LLC; Caydon USA Property Group LLC; and Alex Beaton

# EXHIBIT 2

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| MARA W. ELLIOTT, City Attorney<br>PAIGE E. FOLKMAN, Assistant City Attorney<br>DAVID E. MILLER, Deputy City Attorney   CA State Bar #174469<br>1200 Third Avenue, Suite 700, San Diego, CA  92101<br>TELEPHONE NO.: 619 533-5500        FAX NO.: 619 533-5505<br>ATTORNEY FOR *(Name):* Plaintiffs People of the State of CA and City of San Diego | **ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of San Diego<br>**06/12/2023** at 10:06:37 AM<br>Clerk of the Superior Court<br>By Brandon Krause,Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF **San Diego**
STREET ADDRESS: 330 W. Broadway
MAILING ADDRESS: 330 W. Broadway
CITY AND ZIP CODE: San Diego, CA  92101
BRANCH NAME: Central / Hall of Justice

CASE NAME: The People of the State of California and City of San Diego, a municipal corporation v. Caydon San Diego Property LLC., et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: 37-2023-00024446-CU-MC-CTL |
|---|---|---|
| ☒ Unlimited  ☐ Limited<br>(Amount        (Amount<br>demanded     demanded is<br>exceeds $25,000)  $25,000 or less) | ☐ Counter  ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE: Judge Kenneth J Medel<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- ☐ Auto (22)
- ☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- ☐ Asbestos (04)
- ☐ Product liability (24)
- ☐ Medical malpractice (45)
- ☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- ☐ Business tort/unfair business practice (07)
- ☐ Civil rights (08)
- ☐ Defamation (13)
- ☐ Fraud (16)
- ☐ Intellectual property (19)
- ☐ Professional negligence (25)
- ☐ Other non-PI/PD/WD tort (35)

**Employment**
- ☐ Wrongful termination (36)
- ☐ Other employment (15)

**Contract**
- ☐ Breach of contract/warranty (06)
- ☐ Rule 3.740 collections (09)
- ☐ Other collections (09)
- ☐ Insurance coverage (18)
- ☐ Other contract (37)

**Real Property**
- ☐ Eminent domain/Inverse condemnation (14)
- ☐ Wrongful eviction (33)
- ☐ Other real property (26)

**Unlawful Detainer**
- ☐ Commercial (31)
- ☐ Residential (32)
- ☐ Drugs (38)

**Judicial Review**
- ☐ Asset forfeiture (05)
- ☐ Petition re: arbitration award (11)
- ☐ Writ of mandate (02)
- ☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- ☐ Antitrust/Trade regulation (03)
- ☐ Construction defect (10)
- ☐ Mass tort (40)
- ☐ Securities litigation (28)
- ☐ Environmental/Toxic tort (30)
- ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- ☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- ☐ RICO (27)
- ☒ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- ☐ Partnership and corporate governance (21)
- ☐ Other petition *(not specified above)* (43)

2. This case ☐ is  ☒ is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☒ monetary  b. ☒ nonmonetary; declaratory or injunctive relief   c. ☐ punitive
4. Number of causes of action *(specify):* Two (2)
5. This case ☐ is  ☒ is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: June 12, 2023

David E. Miller, Deputy City Attorney
_____        ►_____
(TYPE OR PRINT NAME)                                        (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>*www.courtinfo.ca.gov* |
|---|---|---|

Exhibit 2
Page 3

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
  Auto (22)–Personal Injury/Property
    Damage/Wrongful Death
  Uninsured Motorist (46) *(if the
    case involves an uninsured
    motorist claim subject to
    arbitration, check this item
    instead of Auto)*
**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
  Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
      Wrongful Death
  Product Liability *(not asbestos or
    toxic/environmental)* (24)
  Medical Malpractice (45)
    Medical Malpractice–
      Physicians & Surgeons
    Other Professional Health Care
      Malpractice
  Other PI/PD/WD (23)
    Premises Liability (e.g., slip
      and fall)
    Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
    Intentional Infliction of
      Emotional Distress
    Negligent Infliction of
      Emotional Distress
    Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
  Business Tort/Unfair Business
    Practice (07)
  Civil Rights (e.g., discrimination,
    false arrest) *(not civil
    harassment)* (08)
  Defamation (e.g., slander, libel)
    (13)
  Fraud (16)
  Intellectual Property (19)
  Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
      *(not medical or legal)*
  Other Non-PI/PD/WD Tort (35)
**Employment**
  Wrongful Termination (36) Other
    Employment (15)

**Contract**
  Breach of Contract/Warranty (06)
    Breach of Rental/Lease
      Contract *(not unlawful detainer
        or wrongful eviction)*
    Contract/Warranty Breach–Seller
      Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/
      Warranty
    Other Breach of Contract/Warranty
  Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections
      Case
  Insurance Coverage *(not provisionally
    complex)* (18)
    Auto Subrogation
    Other Coverage
  Other Contract (37)
    Contractual Fraud
    Other Contract Dispute
**Real Property**
  Eminent Domain/Inverse
    Condemnation (14)
  Wrongful Eviction (33)
  Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent
      domain, landlord/tenant, or
      foreclosure)*
**Unlawful Detainer**
  Commercial (31)
  Residential (32)
  Drugs (38) *(if the case involves illegal
    drugs, check this item; otherwise,
    report as Commercial or Residential)*
**Judicial Review**
  Asset Forfeiture (05)
  Petition Re: Arbitration Award (11)
  Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
      Case Matter
    Writ–Other Limited Court Case
      Review
  Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
      Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
  Antitrust/Trade Regulation (03)
  Construction Defect (10)
  Claims Involving Mass Tort (40)
  Securities Litigation (28)
  Environmental/Toxic Tort (30)
  Insurance Coverage Claims
    *(arising from provisionally complex
    case type listed above)* (41)
**Enforcement of Judgment**
  Enforcement of Judgment (20)
    Abstract of Judgment (Out of
      County)
    Confession of Judgment *(non-
      domestic relations)*
    Sister State Judgment
    Administrative Agency Award
      *(not unpaid taxes)*
    Petition/Certification of Entry of
      Judgment on Unpaid Taxes
    Other Enforcement of Judgment
      Case
**Miscellaneous Civil Complaint**
  RICO (27)
  Other Complaint *(not specified
    above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-
      harassment)*
    Mechanics Lien
    Other Commercial Complaint
      Case *(non-tort/non-complex)*
    Other Civil Complaint
      *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
  Partnership and Corporate
    Governance (21)
  Other Petition *(not specified
    above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
      Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late
      Claim
    Other Civil Petition

---

CM-010 [Rev. July 1, 2007]                    **CIVIL CASE COVER SHEET**                              Page 2 of 2

American LegalNet, Inc.
www.FormsWorkflow.com

Exhibit 2
Page 4

# EXHIBIT 3

SUM-100

## SUMMONS
### (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANTS:** CAYDON SAN DIEGO PROPERTY LLC, a Delaware Limited **(AVISO AL DEMANDADO):** Liability Company; CAYDON USA HOLDING LLC, a Texas Foreign Limited Liability Company and a Delaware Limited Liability Company; CAYDON USA PROPERTY GROUP, LLC, a Delaware Limited Liability Company; MATTHEW HUTTON, Receiver and Manager of CAYDON USA PROPERTY GROUP HOLDINGS PTY LTD; ALEX BEATON, an Individual; and DOES 1 through 50, Inclusive

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

06/13/2023 at 10:08:37 AM

Clerk of the Superior Court
By Brendan Krause, Deputy Clerk

**YOU ARE BEING SUED BY PLAINTIFFS:**
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):**
THE PEOPLE OF THE STATE OF CALIFORNIA and CITY OF SAN DIEGO, a
municipal corporation

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case. ¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted puede usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| The name and address of the court is: | CASE NUMBER: |
|---|---|
| (El nombre y dirección de la corte es):<br>Superior Court of California, County of San Diego<br>330 W. Broadway, San Diego, California 92101 | 37-2023-00024440-CU-MC-CTL |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
Mara W. Elliott, City Attorney, David E. Miller, Deputy City Attorney, Office of the City Attorney
1200 Third Avenue, Suite 700, San Diego, CA 92101   Telephone: 619-533-5500   Fax: 619-533-5505

| DATE: 06/13/2023 | Clerk, by | , Deputy |
|---|---|---|
| (Fecha) | (Secretario) B. Krause | (Adjunto) |

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):
3. ☑ on behalf of (specify): Liability Company   Caydon San Diego Property LLC, a Delaware Limited
   under: ☐ CCP 416.10 (corporation)   ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
   ☑ other (specify): Limited Liability Company
4. ☐ by personal delivery on (date):

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 (Rev. July 1, 2009)

**SUMMONS**

American LegalNet, Inc.
www.FormsWorkflow.com

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

Exhibit 3
Page 5

Delivered 6-16-20

PSC # 10708

Authorized

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**06/12/2023** at 10:06:37 AM

Clerk of the Superior Court
By Brandon Krause, Deputy Clerk

**NOTICE TO DEFENDANTS:** CAYDON SAN DIEGO PROPERTY LLC, a Delaware Limited
**(AVISO AL DEMANDADO):** Liability Company; CAYDON USA HOLDING LLC, a Texas
Foreign Limited Liability Company and a Delaware Limited Liability Company; CAYDON USA
PROPERTY GROUP, LLC, a Delaware Limited Liability Company; MATTHEW HUTTON, Receiver
and Manager of CAYDON USA PROPERTY GROUP HOLDINGS PTY LTD; ALEX BEATON, an
Individual; and DOES 1 through 50, inclusive

**YOU ARE BEING SUED BY PLAINTIFFS:**
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):**
THE PEOPLE OF THE STATE OF CALIFORNIA and CITY OF SAN DIEGO, a
municipal corporation

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

The name and address of the court is:
(El nombre y dirección de la corte es):
Superior Court of California, County of San Diego
330 W. Broadway, San Diego, California 92101

CASE NUMBER:
37-2023-00024446-CU-MC-CTL

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
Mara W. Elliott, City Attorney, David E. Miller, Deputy City Attorney, Office of the City Attorney
1200 Third Avenue, Suite 700, San Diego, CA 92101   Telephone: 619-533-5500   Fax: 619-533-5505

DATE:   06/13/2023
(Fecha)
Clerk, by _____ B. Krause , Deputy
(Secretario)                              (Adjunto)

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):
3. ☑ on behalf of (specify): Caydon USA Holding LLC, a Texas Forein Limited Liability Company and a Delaware Limited Liability Company
   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☑ other (specify): Limited Liability Company
4. ☐ by personal delivery on (date):

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

American LegalNet, Inc.
www.FormsWorkflow.com

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

Exhibit 3
Page 6

Delivered 6-16-2023

PSC # 16708 SE

Authorized Person

# SUMMONS
## *(CITACION JUDICIAL)*

**SUM-100**

(FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE))

**NOTICE TO DEFENDANTS:** CAYDON SAN DIEGO PROPERTY LLC, a Delaware Limited
*(AVISO AL DEMANDADO):*   Liability Company; CAYDON USA HOLDING LLC, a Texas
Foreign Limited Liability Company and a Delaware Limited Liability Company; CAYDON USA
PROPERTY GROUP, LLC, a Delaware Limited Liability Company; MATTHEW HUTTON, Receiver
and Manager of CAYDON USA PROPERTY GROUP HOLDINGS PTY LTD; ALEX BEATON, an
Individual; and DOES 1 through 50, inclusive

**YOU ARE BEING SUED BY PLAINTIFFS:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
THE PEOPLE OF THE STATE OF CALIFORNIA and CITY OF SAN DIEGO, a
municipal corporation

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**06/12/2023** at 10:06:37 AM

Clerk of the Superior Court
By Brandon Krause, Deputy Clerk

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

   You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

   There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO!* Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

   Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

   Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Superior Court of California, County of San Diego
330 W. Broadway, San Diego, California 92101

CASE NUMBER:
*(Número del Caso):*
37-2023-00024446-CU-MC-CTL

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Mara W. Elliott, City Attorney, David E. Miller, Deputy City Attorney, Office of the City Attorney
1200 Third Avenue, Suite 700, San Diego, CA 92101 Telephone: 619-533-5500 Fax: 619-533-5505

DATE: 06/13/2023                    Clerk, by _____, Deputy
*(Fecha)*                           *(Secretario)*   B. Krause   *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☑ on behalf of *(specify):* Company   Caydon USA Property Group, LLC, Delaware Limited Liabil

   under: ☐ CCP 416.10 (corporation)              ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)       ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☑ other *(specify):*  Limited Liability Company
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

American LegalNet, Inc.
www.FormsWorkflow.com

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

Exhibit 3
Page 7

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANTS:** CAYDON SAN DIEGO PROPERTY LLC, a Delaware Limited
**(AVISO AL DEMANDADO):** Liability Company; CAYDON USA HOLDING LLC, a Texas
Foreign Limited Liability Company and a Delaware Limited Liability Company; CAYDON USA
PROPERTY GROUP, LLC, a Delaware Limited Liability Company; MATTHEW HUTTON, Receiver
and Manager of CAYDON USA PROPERTY GROUP HOLDINGS PTY LTD; ALEX BEATON, an
individual; and DOES 1 through 50, inclusive

**YOU ARE BEING SUED BY PLAINTIFFS:**
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):**
THE PEOPLE OF THE STATE OF CALIFORNIA and CITY OF SAN DIEGO, a
municipal corporation

| FOR COURT USE ONLY |
|---|
| (SOLO PARA USO DE LA CORTE) |

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**06/12/2023** at 10:08:37 AM

Clerk of the Superior Court
By Brandon Krause, Deputy Clerk

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: | CASE NUMBER: |
|---|---|
| (El nombre y dirección de la corte es): | 37-2023-00024446-CU-MC-CTL |
| Superior Court of California, County of San Diego | |
| 330 W. Broadway, San Diego, California 92101 | |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
Mara W. Elliott, City Attorney, David E. Miller, Deputy City Attorney, Office of the City Attorney
1200 Third Avenue, Suite 700, San Diego, CA 92101   Telephone: 619-533-5500 Fax: 619-533-5505

| DATE: 06/13/2023 | Clerk, by | B. Krause | , Deputy |
|---|---|---|---|
| (Fecha) | (Secretario) | B. Krause | (Adjunto) |

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):

3. ☐ on behalf of (specify):
   under: ☐ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other (specify):
4. ☐ by personal delivery on (date):

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | American LegalNet, Inc.<br>www.FormsWorkflow.com | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov |
|---|---|---|---|

Exhibit 3
Page 8

# EXHIBIT 4

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**06/12/2023** at 10:06:37 AM

Clerk of the Superior Court
By Brandon Krause,Deputy Clerk

1  MARA W. ELLIOTT, City Attorney
   PAIGE E. FOLKMAN, Assistant City Attorney
2  DAVID E. MILLER, Deputy City Attorney
   California State Bar No. 174469
3      Office of the City Attorney
       Community Justice Division/Nuisance Abatement Unit
4      1200 Third Avenue, Suite 700
       San Diego, California 92101-4103
5      Telephone: (619) 533-5500
       Fax: (619) 533-5505
6      MillerDE@sandiego.gov

7  Attorneys for Plaintiffs                                   No Fee GC § 6103

8                   SUPERIOR COURT OF CALIFORNIA

9                      COUNTY OF SAN DIEGO

10  THE PEOPLE OF THE STATE OF              Case No.  37-2023-00024446-CU-MC-CTL
    CALIFORNIA and CITY OF SAN DIEGO,
11  a municipal corporation,                UNLIMITED JURISDICTION

12                    Plaintiffs,           COMPLAINT FOR INJUNCTION, CIVIL
                                            PENALTIES AND OTHER EQUITABLE
13           v.                             RELIEF

14  CAYDON SAN DIEGO PROPERTY LLC, a
    Delaware Limited Liability Company;     (1) MAINTENANCE OF A PUBLIC
15  CAYDON USA HOLDING LLC, a Texas             NUISANCE (CALIFORNIA CIVIL
    Foreign Limited Liability Company and a     CODE SECTIONS 3479 AND 3480);
16  Delaware Limited Liability Company;         AND
    CAYDON USA PROPERTY GROUP, LLC, a
17  Delaware Limited Liability Company;     (2) VIOLATIONS OF THE SAN DIEGO
    MATTHEW HUTTON, Receiver and Manager        MUNICIPAL CODE
18  of CAYDON USA PROPERTY GROUP
    HOLDINGS PTY LTD;
19  ALEX BEATON, an individual; and
    DOES 1 through 50, inclusive,
20
                      Defendants.
21

22          Plaintiffs the People of the State of California and City of San Diego, a municipal

23  corporation, appearing by and through their attorneys, Mara W. Elliott, City Attorney, and David

24  E. Miller, Deputy City Attorney, allege the following based upon information and belief:

25                          **JURISDICTION AND VENUE**

26          1. Plaintiffs the People of the State of California and City of San Diego, a municipal

27  corporation (Plaintiffs), by this action and pursuant to California Code of Civil Procedure sections

28  526 and 731 and San Diego Municipal Code (Municipal Code or SDMC) sections 12.0202 and

                                          1
            COMPLAINT FOR INJUNCTION, CIVIL PENALTIES AND OTHER EQUITABLE RELIEF

Exhibit 4
Page 9

121.0311, seek a preliminary injunction and permanent injunction prohibiting Defendants from using or maintaining a property in violation of state and local ordinance provisions and as a public nuisance, which is a threat to the health, safety, and welfare of the public. Plaintiffs also seek to obtain civil penalties, costs, and other equitable relief for Defendants' violations of the law.

2. The omission or commission of acts and violations of law by Defendants as alleged in this Complaint occurred within the City of San Diego, in the State of California. Defendants at all times mentioned in this Complaint have transacted business within the City of San Diego or are residents of San Diego County, within the State of California, or both.

3. The property where the acts and practices described in this Complaint were performed is in the City of San Diego.

## THE PARTIES

4. Plaintiff the People of the State of California brings this action by and through Mara W. Elliott, City Attorney for the City of San Diego.

5. Plaintiff City of San Diego is a municipal corporation and a charter city, organized and existing under the laws of the State of California.

6. Defendant CAYDON SAN DIEGO PROPERTY LLC (CAYDON SD), a Delaware Limited Liability Company, at all times relevant to this action, was and is the owner of record of the real property located at 1102-1122 Fourth Avenue, 1101-1121 Third Avenue, and 310-344 C Street, San Diego, California 92101 (Property), where state and local law violations and a public nuisance exist.

7. Defendant CAYDON USA HOLDING LLC (CAYDON HOLDING), a Texas Foreign Limited Liability Company and a Delaware Limited Liability Company, is the sole Member of CAYDON SD, the owner of record of the Property.

8. Defendant CAYDON USA PROPERTY GROUP LLC (CAYDON USA), a Delaware Limited Liability Company, is the sole Member of CAYDON HOLDING.

. . . . .

. . . . .

2

COMPLAINT FOR INJUNCTION, CIVIL PENALTIES AND OTHER EQUITABLE RELIEF

Exhibit 4
Page 10

1    9. Defendant MATTHEW HUTTON (HUTTON) is the Receiver and Manager of

2  CAYDON USA PROPERTY GROUP HOLDINGS PTY LTD, the sole Member of CAYDON

3  USA.

4    10. Defendant ALEX BEATON (BEATON), an individual, at all times relevant to this

5  action, was and is a resident of the City of San Diego, California and the San Diego based

6  manager of the Property that is the subject of this dispute.

7    11. Defendants DOES 1 through 50, inclusive, are sued as fictitious names, under the

8  provisions of California Code of Civil Procedure section 474, their true names and capacities are

9  unknown to Plaintiffs. Plaintiffs are informed and believe that each Defendant, DOES 1 through

10  50, is either responsible, in whole or in part, for the violations and conduct alleged, or has, or

11  claims to have, an interest in the Property, the exact nature of which is unknown. When the true

12  names and capacities are ascertained, Plaintiffs will seek leave of court to amend this Complaint

13  and to insert in lieu of such fictitious names the true names and capacities of the fictitiously

14  named Defendants.

15    12. At all relevant times to this action, all Defendants and DOES 1 through 50, and each

16  of them, were and are agents, principals, servants, lessors, lessees, employees, partners, associates

17  or joint venturers of each other and at all times were acting within the course, purpose and scope

18  of said relationship and with the authorization or consent of each of their co-defendants.

19                              **PROPERTY**

20    13. The property where the violations of state and local ordinances are being maintained

21  and the nuisance is occurring is 1102-1122 Fourth Avenue, 1101-1121 Third Avenue, and 310-

22  344 C Street, San Diego, California 92101, also identified as Assessor's Parcel Numbers 533-

23  521-04-00, 533-521-05-00, and 533-521-08-00 according to Document No. 2019-0608307

24  recorded in the San Diego County Recorder's Office on December 27, 2019 (Grant Deed).

25    14. The legal description of the Property is:

26        All that certain real property situated in the County of San Diego,
         State of California, described as follows:
27
         Parcel 1:
28        Lots E and F in Block 16 of Horton's Addition, in the City of

                              3
          COMPLAINT FOR INJUNCTION, CIVIL PENALTIES AND OTHER EQUITABLE RELIEF

Exhibit 4
Page 11

1 | San Diego, County of San Diego, State of California, according to
  | Map thereof filed in the Office of the County Recorder of
2 | San Diego County.

3 | Parcel 2:
  | Lots G and H in Block 16 of Horton's Addition, in the City of
4 | San Diego, County of San Diego, State of California, according to
  | Map thereof filed in the Office of the County Recorder of
5 | San Diego County.

6 |
  | Parcel 3:
7 | Lot I in Block 16 of Horton's Addition, in the City of San Diego,
  | County of San Diego, State of California, according to Map thereof
8 | by L.L. Lockling, filed in the Office of the County Recorder of
  | San Diego County.
9 |
  | Assessor's Parcel Number: 533-521-04, -05, and -08.
10 |

11     15. Per the Grant Deed, the Property was acquired by CAYDON SD on or about

12   December 13, 2019.

13     16. The Property is located within the Centre City Planned District zone in the downtown

14   area of the City of San Diego.

15     17. The Property was originally developed in 1926 with an assembly use building, now

16   known as the California Theater, and an eight-story mixed use building. The three buildings at the

17   Property have stood vacant for decades.

18                              **FACTUAL ALLEGATIONS**

19     18. For approximately three years, Defendants have maintained the Property in violation

20   of the Municipal Code and as a public nuisance that poses an imminent threat to the health,

21   safety, and welfare of the occupants, first responders, and the general public. It is a refuge for

22   transients, a haven for teen skaters, and a blight on the neighborhood negatively affecting local

23   businesses. The abandoned buildings at the Property are structurally unsound; filled with

24   hazardous materials, such as asbestos, lead, and biological waste; and have cracked, unstable

25   exterior ornamentation that falls to the sidewalk endangering pedestrians below.

26     19. On or about November 9, 2016, Masek Consulting Services, Inc. prepared an

27   Asbestos, Lead, and Miscellaneous Toxic Materials Survey Report (Toxic Material Report)

28   addressing the hazardous materials at the Property for the previous owner of the Property.

                                        4
            COMPLAINT FOR INJUNCTION, CIVIL PENALTIES AND OTHER EQUITABLE RELIEF

Exhibit 4
Page 12

20. The Toxic Material Report identified significant quantities of asbestos, lead, and other toxic materials existing at the Property:

- Approximately 4,500 square feet of pipe and tank insulation in horrible condition ("significantly damaged" using the AHERA categories of good, damaged, and significantly damaged);

- Significantly damaged friable theater curtain of roughly 1,500 square feet;

- Lead-based paint (XRF readings greater than or equal to 1.0 mg/cm2), lead-glazed ceramic tile, and paint which the City of San Diego requires be handled using lead-safe work practices (XRF readings greater than or equal to 0.5 mg/cm2); and

- About 340 mercury-containing fluorescent light tubes, 170 ballasts which likely contain PCBs, 12 thermostats with mercury switches, seven transformers and seven oil-filled switches, a compressed gas canister/tank, and a radioactive exit sign.

21. On or about October 25, 2018, A.B. Court & Associates Prepared a Structural Condition Assessment Report (Structural Report) for Defendants. The Structural Report included findings:

- Severely deteriorated structural systems, including severely weakened and corroded roof trusses supporting the auditorium roof, present a significant near-term and long-term safety risk and require prompt shoring and repair or demolition to avert potential collapse;

- Exterior cast stone ornamentation with widespread cracking and delamination is a falling hazard;

- The connected buildings are poorly tied together and likely to suffer heavy damage and partial collapse where they abut and interconnect; and

- Potential failure of even one heavily corroded tension strut could result in a zipper effect with adjacent members failing until a more global failure of the roof structure occurs. Such a failure would likely have disastrous consequences in terms of loss of the heavy concrete roof structure, potential loss or heavy damage to the balcony, severe damage to columns, loss of hollow clay tile infill from the walls, loss of the concrete parapets, and severe risk to pedestrians . . . . .

5

COMPLAINT FOR INJUNCTION, CIVIL PENALTIES AND OTHER EQUITABLE RELIEF

Exhibit 4
Page 13

1  and others near to the building due to falling hazards. The roof trusses should be considered an

2  immediate and urgent safety priority.

3       22. On a date unknown to Plaintiffs, but prior to December 13, 2019, Defendants received

4  a copy of the Toxic Material Report.

5       23. On or about December 13, 2019, after commissioning the Structural Report and

6  receiving the Toxic Material Report, Defendants purchased the Property with full knowledge of

7  the structural deficiencies and hazardous materials at the Property.

8       24. Since the date Defendants purchased the Property, the San Diego Police Department

9  (SDPD) has received 68 calls for service to the Property to investigate criminal offenses including

10  battery, assault with a deadly weapon, theft, exhibiting a deadly weapon, and malicious mischief.

11  These calls resulted in 440 out of service hours for law enforcement.

12       25. On or about July 8, 2020, the City of San Diego's Code Enforcement Division (CED)

13  received a citizen complaint stating that the Property was vacant, abandoned, and a public

14  nuisance, littered with a significant amount of trash and debris. The complaint also stated that the

15  fence was falling over.

16       26. On or about July 9, 2020, CED Senior Combination Inspector Bryan Monaghan (SCI

17  Monaghan) inspected the Property and observed several violations of the Municipal Code,

18  including broken and dilapidated fencing (SDMC § 142.0380); barbed wire on fencing

19  (SDMC § 142.0360); unsecured and broken windows and doorways as well as holes in the north

20  wall of the vacant structures (SDMC § 54.0306); trash, litter, and debris around the Property

21  (SDMC § 54.0208); and a vacant lot at the Property being used as a paid parking lot without

22  required permits (SDMC § 156.0308). SCI Monaghan called Defendants' representative, Khaled

23  Noun (Noun), to inform him of the Municipal Code violations existing at the Property and

24  advised that Defendants must fix all Municipal Code violations.

25       27. Noun assured SCI Monaghan that Defendants would begin fixing the violations

26  immediately. SCI Monaghan requested that Noun contact him when he was ready to schedule a

27  compliance inspection.

28  . . . . .

6

COMPLAINT FOR INJUNCTION, CIVIL PENALTIES AND OTHER EQUITABLE RELIEF

Exhibit 4
Page 14

28. On or about July 16, 2020, SCI Monaghan and CED Zoning Investigator Jose Bautista (ZI Bautista) inspected the exterior of the Property. They observed rubbish and debris, holes and transient entry points in the fence and exterior walls, a large hole in the north wall exposing an elevator shaft, graffiti covering the building and windows, barbed wire on the fencing, and Oriented Strand Board (OSB) covering certain portions of the building.

29. SCI Monaghan emailed Noun and two other of Defendants' representatives, Blake Schoenberg (Schoenberg) and BEATON. SCI Monaghan informed them of the Municipal Code violations observed at the Property and explained that the dangerous violations must be remediated immediately. SCI Monaghan provided a copy of the City's regulations for how to board and secure a vacant property, explained that OSB may not be used to board a vacant structure, and warned that the exposed elevator shaft was an immediate public safety hazard.

30. On or about July 20, 2020, ZI Bautista emailed Schoenberg, Noun, and BEATON requesting an update on the remediation effort. ZI Bautista also reiterated that the vacant lot cannot be used as a paid parking lot without a permit and that all entry points must be secured.

31. On or about July 23, 2020, Schoenberg emailed ZI Bautista stating that Defendants had temporarily secured the elevator shaft. Schoenberg stated he would later permanently secure it according to City regulations; however, he never did.

32. On or about July 24, 2020, SDPD Officer Drake Lasley (Officer Lasley) emailed Schoenberg, Noun, and BEATON, requesting that Defendants post "No Trespassing" signs on the fence and all entrances to preclude unauthorized entry and inquired about the condition of the building.

33. On or about July 30, 2020, Schoenberg emailed Officer Lasley stating that there is asbestos in the building, but that there is no reason to believe it is airborne. The only structural concerns Schoenberg mentioned were that wood areas might be unsound. Schoenberg did not mention the concerns identified in the findings of the Structural Report or the Toxic Material Report.

. . . . .

. . . . .

34. On or about August 6, 2020, Officer Lasley emailed Schoenberg and BEATON to explain that SDPD officers could not enter the Property because of the extreme dangers presented by the structural deficiencies and hazardous materials within the buildings.

35. On or about August 6, 2020, ZI Bautista inspected the Property from the public right-of-way (PROW) and observed no change in the conditions at the Property. The Municipal Code violations remained. Additionally, the opening to the elevator shaft that Schoenberg had stated was temporarily secured was not secured.

36. On or about August 19, 2020, ZI Bautista issued a Notice of Abatement, posted it at the Property and mailed a copy to Defendants. The Notice of Abatement listed all Municipal Code violations observed at the Property; identified remediation measures required, including boarding and securing the buildings as required by the Municipal Code, removing barbed wire fencing, and disposing of all trash and debris; and explained that "[t]he structure(s) pose(s) a serious threat to the public's health and safety and are hereby declared to be a public nuisance in accordance with San Diego Municipal Code (SDMC) Section 54.0301 and California Health and Safety Code Section 17920.3." A compliance deadline was set for September 2, 2020.

37. The violations listed in the Notice of Abatement include: broken and dilapidated fencing (SDMC § 142.0380); barbed wire on fencing (SDMC § 142.0360); unsecured and broken windows and doorways as well as holes in the north wall of the vacant structures (SDMC § 54.0306); trash, litter, and debris around the Property (SDMC § 54.0208); vacant lot at the Property being used as a paid parking lot without required permits (SDMC § 156.0308); and failure to comply with the Land Development Code (SDMC § 121.0302).

38. On or about August 20, 2020, ZI Bautista emailed Schoenberg, Noun, and BEATON explaining that he posted the Notice of Abatement at the Property and informing them that a compliance inspection would occur on or after the compliance deadline stated in the Notice of Abatement.

39. On or about August 25, 2020, ZI Bautista emailed Schoenberg, Noun, and BEATON to inform Defendants that the City had been receiving reports of an increase in graffiti at the Property. ZI Bautista asked that the graffiti be removed as soon as possible.

8

COMPLAINT FOR INJUNCTION, CIVIL PENALTIES AND OTHER EQUITABLE RELIEF

Exhibit 4
Page 16

40. On or about September 2, 2020, ZI Bautista emailed Schoenberg, Noun, and BEATON to remind them that the compliance deadline in the Notice of Abatement was the next day.

41. On or about September 8, 2020, ZI Bautista inspected the Property and observed that all Municipal Code violations remained uncorrected. Defendants had not complied with the Notice of Abatement. ZI Bautista emailed Schoenberg, Noun, and BEATON to advise them of the results of his inspection. Noun called ZI Bautista and said he would have the barbed wire and graffiti removed.

42. On or about September 10, 2020, ZI Bautista emailed Noun and Schoenberg and requested an update on the status of the remediation, including removing the barbed wire, graffiti, trash, broken fencing, and securing the buildings.

43. On or about December 7, 2020, CED Senior Zoning Investigator Ollie Shepherd conducted an inspection of the Property and observed that all Municipal Code violations were still present.

44. On or about January 1, 2022, a video was posted on YouTube (https://www.youtube.com/watch?app=desktop&v=HBi85eeUdkI) showing two youths entering the unsecured dangerous Property on the evening of December 31, 2021, and exploring the interior of the buildings, exposing themselves to the hazardous materials.

45. On or about April 20, 2022, CED Combination Inspector Val Sanchez (CI Sanchez) met with Deputy Fire Marshal Robert Marshall (DFM Marshall) and Fire Marshal Anthony Tosca (FM Tosca). DFM Marshall informed CI Sanchez that the Property was currently the highest priority for the San Diego Fire-Rescue Department (SDFD) because there were serious concerns about the risk of fires inside the Property due to the transient presence and the dangerous interior conditions.

46. On or about April 27, 2022, CI Sanchez inspected the Property from the PROW and observed multiple Municipal Code violations at the Property: The Municipal Code violations mirrored those observed by SCI Monaghan almost two years earlier.

. . . . .

9

COMPLAINT FOR INJUNCTION, CIVIL PENALTIES AND OTHER EQUITABLE RELIEF

Exhibit 4
Page 17

47. On or about May 3, 2022, ZI Bautista emailed BEATON, Schoenberg, and Noun and informed them that the building remained unsecure, and the City continued to receive complaints of homeless and transient individuals entering and residing in the buildings. ZI Bautista also requested a Property inspection be scheduled as soon as possible.

48. On or about May 3, 2022, Emma Alexander (Alexander), the prior Vice President and Chief Operating Officer of Defendant CAYDON USA, sent two emails to ZI Bautista, CI Sanchez, and Schoenberg. Alexander wrote that the City staff will need "full [Personal Protective Equipment] to go inside the buildings . . . it's not safe in a lot of areas." Alexander further wrote, "The entirety of the building inside has asbestos and lead which is why full hazmat [protection] is required. The stage and a number of areas including and anything above the first floor cannot be accessed as it's unsafe. . . . Caydon's intention is to demolish the whole building. . . . It is structurally unsound and certainly not habitable."

49. On or about May 3, 2022, and again on May 5, 2022, CI Sanchez requested copies of asbestos and lead reports from Alexander.

50. On or about May 9, 2022, CI Sanchez and SCI Monaghan conducted another inspection of the Property. They confirmed that the buildings were not properly boarded and secured and that transients were occupying the buildings. All other Municipal Code violations remained uncorrected.

51. On or about May 11, 2022, ZI Bautista emailed an Inspection Official Notice to Alexander notifying her that an inspection of the Property would be conducted on May 25, 2022.

52. On or about May 12, 2022, CI Sanchez emailed Alexander and relayed the results of his May 9, 2022, inspection and requested that Defendants' management team or contractors attend the May 25, 2022, inspection. CI Sanchez also requested that the buildings be cleared of the occupants prior to boarding and securing them.

53. On or about May 18, 2022, CI Sanchez emailed Alexander and Schoenberg indicating that he would like to discuss Defendants' plan to clear and resecure the Property with Defendants' contractors at the May 25, 2022 inspection. CI Sanchez also reiterated his request for a copy of the asbestos and lead reports.

10

COMPLAINT FOR INJUNCTION, CIVIL PENALTIES AND OTHER EQUITABLE RELIEF

Exhibit 4
Page 18

54. On or about May 19, 2022, in response to a question from Alexander asking why the SDPD can't clear the building, CI Sanchez informed Alexander that it is the owner's responsibility to clear the building prior to resecuring it. CI Sanchez further wrote that Alexander should coordinate` with the SDPD so they can have community resources on site on the clearing date to meet and offer services to the transients.

55. On or about May 23, 2022, Schoenberg emailed a link to the 2016 Toxic Material Report to CI Sanchez.

56. On or about May 25, 2022, Schoenberg met CI Sanchez, ZI Bautista, FM Tosca, DFM Marshall, and Deputy Fire Marshal Michael Sugich (DFM Sugich) at the Property. City staff observed numerous dangerous Municipal Code and California Fire Code violations at the Property. City staff explained the Municipal Code and California Fire Code violations to Schoenberg. While at the Property, CI Sanchez observed several individuals going in and out of one of the buildings through a breached opening in the northwest side of the building. CI Sanchez spoke to one of the individuals leaving the building. That individual told CI Sanchez that approximately 20-30 people were living in the 8-story building and another five or six lived on the west side of the Property. The individual further stated that fires were being started inside the buildings by the occupants to keep them warm. The individual also informed CI Sanchez that he had observed groups of teenagers enter the building and access the upper floors to spray paint graffiti.

57. On or about May 25, 2022, Schoenberg emailed a copy of the 2018 Structural Report to ZI Bautista, CI Sanchez, and other City staff. Later the same day, CI Sanchez informed Alexander, Schoenberg, and BEATON that on multiple occasions, including that morning, City staff confirmed that transients were living at the Property and that due to Defendants' failure to comply with the Notice of Abatement, CED was referring the case to the City Attorney's office for enforcement.

58. On or about May 26, 2022, based on the nature and extent of the conditions and violations observed at the Property and those identified in the Structural Report and Toxic Material Report, FM Tosca determined that the Property was unsafe as the hazardous conditions

11

COMPLAINT FOR INJUNCTION, CIVIL PENALTIES AND OTHER EQUITABLE RELIEF

Exhibit 4
Page 19

1    present imminent danger to the building occupants and the general public. DFM Marshall and FM

2    Tosca, pursuant to California Fire Code section [A]111.2, "red tagged" the building with warning

3    signs stating, "DO NOT USE BY ORDER OF THE FIRE MARSHAL…UNSAFE BUILDING."

4         59. Later that day, DFM Sugich emailed an SDFD Inspection Report from the May 25,

5    2022, inspection to Alexander, BEATON, and Schoenberg indicating that all California Fire Code

6    violations previously observed at the Property remained uncorrected. The Inspection Report

7    included a requirement that Defendants implement a 24/7 fire watch (Fire Watch) for the

8    building. Fire Watch requires regular patrol of the Property conducted by personnel stationed

9    onsite and trained to detect and immediately report smoke and early signs of fire at the Property

10   to the fire department.

11        60. On or about June 1, 2022, CI Sanchez again informed Alexander and Schoenberg that

12   the case was being referred to the City Attorney's Nuisance Abatement Unit for further

13   enforcement action because of Defendants' failure to address the serious life safety and fire

14   danger the buildings pose to the occupants, to fire crews and to the neighboring properties. CI

15   Sanchez demanded that Defendants immediately comply with the Fire Marshal's safety

16   requirements, clear the buildings, resecure all the openings, repair the perimeter fencing, and

17   maintain the building in a safe and secure manner.

18        61. Later that day, Alexander responded to CI Sanchez, asking, "[C]an't the Fire brigade

19   clear the building (via smoke/lights/noise etc) . . . ?"

20        62. On or about June 3, 2022, FM Tosca responded to Alexander's email that the SDFD

21   cannot clear the building: Clearing is the Property owner's responsibility.

22        63. On or about June 6, 2022, CI Sanchez, DFM Sugich, FM Tosca, and DFM Marshall

23   met with Alexander and BEATON and explained that the buildings must be cleared of all

24   occupants, hazardous materials must be removed, the building must be properly secured, and all

25   structural issues must be fixed or the buildings must be demolished. FM Tosca explained that

26   SDFD had serious concerns regarding catastrophic fire and the hazardous materials. FM Tosca

27   also relayed concerns from the SDPD of ongoing nuisance activity, including broken windows,

28   .  .  .  .  .

12

COMPLAINT FOR INJUNCTION, CIVIL PENALTIES AND OTHER EQUITABLE RELIEF

Exhibit 4
Page 20

1  falling materials, and constant calls for service at the Property. CI Sanchez again told Defendants'
2  representatives that the case had been referred to the Office of the City Attorney.

3      64. On or about June 13, 2022, CI Sanchez met with Alexander and BEATON. CI
4  Sanchez reiterated the concerns and requirements conveyed during the June 6, 2022, meeting.
5  Alexander asked why SDPD could not just clear the buildings. She was again told that it is the
6  owner's responsibility to clear, board, and secure the buildings. BEATON claimed that a
7  contractor was hired, and the buildings would be cleared on June 16, 2022.

8      65. On or about June 14, 2022, Schoenberg emailed Alexander, BEATON, CI Sanchez,
9  DFM Marshall, DFM Sugich, and FM Tosca that the building clearing and resecuring would
10  occur on June 16, 2022, at 9:00 a.m.

11      66. On or about June 16, 2022, CED Zoning Investigator Raunja Robinson (ZI Robinson)
12  went to the Property to observe the clearing and securing of the buildings. He did not observe any
13  contractors or activity at the Property. ZI Robinson later learned that the clearing and securing
14  had been cancelled.

15      67. On or about June 29, 2022, CI Sanchez and City of San Diego Development Services
16  Department (DSD) Senior Structural Engineer Miguel Sinclair (SSE Sinclair) went to the
17  Property to conduct a structural assessment. Due to interior conditions, SSE Sinclair could only
18  perform a limited exterior inspection of the buildings at the Property. SSE Sinclair observed
19  conditions consistent with those identified in the 2018 Structural Report. While present at the
20  Property, CI Sanchez observed SDPD officers onsite. The SDPD officers were removing
21  individuals entering the buildings through a breached opening on C Street.

22      68. On or about July 1, 2022, Alexander emailed DFM Sugich asking if the City would
23  pay for the 24/7 Fire Watch. DFM Sugich responded that having a Fire Watch is the
24  responsibility of the property owner and that failure to put the Fire Watch in place by July
25  12, 2022, would result in a $300 daily fine.

26      69. On or about July 5, 2022, SDPD Officer Marlon Estepa (Officer Estepa) received a
27  report of newly damaged windows at the Property and a possible gunshot coming from inside the
28  buildings and complaints about transients entering the dangerous buildings at the Property.

13

COMPLAINT FOR INJUNCTION, CIVIL PENALTIES AND OTHER EQUITABLE RELIEF

Exhibit 4
Page 21

70. On or about July 8, 2022, ZI Robinson inspected the Property and observed occupants breaking the windows of the 8-story building at the Property and glass falling to the sidewalk below.

71. On or about July 11, 2022, NBC affiliate San Diego 7 ran a news segment entitled "San Diego's Seedy California Theatre Driving Businesses Out of Downtown." In the news segment, local business owners complain about how the condition of the Property has negatively affected their businesses. The business owners' complaints include an increase in robberies, employees quitting because they don't feel safe at night, and having to close their businesses early due to safety concerns.

72. On or about July 12, 2022, DFM Sugich conducted a follow-up inspection and observed that all California Fire Code violations remained uncorrected. DFM Sugich also observed that Fire Watch was not present at the Property. SDPD received reports of approximately four juvenile skateboarders entering the building from the north side at about 3:45 p.m. City staff also met with Defendants' representatives at the Property and again requested that Defendants clear and secure the buildings and establish new barriers around the Property to protect pedestrians from objects being thrown from windows and falling off the buildings. CI Sanchez also observed numerous individuals entering and leaving the buildings. One of the individuals told CI Sanchez that he had gone inside because he heard a woman calling for help but could not find her.

73. On or about July 13, 2022, DFM Sugich emailed an inspection report detailing the violations observed during his July 12, 2022, inspection to Alexander, BEATON, and Schoenberg. DFM Sugich further wrote, "We visited the site today and fire watch was not in place. . . . If the fire watch is not in place by Thursday morning we will start a daily fine of $300. I want you to be aware that these fines can go up to $2,500 a day per fine…." On the same day, a security officer from the City Administrative Building also reported seeing 15 skateboarders entering the buildings at the Property from the C Street side.

74. On or about July 15, 2022, SCI Monaghan issued Defendants an Administrative Citation Warning (ACW) in which he identified Municipal Code violations at the Property,

14
COMPLAINT FOR INJUNCTION, CIVIL PENALTIES AND OTHER EQUITABLE RELIEF

Exhibit 4
Page 22

1  including violations of sections 129.0702 (failure to obtain required Public Right-of-Way Permit)

2  and 54.0306 (Abandoned Property Regulations - failure to properly board and secure; failure to

3  remove litter, waste, rubbish, solid waste, liquid waste, and debris; and failure to maintain the

4  property in accordance with maintenance standards in Municipal Code section 54.0307). The

5  ACW also required Defendants to extend the perimeter of fencing into the public right-of-way to

6  protect pedestrians from falling material. A compliance date of July 25, 2022, was set in the

7  ACW.

8      75. On or about July 15, 2022, SCI Monaghan emailed BEATON, Alexander, and Grant

9  Martin, another representative of Defendants, informing them of the ACW, the Municipal Code

10  violations, the safety barrier and Public Right-of-Way and Traffic Control Permit (PROW/TCP)

11  requirements, and the compliance date of July 25, 2022. A PROW/TCP and the associated City

12  review is necessary to establish requirements for a safe and code compliant pedestrian path of

13  travel that will protect the public from falling building elements and debris and limit potential

14  impacts on travel corridors.

15      76. On or about July 22, 2022, DFM Sugich, while at the Property, stopped three twelve-

16  year-old boys from entering the extremely dangerous Property.

17      77. On or about July 26, 2022, CI Sanchez observed smoke coming from a mezzanine on

18  the second floor of the Property. That same day, DFM Sugich inspected the Property and

19  observed that the required Fire Watch was still not present. After his inspection, DFM Sugich

20  emailed Alexander, BEATON, and Schoenberg and informed them of the smoke observed at the

21  Property and the three 12-year-old boys he stopped from entering the buildings. DFM Sugich

22  demanded that Defendants immediately station Fire Watch at the Property as the threat to the

23  public worsened each day.

24      78. On or about July 27, 2022, City of San Diego Development Services Director Elyse

25  Lowe (Director Lowe) met with Defendants' representatives and informed them that they must

26  submit plans and an application to demolish the buildings at the Property by August 5, 2022,

27  create a falling hazard protection zone around the Property to protect pedestrians, and obtain the

28  PROW/TCP as previously ordered.

15

COMPLAINT FOR INJUNCTION, CIVIL PENALTIES AND OTHER EQUITABLE RELIEF

Exhibit 4
Page 23

79. On or about August 5, 2022, CED Zoning Investigator Christopher Penman (ZI Penman) inspected the Property. ZI Penman observed that all Municipal Code violations remained uncorrected, including the presence of barbed wire; unsecured doors, windows, and holes in the exterior of the buildings large enough for persons to enter; significant amounts of graffiti on the exterior wall and windows; and garbage piled up on the north side of the buildings.

80.  On or about August 9, 2022, ZI Penman again inspected the Property. He observed no improvement in the illegal conditions. The Fire Watch was still not present.

81. On or about August 10, 2022, Director Lowe sent a certified letter to Alexander, stating that Defendants had failed to submit the required demolition plans, application, and PROW/TCP and establish the required fall hazard protection zone. Director Lowe reiterated the serious hazard the Property posed to the public.

82. On or about August 11, 2022, DFM Sugich conducted another compliance inspection of the Property. He observed no improvement. Fire Watch was still not patrolling the Property.

83. On or about August 12, 2022, as the Property was too dangerous to enter, the SDPD sent a drone into the theater to observe the conditions inside. In the video numerous structural and life safety issues are visible, including collapsed portions of the walls, ceilings, and mezzanine; fallen ornamentation; and large chunks of the interior façade and ceiling hanging and waiting to fall.

84. On or about August 30, 2022, DFM Sugich conducted an exterior inspection of the Property. The Fire Watch was still not present.

85. On or about August 31, 2022, DFM Sugich conducted an exterior inspection of the Property. DFM Sugich observed that a Fire Watch was present for the first time at the Property. All other violations remained uncorrected. DFM Sugich emailed an inspection report to Alexander and BEATON wherein he stated that the building was unsafe for occupants, based on the structural assessment and toxic materials present. He ordered that Defendants vacate all occupants from the building immediately and secure the structure to prevent reentry.

86. On or about September 8, 2022, representatives of the Office of the City Attorney and of CED met with Defendants' counsel and Defendant HUTTON to discuss the violations present

16

1    at the Property and the remediation measures required to comply with the Municipal Code,

2    including clearing the Property, boarding and security, maintaining a fenced perimeter around the

3    Property to protect pedestrians from falling hazards, and obtaining the PROW/TCP.

4        87. On or about September 16, 2022, an SDFD officer observed two transients entering

5    the Property through an opening in the still unsecure and unsafe building.

6        88. On or about September 20, 2022, a fire started inside one of the buildings at the

7    Property. Though Fire Watch was on site, they did not call 911. Five fire engines, two fire trucks,

8    two Battalion Chief Command vehicles, and one ambulance were ultimately dispatched to the

9    Property to address the fire. ZI Penman went to the Property following the fire and observed that

10   the Municipal Code violations, including barbed wire fencing, unsecured openings in the

11   buildings, and graffiti, were still present. A Deputy City Attorney informed Defendants, through

12   counsel, of the fire at the Property and the failure of Defendants' Fire Watch to call 911.

13       89. On or about September 29, 2022, Defendants, through counsel, were reminded that

14   they must submit an application for the PROW/TCP for fencing around the Property to protect

15   pedestrians from fall hazards.

16       90. On or about October 14, 2022, ZI Penman inspected the exterior of the Property and

17   observed that the Municipal Code violations remained. Defendants were again reminded that a

18   PROW/TCP application must be submitted.

19       91. On or about October 28, 2022, ZI Penman inspected the exterior of the Property and

20   observed that the Municipal Code violations remained.

21       92. On or about October 31, 2022, Defendants were again informed that they must obtain

22   a PROW/TCP and that a permit application could easily be opened online.

23       93. On or about November 2, 2022, more than two years after the City's order to

24   Defendants to board and secure the Property, Defendants began to clear the building of

25   occupants.

26       94. On or about November 16, 2022, the Deputy City Attorney assigned to the case sent

27   an email to defense counsel stating that it is "essential" that Defendants submit a PROW/TCP

28   application immediately. "[A]rrangements [have been made] to expedite the permit review and

17

COMPLAINT FOR INJUNCTION, CIVIL PENALTIES AND OTHER EQUITABLE RELIEF

Exhibit 4
Page 25

1    issuing process. Unless and until plans are submitted and reviewed, the extent of the measures

2    your client will need to take to address pedestrian safety and traffic control cannot be fully

3    assessed."

4         95. On or about November 18, 2022, boarding and securing of the Property was

5    completed. The serious dangers presented by asbestos, lead, human and animal waste, trash,

6    mercury, oil, gas canisters, and structural hazards, such as the collapsing ceilings and walls, loose

7    exterior façade, and corroded roof trusses, remain unabated.

8         96. On or about November 28, 2022, and again on December 12, 2022, the assigned

9    Deputy City Attorney again told Defendants to apply for a PROW/TCP.

10        97. On or about December 12, 2022, Defendants again were told that they must submit the

11   PROW/TCP application.

12        98. On or about January 10, 2023, almost six months from the date the City first informed

13   Defendants that a permit was required, Defendants submitted a PROW/ TCP permit application.

14        99. For a period of more than three years, Defendants have maintained the Property with

15   structurally unsound buildings filled with hazardous materials and waste; unpermitted, broken,

16   and dilapidated fencing in the public right of way with trash, litter and debris accumulating inside

17   the fencing; barbed wire on portions of the fence; significant amount of graffiti covering exterior

18   walls and windows; portions of the exterior façade cracked and threatening to fall onto the

19   sidewalks below; and crumbling interior walls and ceilings.

20        100.  Despite the hazardous conditions, Defendants left the buildings accessible to the

21   general public though unsecured doorways, broken windows, and holes in the façade.

22        101.  The dangerous Property became a shelter for transients and a venue for skateboarders,

23   young explorers, and graffiti artists. Multiple individuals entered and/or lived in the buildings and

24   were exposed to asbestos, lead, other hazardous materials, and the dangerous and unsanitary

25   conditions inside.

26        102.  Over an approximately three-year period, Plaintiffs emailed, spoke to, and met with

27   Defendants to explain the Municipal Code violations at the Property, the dangers to the general

28   public and occupants, and the remediation measures required to abate the violations. Plaintiffs

18

COMPLAINT FOR INJUNCTION, CIVIL PENALTIES AND OTHER EQUITABLE RELIEF

Exhibit 4
Page 26

1   issued Administrative Warnings, Administrative Citations, and a Notice of Abatement to

2   Defendants demanding Defendants remediate the dangerous nuisance conditions at the Property.

3       103.  Well aware of the danger the Property poses to the community, Defendants failed to

4   comply with any of the City's mandates until after they were informed that the City Attorney

5   would review the case for potential enforcement actions. Even then, Defendants failed to address

6   the underlying structural and hazardous materials dangers at the Property.

7       104.  The Property remains a public nuisance and fire hazard as the buildings remain

8   structurally unsound with severely deteriorated and weakened structural members, which per the

9   Structural Report, commissioned by Defendants, presents a significant and immediate safety risk

10  and collapse hazard.

11      105.  The cracked and delaminated exterior cast stone ornamentation will continue to fall,

12  posing an imminent threat to the lives of pedestrians, the surrounding community, and first

13  responders.

14      106.  Plaintiffs have no adequate remedy at law. Defendants are blatantly and willfully in

15  violation of state and local laws and will continue to maintain the dangerous condition of the

16  Property in the future unless the Court enjoins and prohibits such conduct. Absent injunctive

17  relief, the People of the State of California and the City of San Diego will be irreparably harmed,

18  and the ongoing violations will continue to harm the public, safety, and welfare of the citizens of

19  San Diego.

**I**

**FIRST CAUSE OF ACTION**

**MAINTENANCE OF A PUBLIC NUISANCE IN VIOLATION
OF CALIFORNIA CIVIL CODE SECTIONS 3479 AND 3480
ALLEGED BY PLAINTIFF THE PEOPLE OF THE STATE
OF CALIFORNIA AGAINST ALL DEFENDANTS**

25      107.  Plaintiff the People of the State of California incorporates by reference all allegations

26  in paragraphs 1 through 106 of this Complaint as though fully set forth here in their entirety.

27  . . . . .

28  . . . . .

19

COMPLAINT FOR INJUNCTION, CIVIL PENALTIES AND OTHER EQUITABLE RELIEF

Exhibit 4
Page 27

108. California Civil Code sections 3479 and 3480 provide:

> Anything which is injurious to health, including, but not limited to, the illegal sale of controlled substances, or is indecent or offensive to the senses, or an obstruction to the free use of property, so as to interfere with the comfortable enjoyment of life or property . . . is a nuisance. . . . A public nuisance is one which affects . . . an entire community or neighborhood. . . .

109. California Civil Code section 3491 provides for the methods by which public nuisances such as those alleged in this case may be abated. California Civil Code section 3491 indicates that the remedies against a public nuisance are indictment or information, a civil action, or abatement. California Civil Code section 3494 states that "[a] public nuisance may be abated by any public body or officer authorized thereto by law."

110. California Code of Civil Procedure section 731 authorizes a city attorney to bring an action to enjoin or abate a public nuisance. It provides, in relevant part: "A civil action may be brought in the name of the people of the State of California to abate a public nuisance . . . by the city attorney of any town or city in which such nuisance exists."

111. Since at least July 9, 2020, Defendants have maintained structurally unsound buildings filled with hazardous materials and waste at the Property.

112. Despite the clearly hazardous conditions of the Property, Defendants left the buildings accessible to the general public.

113. While accessible, the structurally unsound buildings with their toxic contents became a shelter for transients and a venue for skateboarders, young explorers, and graffiti artists. All who entered the buildings were potentially exposed to asbestos, lead, and other hazardous materials. All were at risk of serious injury or death due to the dangers, such as falling ornamentation, of the structurally unsound buildings at the Property and the real possibility of collapse.

114. Local businesses also experienced harmful effects, such as loss of business, from the hazardous and unsanitary condition of and the criminal activity at the Property.

.   .   .   .   .

.   .   .   .   .

COMPLAINT FOR INJUNCTION, CIVIL PENALTIES AND OTHER EQUITABLE RELIEF

Exhibit 4
Page 28

115.  The criminal and nuisance activity at the Property drained SDPD resources, requiring a significant number of SDPD responses and occupying more than 400 hours of SDPD out of service time.

116.  Despite clearing and boarding the buildings at the Property, the structurally unsound buildings remain a hazard to pedestrians, first responders, and the general public.

117.  Defendants have had ample time to comply with the City's warnings, citations, Notice of Abatement, and order to repair or demolish the buildings but have failed to timely comply.

118.  Defendants' maintenance of the Property in the condition described above constitutes a continuing public nuisance as defined by California Civil Code sections 3479 and 3480. Defendants' Property adversely affects the entire community and neighborhood. The Property as it currently exists is injurious to the health, safety, and welfare of the residents and families who live in the community and interferes with the comfortable use and enjoyment of life and property. Such conditions are objectionable to the neighborhood and community as a whole.

119.  Plaintiff has no plain, speedy, or adequate remedy at law. Therefore, unless restrained by this Court, Plaintiff is informed and believes that Defendants will continue to maintain this nuisance and thereby cause irreparable injury and harm to the public's health, safety, and welfare.

## II

### SECOND CAUSE OF ACTION

### VIOLATIONS OF THE SAN DIEGO MUNICIPAL CODE ALLEGED BY PLAINTIFF CITY OF SAN DIEGO AGAINST ALL DEFENDANTS

120.  Plaintiff City of San Diego incorporates by reference all allegations in paragraphs 1 through 119 of this Complaint as though fully set forth here in their entirety.

121.  Defendants are each a "Responsible Person" [1] within the meaning of Municipal Code section 11.0210 for allowing and maintaining violations of the Municipal Code at the Property.

.  .  .  .  .

---

[1] Municipal Code section 11.0210 defines "Responsible person" as "[a] person who a Director determines is responsible for causing or maintaining a public nuisance or a violation of the Municipal Code or applicable state codes. The term 'Responsible Person' includes but is not limited to a property owner, tenant, person with a Legal Interest in real property or person in possession of real property."

21

COMPLAINT FOR INJUNCTION, CIVIL PENALTIES AND OTHER EQUITABLE RELIEF

Exhibit 4
Page 29

122. Defendants are also strictly liable for all code violations existing at the Property pursuant to Municipal Code section 121.0311 and applicable California law.

123. Municipal Code section 121.0302(a) states: "It is unlawful for any person to maintain or use any premises in violation of any of the provisions of the Land Development Code[2], without a required permit, contrary to permit conditions . . . or without a required variance."

124. Municipal Code section 121.0302(b)(4) states: "It is unlawful . . . [t]o maintain or allow the existence of any condition that creates a public nuisance." Beginning on an exact date unknown to Plaintiff, but since at least July 9, 2020, and continuing to the present, Defendants have maintained a public nuisance at the Property in violation of Municipal Code section 121.0302(b)(4).

125. Municipal Code section 142.0380(a) provides that property owners "shall maintain fences . . . free from dilapidated or dangerous conditions." Beginning on an exact date unknown to Plaintiff, but since at least July 9, 2020, and continuing to the present, Defendants have maintained broken and dilapidated fencing at the Property in violation of Municipal Code sections 142.0380(a) and 121.0302(a).

126. Municipal Code section 142.0360(b) states that "[s]harp-pointed metal fences are permitted for agricultural uses in agricultural zones only." Beginning on an exact date unknown to Plaintiff, but since at least July 9, 2020, and continuing through November 2, 2022, Defendants maintained a sharp-pointed metal fence in an area other than an agricultural zone in violation of Municipal Code sections 142.0360(b) and 121.0302(a).

127. Municipal Code section 145.0103 adopts the 2019 California Building Code and incorporates its requirements into the Municipal Code. Beginning on an exact date unknown to Plaintiff, but since at least July 9, 2020, and continuing to the present, Defendants have maintained an unsafe structure that fails to comply with the provisions of the 2019 California Building Code at the Property in violation of Municipal Code sections 145.0103 and 121.0302(a).

---

[2] Municipal Code section 111.0101(a) states that Chapters 11 through 14 of the San Diego Municipal Code "shall be known collectively, and may be referred to, as the Land Development Code" and that Chapter 15 of the San Diego Municipal Code "shall [also] constitute a part of the Land Development Code."

22

COMPLAINT FOR INJUNCTION, CIVIL PENALTIES AND OTHER EQUITABLE RELIEF

Exhibit 4
Page 30

128. Municipal Code section 156.0308 prohibits parking lots in the Centre City Planned District, where the Property is located, without the required Conditional Use Permit. Beginning on an exact date unknown to Plaintiff, but since at least July 9, 2020, and continuing through approximately November 2, 2022, Defendants used a portion of the Property as a paid parking lot in violation of Municipal Code sections 156.0308 and 121.0302(a).

129. Municipal Code section 126.0306 states, "It is unlawful for any person to maintain, use, or develop any premises without a Conditional Use Permit if such permit is required for that use . . . ." Beginning on an exact date unknown to Plaintiff, but since at least July 9, 2020, and continuing through approximately November 2, 2022, Defendants maintained a use at the Property without the required Conditional Use Permit in violation of Municipal Code section 126.0306.

130. Municipal Code section 54.0208 states that "[i]t is unlawful for any Responsible Person to fail to maintain real property and appurtenances under his or her control" and/or any "public walkway" abutting their property free from Waste. Beginning on an exact date unknown to Plaintiff, but since at least July 9, 2020, and continuing through November 2, 2022, Defendants failed to maintain the Property and the abutting public walkways free from Waste in violation of Municipal Code section 54.0208.

131. Municipal Code section 54.0306(d) states, "It is unlawful for any responsible person for an abandoned property to fail to lock, barricade or secure all doors, windows and other openings to any vacant structure on the property in accordance with the standards listed in this Division." Beginning on an exact date unknown to Plaintiff, but since at least July 9, 2020, and continuing through November 18, 2022, Defendants failed to lock, barricade or secure all doors, windows and other openings at the Property in accordance with the Municipal Code in violation of Municipal Code section 54.0306(d).

132. Municipal Code section 54.0306(e) states, "It is unlawful for any responsible person for an abandoned property to fail to remove from the entire property including the interior of any vacant structure, any of the following: litter, waste, rubbish, solid waste, liquid waste, debris, unpermitted vehicles, storage not incidental to the corresponding zoning use for the property, or

23

COMPLAINT FOR INJUNCTION, CIVIL PENALTIES AND OTHER EQUITABLE RELIEF

Exhibit 4
Page 31

1  excessive vegetation as determined by a fire inspector to constitute a fire hazard." Beginning on
2  an exact date unknown to Plaintiff, but since at least July 9, 2020, and continuing to the present,
3  Defendants have failed to remove litter, waste, rubbish, solid waste, liquid waste, debris, and
4  storage not incidental to the corresponding zoning use for the property in violation of Municipal
5  Code section 54.0306(e).
6      133.  Municipal Code section 54.0405(b) states, "It is unlawful for any responsible person
7  to maintain graffiti that has been placed upon, or to allow graffiti to remain upon, any surface
8  within that person's control, possession or ownership when the graffiti is visible from the street or
9  other public property." Beginning on an exact date unknown to Plaintiff, but since at least
10  July 9, 2020, and continuing to the present, Defendants have allowed graffiti visible from the
11  public right-of-way to remain on the exterior of the Property in violation of Municipal Code
12  section 54.0405(b).
13     134.  Plaintiff City of San Diego has no adequate remedy at law, and unless Defendants are
14  enjoined and restrained by an order of this Court, Defendants will continue to violate the
15  Municipal Code, thereby causing irreparable injury and harm to the public's health, safety, and
16  general welfare.

17                                    **PRAYER**
18      **WHEREFORE,** Plaintiffs pray for judgment against Defendants as follows:
19                          **AS TO THE FIRST CAUSE OF ACTION**
20  **Public Nuisance**
21      1.  That the Property, together with the fixtures and moveable property, be declared a
22  continuing public nuisance as defined by California Civil Code sections 3479 and 3480.
23      2.  That pursuant to California Code of Civil Procedure sections 526 and 731, the Court
24  grant a preliminary injunction and permanent injunction, enjoining and restraining Defendants,
25  their agents, heirs, successors, officers, employees and anyone acting on their behalf from
26  maintaining the Property or any other property in the City and County of San Diego as a public
27  nuisance as defined per California Civil Code sections 3479 and 3480.
28  .  .  .  .  .

                                        24
        COMPLAINT FOR INJUNCTION, CIVIL PENALTIES AND OTHER EQUITABLE RELIEF

Exhibit 4
Page 32

3.   If Defendants fail to comply with paragraph 2 of the Prayer above, then within 48 hours after posting written notice of its intention, the City or its contractor is authorized pursuant to California Civil Code sections 3491 and 3494 to accomplish the work and recover all costs of abating the nuisance at the Property. The expense of the abatement is recoverable by the City according to the provisions of California Government Code sections 38773.1 and 38773.5.

### AS TO THE SECOND CAUSE OF ACTION

**Violations of the San Diego Municipal Code**

4.   That the Court declare the Property to be in violation of:

San Diego Municipal Code sections

| | | | |
|---|---|---|---|
| 121.0302(a) | 121.0302(b)(4) | 54.0306(d) | 54.0208 |
| 142.0360(b) | 142.0380(a) | 54.0405(b) | 126.0306 |
| 145.0103 | 156.0308 | 54.0306(e) | |

5.   That, pursuant to Municipal Code sections 12.0202(a) and 121.0311, the Court grant a preliminary injunction and permanent injunction, enjoining and restraining Defendants, their agents, officers, employees and anyone acting on their behalf, from keeping, allowing, or maintaining violations of the Municipal Code at the Property or anywhere else in the City of San Diego.

6.   That Defendants, their agents, heirs, successors, officers, employees, and anyone acting on their behalf, are required to maintain the Property in full compliance with the Municipal Code.

7.   If Defendants fail to comply with paragraphs 5 and 6 of the Prayer above, then within 48 hours after posting written notice of its intention, the City or its contractor is authorized to accomplish the work and recover all costs of bringing the Property into compliance. The expense of the abatement is recoverable by the City according to the provisions of California Government Code sections 38773.1 and 38773.5 and Municipal Code section 12.0204(b).

8.   That Defendants allow personnel from the City of San Diego access to the Property to inspect and monitor for compliance upon 24-hour verbal or written notice. Inspections shall occur between the hours of 8:00 a.m. and 5:00 p.m.

.   .   .   .   .

Exhibit 4
Page 33

9.   That, pursuant to Municipal Code section 12.0202(b), Defendants are assessed a civil penalty of $2,500 per day for each and every Municipal Code violation maintained at the Property.

### AS TO ALL CAUSES OF ACTION

10. That Plaintiffs recover all costs incurred by Plaintiffs, including the costs of investigation and any fees authorized by law, from Defendants.

11. That Plaintiffs be granted such other and further relief as the nature of the case may require and the Court deems appropriate.

Dated: June __12__, 2023

MARA W. ELLIOTT, City Attorney

By _____
David E. Miller
Deputy City Attorney

Attorneys for Plaintiffs

COMPLAINT FOR INJUNCTION, CIVIL PENALTIES AND OTHER EQUITABLE RELIEF

Exhibit 4
Page 34

# EXHIBIT 5

| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO** | |
|---|---|
| STREET ADDRESS: | 330 W Broadway |
| MAILING ADDRESS: | 330 W Broadway |
| CITY AND ZIP CODE: | San Diego, CA 92101-3827 |
| DIVISION: | Central |
| TELEPHONE NUMBER: | (619) 450-7066 |

| PLAINTIFF(S) / PETITIONER(S): | The People of the State of California et.al. |
|---|---|

| DEFENDANT(S) / RESPONDENT(S): | Caydon San Diego Property LLC et.al. |
|---|---|

THE PEOPLE OF THE STATE OF CALIFORNIA VS CAYDON SAN DIEGO PROPERTY LLC [IMAGED]

| **NOTICE OF CASE ASSIGNMENT AND CASE MANAGEMENT CONFERENCE (CIVIL)** | CASE NUMBER:<br>37-2023-00024446-CU-MC-CTL |
|---|---|

**CASE ASSIGNED FOR ALL PURPOSES TO:**

Judge:  Kenneth J Medel                                     Department: C-66

**COMPLAINT/PETITION FILED:** 06/12/2023

| TYPE OF HEARING SCHEDULED | DATE | TIME | DEPT | JUDGE |
|---|---|---|---|---|
| Civil Case Management Conference | 01/05/2024 | 08:30 am | C-66 | Kenneth J Medel |

**Case Management Conferences (CMCs) may be conducted virtually or in person.** Anyone wishing to appear remotely should visit the "Appearing for Hearings" page for the most current instructions on how to appear for the applicable case-type/department on the court's website at www.sdcourt.ca.gov.

A Case Management Statement (JC Form #CM-110) must be completed by counsel for all parties and by all self-represented litigants and timely filed with the court at least 15 days prior to the initial CMC. (San Diego Superior Court (SDSC) Local Rules, rule 2.1.9; Cal. Rules of Court, rule 3.725).

All counsel of record and self-represented litigants must appear at the CMC, be familiar with the case, and be fully prepared to participate effectively in the hearing, including discussions of Alternative Dispute Resolution (ADR) options.

It is the duty of each plaintiff (and cross-complainant) to serve a copy of this Notice of Case Assignment and Case Management Conference (SDSC Form #CIV-721) with the complaint (and cross-complaint), the Alternative Dispute Resolution (ADR) Information Form (SDSC Form # CIV-730), a Stipulation to Use Alternative Dispute Resolution (ADR) (SDSC Form # CIV-359), and other documents on all parties to the action as set out in SDSC Local Rules, rule 2.1.5.

**TIME FOR SERVICE AND RESPONSE:** The following rules apply to civil cases except for collections cases under California Rules of Court, rule 3.740(a), unlawful detainer actions, proceedings under the Family Code, and other proceedings for which different service requirements are prescribed by law (Cal. Rules of Court, rule 3.110; SDSC Local Rules, rule 2.1.5):
- **Service:** The complaint must be served on all named defendants, and proof of service filed with the court within 60 days after filing the complaint. An amended complaint adding a defendant must be served on the added defendant and proof of service filed within 30 days after filing of the amended complaint. A cross-complaint against a party who has appeared in the action must be accompanied by proof of service on that party at the time it is filed. If it adds a new party, the cross-complaint must be served on all parties and proof of service on the new party must be filed within 30 days of the filing of the cross-complaint.
- **Defendant's appearance:** Unless a special appearance is made, each defendant served must generally appear (as defined in Code of Civ. Proc. § 1014) within 30 days of service of the complaint/cross-complaint.
- **Extensions:** The parties may stipulate without leave of court to one 15-day extension beyond the 30-day time period prescribed for the response after service of the initial complaint (SDSC Local Rules, rule 2.1.6). If a party fails to serve and file pleadings as required under this rule, and has not obtained an order extending time to serve its pleadings, the court may issue an order to show cause why sanctions shall not be imposed.

**JURY FEES:** In order to preserve the right to a jury trial, one party for each side demanding a jury trial shall pay an advance jury fee in the amount of one hundred fifty dollars ($150) on or before the date scheduled for the initial case management conference in the action.

**COURT REPORTERS:** Official Court Reporters are not normally available in civil matters, but may be requested in certain situations no later than 10 days before the hearing date. See SDSC Local Rules, rule 1.2.3 and Policy Regarding Normal Availability and Unavailability of Official Court Reporters (SDSC Form #ADM-317) for further information.

**ALTERNATIVE DISPUTE RESOLUTION (ADR):** The court discourages any unnecessary delay in civil actions; therefore, continuances are discouraged and timely resolution of all actions, including submitting to any form of ADR is encouraged. The court encourages and expects the parties to consider using ADR options prior to the CMC. The use of ADR will be discussed at the CMC. Prior to the CMC, parties stipulating to the ADR process may file the Stipulation to Use Alternative Dispute Resolution (SDSC Form #CIV-359).

Exhibit 5<br>Page 35

## NOTICE OF E-FILING REQUIREMENTS
## AND IMAGED DOCUMENTS

Effective April 15, 2021, e-filing is required for attorneys in represented cases in all limited and unlimited civil cases, pursuant to the San Diego Superior Court General Order: In Re Procedures Regarding Electronically Imaged Court Records, Electronic Filing and Access to Electronic Court Records in Civil and Probate Cases.  Additionally, you are encouraged to review CIV-409 for a listing of documents that are not eligible for e-filing.  E-filing is also encouraged, but not mandated, for self-represented litigants, unless otherwise ordered by the court.  All e-filers are required to comply with the e-filing requirements set forth in Electronic Filing Requirements (Civil) (SDSC Form #CIV-409) and Cal. Rules of Court, rules 2.250-2.261.

All Civil cases are assigned to departments that are part of the court's "Imaging Program."  This means that original documents filed with the court will be imaged, held for 30 days, and then destroyed, with the exception of those original documents the court is statutorily required to maintain.  The electronic copy of the filed document(s) will be the official court record, pursuant to Government Code § 68150.  Thus, original documents should not be attached to pleadings filed with the San Diego Superior Court, unless it is a document for which the law requires an original be filed.  Any original documents necessary for a motion hearing or trial shall be lodged in advance of the hearing pursuant to California Rules of Court, rule 3.1302(b).

It is the duty of each plaintiff, cross-complainant, or petitioner to serve a copy of this Notice of Case Assignment and Case Management Conference (Civil) (SDSC Form #CIV-721) with the complaint, cross-complaint, or petition on all parties to the action.

On all pleadings filed after the initial case originating filing, all parties must, to the extent it is feasible to do so, place the words "IMAGED FILE" in all caps immediately under the title of the pleading on all subsequent pleadings filed in the action.

The official court file will be electronic and accessible at one of the kiosks located in the Civil Business Office and may be found on the court's website at www.sdcourt.ca.gov.

Exhibit 5
Page 36

# EXHIBIT 6



# SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

### ELECTRONIC FILING REQUIREMENTS (CIVIL)

This document includes the San Diego Superior Court's electronic filing (e-filing) requirements for civil. These requirements are issued pursuant to Cal Rules of Court, rules 2.250 et seq., Code of Civil Procedure section 1010.6, and San Diego Superior Court General Order: In Re Procedures Regarding Electronically Imaged Court Records, Electronic Filing and Access to Electronic Court Records in Civil and Probate Cases.

Documents that are determined to be unacceptable for e-filing by the court due to e-filing system restrictions or for failure to comply with these requirements will be rejected, subject to being allowed to be filed nunc pro tunc to the original submittal date, upon ex-parte application to the court and upon good cause shown.

It is the duty of the plaintiff or petitioner (and cross-complainant) to serve a copy of the San Diego Superior Court General Order: In Re Procedures Regarding Electronically Imaged Court Records, Electronic Filing and Access to Electronic Court Records in Civil and Probate Cases along with a copy of this form, Electronic Filing Requirements (Civil) (SDSC Form #CIV-409), with the complaint/petition or other case-initiating document (and cross-complaint).

## MANDATORY AND PERMISSIVE E-FILING
Effective April 15, 2021, filings submitted by attorneys for represented parties in limited and unlimited civil actions must be submitted electronically through one of the court's approved electronic filing service providers (EFSPs), with limited exceptions for certain documents (see below list of ineligible documents). E-filing is also encouraged, but not mandated, for self-represented litigants, unless otherwise ordered by the court.

Any request to be excused from the mandatory e-filing requirements must be submitted in writing and may be made by ex-parte application to the judge or department to whom the case is assigned. The clerk will not accept or file any documents in paper form that are required to be filed electronically, absent a court order allowing the filing.

All documents e-filed must be electronically served on all parties in the case pursuant to Cal. Rules of Court, rule 2.251(c).

In all e-filed cases, the court will maintain and make available an official electronic service (e-service) list through the court's EFSPs. This is the service list the court will use to serve documents on the parties. (See Cal. Rules of Court, rule 2.251(e).) By filing electronically, the party is consenting to e-service unless the court excuses a party from doing so. Parties must provide the EFSP with their correct contact information, including an updated email address, in each e-filed case. New parties must provide the EFSP with their email address for that case within seven (7) days of filing their first document or joining the case, whichever is earlier. A party whose email address changes must, within seven (7) days of the change, notify the EFSP, file a Notice of Change of Electronic Service Address (JC Form #EFS-010) electronically, and serve the notice electronically on all parties required to be served. (See Cal. Rules of Court, rule, 2.251(g)(1).) Failure to keep an email address updated may result in the court being unable to provide notice to a non-complying party of upcoming hearings, orders, and other proceedings.

## REQUIREMENTS FOR ALL E-FILERS
E-filed documents may only be filed through one of the court's approved EFSPs. The list of EFSPs may be found on the court's website at www.sdcourt.ca.gov under "E-Filing" for the case type to be filed.

E-filers must comply with Cal. Rules of Court, rules 2.250-2.261. Also, all documents e-filed must be in a pdf format using Adobe Acrobat version 7 or higher, and must be in a text-searchable format (i.e., optical character recognition (OCR)). The court is unable to accept documents that do not comply with these requirements, nor documents with certain characteristics, including, but not limited to: forms with fillable fields, a negative image, or an image that is saved as an 'object' on the filed document.

E-filers are required to enter all parties listed on the document being filed if the party is not already a part of the case. (If the e-filer is submitting a new complaint, ALL parties must be entered.) If all parties are not entered, the transaction will be rejected.

Documents that contain exhibits must be bookmarked, as set forth on the EFSP's site. Documents not so bookmarked, including moving papers containing non-compliant exhibits, shall be rejected and/or not considered. (See Cal. Rules of Court, rule 3.1110(f).)

Exhibits to be considered via a "Notice of Lodgment" shall not be attached to the e-filed "Notice of Lodgment;" instead, the submitting party must provide the assigned department with copies in paper form of the exhibits with a copy of the "Notice of Lodgment" that includes the e-filing Transaction ID number noted in the upper right-hand corner.

Exhibit 6
Page 37

Exhibits to declarations that are real objects (i.e., construction materials, core samples, etc.) or other documents (i.e., plans, manuals, etc.), which otherwise may not be comprehensibly viewed in an electronic format must be lodged and will not be filed.

All documents must be uploaded as individual documents within the same transaction unless filing a motion.  Example: A "Request to Waive Court Fees" must be uploaded separately from the document to which it applies (i.e., complaint, answer or other responsive pleadings, motion, etc.)  If filing a notice of motion, all supporting documents may be scanned and uploaded as one document under a filing that most closely captures the type of motion.  All filings and exhibits within these filings must be bookmarked.

Unless otherwise required by law, pursuant to Cal. Rules of Court, rule 1.201(a), only the last four digits of a social security or financial account number may be reflected in court case filings.  Exclusion or redaction is the responsibility of the e-filer, not the clerk.  (See Cal. Rules of Court, rule 1.201(b)).  Failure to comply with this requirement may result in monetary sanctions pursuant to Cal. Rules of Court, rule 2.30(b).

To maintain confidentiality and ensure all redactions are appropriately applied, it is important that the submitting party remove metadata. Metadata is hidden information embedded within a document that may reveal a document's revision history, earlier drafts, information about the document's author, file name, file path, date of creation, etc. This information is still available and accessible even if the document was converted to a PDF. It is the submitting party's responsibility to familiarize themselves with metadata and how to remove it properly.

Proposed filings, such as proposed court orders and amended complaints, should be e-filed as an exhibit and then re-submitted as a separate and new e-filing transaction after the court has ruled on the matter.  (See Cal. Rules of Court, rule 3.1312 and SDSC Local Rules, rule 2.1.2(D).)

The court does not require that a version of the proposed order, in an editable word-processing format, be submitted in accordance with Cal. Rules of Court, rule 3.1312 (c). All documents submitted via e-filing are considered editable; however, a separate editable version may be submitted to efile@sdcourt.ca.gov.

If e-filing a negotiable instrument pursuant to Cal. Rules of Court, rule 3.1806, the court may, in its discretion, deem the electronic version the original and order it canceled and merged into the judgment.

Any document filed electronically shall be considered filed with the court when it is first transmitted to the EFSP, and the transmission is completed, except that any document filed on a day that the court is not open for business, or after 11:59:59 p.m. (Pacific Time) on a day the court is open for business, will be deemed to have been filed on the next court day.

E-filed documents must be correctly named and/or categorized by "Document Type."  The lead document must also be designated appropriately, as the lead document determines how the transaction will be prioritized in the work queue. Failure to correctly name the document and/or designate the lead document appropriately may result in a detrimental delay in the processing of the transaction.

A motion hearing date must be scheduled directly with the independent calendar department by calling the department or using the court's motion scheduler application, available at https://racd.sdcourt.ca.gov/. A motion filed without a motion hearing date, even when a conformed copy of the filing is provided by the court, is not considered scheduled, and the hearing will not occur.

If a hearing is set within two (2) court days of the time documents are e-filed, the party(ies) must provide copies of the documents in paper form to the court.  Transaction ID numbers must be noted on the documents to the extent it is feasible to do so.  Copies in paper form for ex parte hearings must be delivered directly to the department on or before 12:00 p.m. (Pacific Time) the court day immediately preceding the hearing date.

E-filers must maintain originals of all documents that are e-filed with the court, including but not limited to those documents containing signatures, pursuant to Cal. Rules of Court, rule 2.257.

## ASSESSMENT OF FILING FEES
When submitting a filing through the EFSP, the e-filer authorizes the EFSP to charge the full amount of the transaction, including any statutory court fees that may be due.  For example, if a stipulation is submitted, along with the statutory filing fee for stipulations, if there are any outstanding first appearance fees for any or all of the parties due on the case, the clerk may assess those fees in addition to or instead of the stipulation fee.  The EFSP has the sole discretion to determine the fees charged for using its website or services.

## REFUND OF FEES ASSESSED THROUGH THE EFSP
Requests for refunds of fees paid directly to an EFSP as part of an e-file transaction must be submitted directly to the EFSP.  Any such requests made directly to the court will be denied.

SDSC CIV-409 (Rev. 2/23)
Informational Form
**ELECTRONIC FILING REQUIREMENTS (CIVIL)**
Code Civ. Proc., § 1010.6
Cal. Rules of Court, rule 2.250 et seq.
Page 2 of 3

Exhibit 6
Page 38

## DOCUMENTS INELIGIBLE FOR E-FILING

The following documents are **not eligible for e-filing** in cases subject to either mandatory or permissive filing, and shall be filed in paper form:

- Application for Order Declaring Information on Affidavit of Voter Registration Confidential and Order.
- Civil Harassment Temporary Restraining Order (TRO)/Restraining Order (RO). (All filings in this case type)
- Confidential documents lodged conditionally under seal.
- Elder Abuse TRO/RO. (All filings in this case type)
- Gun Violence Emergency Protective Order. (All filings in this case type)
- Gun Violence TRO/RO. (entire case type)
- Interpleader actions pursuant to Code of Civil Procedure section 2924j.
- Notice of Appeal of Labor Commissioner.
- Out-of-State Commission Subpoenas.
- Private Postsecondary School Violence Prevention TRO/RO. (All filings in this case type)
- Safe at Home Name Change Petitions. (All filings in this case type)
- Settlement Conference Briefs (to be lodged only).
- Subpoenaed Documents.
- Stand-alone exhibits.
- Transitional Housing Program Misconduct TRO/RO. (All filings in this case type)
- Trial Exhibits
- Undertaking/Surety Bonds.
- Warrants.
- Workplace Violence TRO/RO. (All filings in this case type)

The following documents **shall be filed in paper form,** unless the court expressly directs otherwise:

- Documents filed under seal or provisionally under seal pursuant to Cal. Rules of Court, rule 2.551.
- New Complaints/Petitions filed designating the plaintiff/petitioner as a pseudonym pursuant to Cal. Rules of Court, rule 2.551 (any request for a sealing order in connection with such a filing must also be filed in paper form).
    - Filings submitted pursuant to Code of Civil Procedure section 367.3.
    - Filings submitted pursuant to Civil Code section 1708.85.
    - Filings submitted pursuant to Code of Civil Procedure section 527.6(v).
    - Filings submitted pursuant to Government Code section 12652.
    - Or any other initial filing wherein sealing orders are requested.

Be advised that media members have preview access to new unlimited civil complaints before the clerk's office processes them. As a reminder, it is the responsibility of the submitting party to ensure filings submitted for processing do not contain sensitive information that should not be available to the public.

## DOCUMENTS DISPLAYED ON THE PUBLIC-FACING REGISTER OF ACTIONS

Any documents submitted for e-filing (and accepted) will be filed and displayed on the San Diego Superior Court's public-facing Register of Actions with the exception of the following documents:

- CASp Inspection Report.
- Confidential Cover Sheet False Claims Action.
- Confidential Statement of Debtor's Social Security Number.
- Financial Statement.
- Disability Accommodation Request and Court's Response.
- Defendant/Respondent Information for Order Appointing Attorney Under Service Members Civil Relief Act.
- Request to Waive Court Fees.
- Request to Waive Additional Court Fees.

Documents not included in the list above, that are intended to be kept confidential, should NOT be e-filed with the court.

## DOCUMENTS FILED PRIOR TO JUNE 2, 2014, THROUGH FILE&SERVE XPRESS

Prior to June 2, 2014, construction defect and other cases eligible at that time for e-filing, were filed electronically through File&Serve Xpress (fka LexisNexis File&Serve).  Documents previously filed through File&Serve Xpress continue to be made available for viewing via a File&Serve Xpress subscription through LexisNexis or on the court's internal Coordinated Proceedings (CP)/Judicial Council Coordination Proceedings (JCCP) document viewer kiosk located in the Civil Business Office at the Hall of Justice, 330 W. Broadway, Room 225, San Diego, CA 92101.

SDSC CIV-409 (Rev. 2/23)
Informational Form

**ELECTRONIC FILING REQUIREMENTS (CIVIL)**

Code Civ. Proc., § 1010.6
Cal. Rules of Court, rule 2.250 et seq.
Page 3 of 3

Exhibit 6
Page 39

# EXHIBIT 7



**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**

**ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION**

CASE NUMBER: 37-2023-00024446-CU-MC-CTL        CASE TITLE: The People of the State of California vs Caydon San Diego P

<u>NOTICE:</u> **All plaintiffs/cross-complainants in a general civil case are required to serve a copy of the following three forms on each defendant/cross-defendant, together with the complaint/cross-complaint:**
> **(1) this Alternative Dispute Resolution (ADR) Information form (SDSC form #CIV-730),**
> **(2) the Stipulation to Use Alternative Dispute Resolution (ADR) form (SDSC form #CIV-359), _and_**
> **(3) the Notice of Case Assignment form (SDSC form #CIV-721).**

Most civil disputes are resolved without filing a lawsuit, and most civil lawsuits are resolved without a trial. The courts, community organizations, and private providers offer a variety of Alternative Dispute Resolution (ADR) processes to help people resolve disputes without a trial. The San Diego Superior Court expects that litigants will utilize some form of ADR as a mechanism for case settlement before trial, and it may be beneficial to do this early in the case.

Below is some information about the potential advantages and disadvantages of ADR, the most common types of ADR, and how to find a local ADR program or neutral. A form for agreeing to use ADR is attached (SDSC form #CIV-359).

**Potential Advantages and Disadvantages of ADR**
ADR may have a variety of advantages or disadvantages over a trial, depending on the type of ADR process used and the particular case:

| **Potential Advantages** | **Potential Disadvantages** |
|---|---|
| • Saves time | • May take more time and money if ADR does not resolve the dispute |
| • Saves money | |
| • Gives parties more control over the dispute resolution process and outcome | • Procedures to learn about the other side's case (discovery), jury trial, appeal, and other court protections may be limited or unavailable |
| • Preserves or improves relationships | |

**Most Common Types of ADR**
You can read more information about these ADR processes and watch videos that demonstrate them on the court's ADR webpage at http://www.sdcourt.ca.gov/adr.

**Mediation:**  A neutral person called a "mediator" helps the parties communicate in an effective and constructive manner so they can try to settle their dispute. The mediator does not decide the outcome, but helps the parties to do so. Mediation is usually confidential, and may be particularly useful when parties want or need to have an ongoing relationship, such as in disputes between family members, neighbors, co-workers, or business partners, or when parties want to discuss non-legal concerns or creative resolutions that could not be ordered at a trial.

**Settlement Conference:**  A judge or another neutral person called a "settlement officer" helps the parties to understand the strengths and weaknesses of their case and to discuss settlement. The judge or settlement officer does not make a decision in the case but helps the parties to negotiate a settlement. Settlement conferences may be particularly helpful when the parties have very different ideas about the likely outcome of a trial and would like an experienced neutral to help guide them toward a resolution.

**Arbitration:**  A neutral person called an "arbitrator" considers arguments and evidence presented by each side and then decides the outcome of the dispute.  Arbitration is less formal than a trial, and the rules of evidence are usually relaxed. If the parties agree to binding arbitration, they waive their right to a trial and agree to accept the arbitrator's decision as final. With nonbinding arbitration, any party may reject the arbitrator's decision and request a trial. Arbitration may be appropriate when the parties want another person to decide the outcome of their dispute but would like to avoid the formality, time, and expense of a trial.

Exhibit 7
Page 40

**Other ADR Processes:**  There are several other types of ADR which are not offered through the court but which may be obtained privately, including neutral evaluation, conciliation, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR processes. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute.  Be sure to learn about the rules of any ADR program and the qualifications of any neutral you are considering, and about their fees.

<u>Local ADR Programs for Civil Cases</u>

**Mediation:**  The San Diego Superior Court maintains a Civil Mediation Panel of approved mediators who have met certain minimum qualifications and have agreed to charge $150 per hour for each of the first two (2) hours of mediation and their regular hourly rate thereafter in court-referred mediations.

<u>On-line mediator search and selection:</u>  Go to the court's ADR webpage at www.sdcourt.ca.gov/adr and click on the "Mediator Search" to review individual mediator profiles containing detailed information about each mediator including their dispute resolution training, relevant experience, ADR specialty, education and employment history, mediation style, and fees and to submit an on-line Mediator Selection Form (SDSC form #CIV-005).  The Civil Mediation Panel List, the Available Mediator List, individual Mediator Profiles, and Mediator Selection Form (CIV-005) can also be printed from the court's ADR webpage and are available at the Mediation Program Office or Civil Business Office at each court location.

**Settlement Conference:**  The judge may order your case to a mandatory settlement conference, or voluntary settlement conferences may be requested from the court if the parties certify that: (1) settlement negotiations between the parties have been pursued, demands and offers have been tendered in good faith, and resolution has failed; (2) a judicially supervised settlement conference presents a substantial opportunity for settlement; and (3) the case has developed to a point where all parties are legally and factually prepared to present the issues for settlement consideration and further discovery for settlement purposes is not required. Refer to SDSC Local Rule <u>2.2.1</u> for more information. To schedule a settlement conference, contact the department to which your case is assigned.

**Arbitration:**  The San Diego Superior Court maintains a panel of approved judicial arbitrators who have practiced law for a minimum of five years and who have a certain amount of trial and/or arbitration experience.  Refer to SDSC Local Rules <u>Division II, Chapter III</u> and Code Civ. Proc. <u>§ 1141.10 et seq</u> or contact the Arbitration Program Office at (619) 450-7300 for more information.

<u>More information about court-connected ADR:</u> Visit the court's ADR webpage at www.sdcourt.ca.gov/adr or contact the court's Mediation/Arbitration Office at (619) 450-7300.

**Dispute Resolution Programs Act (DRPA) funded ADR Programs:**  The following community dispute resolution programs are funded under DRPA (Bus. and Prof. Code §§ 465 et seq.):
- In Central, East, and South San Diego County, contact the National Conflict Resolution Center (NCRC) at www.ncrconline.com or (619) 238-2400.
- In North San Diego County, contact North County Lifeline, Inc. at www.nclifeline.org or (760) 726-4900.

**Private ADR:**  To find a private ADR program or neutral, search the Internet, your local telephone or business directory, or legal newspaper for dispute resolution, mediation, settlement, or arbitration services.

<u>Legal Representation and Advice</u>

To participate effectively in ADR, it is generally important to understand your legal rights and responsibilities and the likely outcomes if you went to trial. ADR neutrals are not allowed to represent or to give legal advice to the participants in the ADR process. If you do not already have an attorney, the California State Bar or your local County Bar Association can assist you in finding an attorney. Information about obtaining free and low cost legal assistance is also available on the California courts website at *www.courtinfo.ca.gov/selfhelp/lowcost*.

Exhibit 7
Page 41

# EXHIBIT 8

F I L E D
Clerk of the Superior Court

MAR 1 1 2021

By: A. Husted, Deputy

**THE SUPERIOR COURT OF THE STATE OF CALIFORNIA**
**COUNTY OF SAN DIEGO**

| | |
|---|---|
| IN RE PROCEDURES REGARDING ELECTRONICALLY IMAGED COURT RECORDS, ELECTRONIC FILING, AND ACCESS TO ELECTRONIC COURT RECORDS IN CIVIL AND PROBATE CASES | GENERAL ORDER OF THE PRESIDING DEPARTMENT<br><br>ORDER NO. 010121-22 (A) |

THIS COURT FINDS AND ORDERS AS FOLLOWS:

1. ELECTRONIC FILING AND IMAGING PROGRAM

On August 1, 2011, the San Diego Superior Court ("court") implemented an Electronic Filing and Imaging Pilot Program (the "Program" or "Imaging Program") designed to reduce paper filings and storage, facilitate electronic access to civil court files, allow remote electronic filing ("e-file" or "e-filing") of papers in civil cases, and ultimately create paperless or electronic files for civil and other case categories. The Program has since been expanded to other case types. (See San Diego Local Rule, rule 2.1.4.)

The Program is being implemented in phases:

Phase One:  The court began scanning all papers in newly filed cases in designated divisions and departments.  The imaged documents are stored in an electronic court file that can be viewed in the business offices and are accessible remotely through the "Register of Actions" on the court's website as set forth below.   Imaging Program cases that are reassigned or

1

Exhibit 8
Page 42

1  transferred to a department outside of the Program may be removed from the Program and
2  converted to a paper filing system.

3       Phase Two:  E-filing access was implemented to allow e-filing by counsel and parties
4  through the court's e-file service providers in designated case types.

5       Phase Three:  On October 2, 2017, the Imaging Program expanded to small claims cases.
6  All new small claims cases filed on or after October 2, 2017, are imaged and the documents are
7  being stored in an electronic court file that is available for viewing in all of the court's business
8  offices.

9       Phase Four: E-filing was expanded to allow e-filing by counsel and parties through
10 multiple e-filing service providers ("EFSPs") in designated case types.

11      Phase Five:  Due to the COVID-19 pandemic and, pursuant to California Rules of Court
12 ("CRC"), Appendix I: Emergency Rules Related to COVID-19, rule 3, the court is accelerating
13 its efforts for the Program.

14      Accordingly, effective April 15, 2021, filings submitted by attorneys for represented
15 parties in all limited and unlimited civil case types and probate actions must be submitted
16 electronically through one of the court's approved e-filing service providers ("EFSPs"), with
17 limited exceptions for certain documents.   (See ¶ 4 infra.)   Self-represented litigants are
18 encouraged, but not required to e-file.

19      2.   THE ELECTRONIC COURT FILE IN IMAGED CASES IS THE OFFICIAL
20          COURT RECORD

21      Pursuant to Government Code section 68150 and CRC, rule 2.504, the electronic court
22 file in Imaging Program cases is certified as the official record of the court.  The paper filings that
23 are imaged and stored electronically will be physically stored by the court for 30 days after filing,
24 after which time they will be shredded and recycled, except for original wills and bonds in probate
25 cases, which will be physically retained by the court for the period required by law.  During this
26 30-day period, these documents will not be stored in a manner that will allow a party or its attorney
27 to access them, and access will only be granted by order of the court upon a showing of good
28 cause.

2

Exhibit 8
Page 43

### 3.   CIVIL AND PROBATE CASES INCLUDED IN THE PROGRAM

The following cases have been or will be imaged and stored in an electronic court file, and are considered Imaging Program cases:

a.  Civil cases initiated after a particular department or division began participating in the Imaging Program;

b.  Civil class actions, construction defect cases, Judicial Council Coordinated Proceedings cases, consolidated and coordinated actions where all cases involved are imaged cases, and actions that are provisionally complex under CRC, rules 3.400-3.403 (as set forth in the Civil Case Cover Sheet).  "Complex cases" include antitrust/trade regulation, mass tort, environmental/toxic tort, and securities litigation cases, as well as insurance coverage claims arising from these case types;

c.  Probate cases filed on or after March 1, 2012, and all active probate cases initiated prior to March 1, 2012;

d.  All new limited and unlimited civil and probate cases; and,

e.  All small claims cases filed on or after October 2, 2017.

### 4.   MANDATORY AND PERMISSIVE ELECTRONIC FILING

Pursuant to CRC, Appendix I: Emergency Rules Related to COVID-19, rule 3; the court's inherent supervisory and administrative authority; and the Presiding Judge's duty to promote access to justice for all members of the public, taking into account the needs of the public and court as they relate to the efficient and effective management of the court (CRC, rule 10.603), and in order to protect the health and safety of the public, court personnel, judicial officers, parties, attorneys, and others, it is hereby ORDERED as follows:

Effective April 15, 2021, filings submitted by attorneys for represented parties in all limited and unlimited civil case types and probate actions must be submitted electronically through one of the court's approved EFSPs, with limited exceptions for certain documents. E-filing is also encouraged, but not mandated, for self-represented litigants in these case types.

Further information, including the list of documents excluded from the e-filing requirement and an approved list of court approved EFSPs can be found on the court's website,

3

Exhibit 8
Page 44

1  at www.sdcourt.ca.gov. (See San Diego Superior Court ("SDSC") Form Nos. CIV-409, PR-188

2  for e-filing requirements.)

3      5.  GENERAL E-FILING REQUIREMENTS

4      Documents can only be electronically filed through court approved EFSPs.  EFSP

5  information is available on the court's website listed above.

6      All e-filers shall comply with CRC, rules 2.250-2.261 and California Code of Civil

7  Procedure ("CCP") § 1010.6.  All documents e-filed with the court must be in a text searchable

8  format (i.e., optical character recognition ("OCR")).  The court is unable to accept documents that

9  do not comply with these requirements, or documents with certain characteristics including, but

10  not limited to: forms with fillable fields, a negative image, or image that is saved as an "object"

11  on the filed document.

12      E-filers are required to comply with the San Diego Superior Court's electronic filing

13  requirements listed in the following forms available on the court's website: CIV-409 ("E-Filing

14  Requirements (Civil)") and PR-188 ("E-Filing Requirements (Probate)").   These forms also

15  contain a list of documents that are exempt from the mandatory e-filing requirements, including

16  those documents that cannot be e-filed ("List of Excluded Documents").  To the extent the List

17  of Excluded Documents conflicts with any San Diego Superior Court Local Rule ("Local Rule"),

18  the applicable portions of the Local Rules are repealed and are superseded by this General Order

19  and the e-filing requirements listed in CIV-409 and/or PR-188.

20      The receipt and filing of documents submitted electronically is governed by CCP 1010.6

21  and CRC, rule 2.259.  The court's filing deadline is 11:59:59 p.m. (Pacific Time) on court days.

22  The electronic transmission of a document to the court can take time, so waiting until shortly

23  before the deadline to electronically transmit a filing is not advised, as it could be received by the

24  court after 11:59:59 p.m. and deemed filed the next court day. Per CRC, rule 2.259(a)(4), the

25  filer is responsible for verifying that the court received and filed any document submitted

26  electronically. Please see the applicable EFSP's website for filing instructions. To the extent any

27  Local Rule sets forth a different time deadline for filing electronic documents, the applicable

28

4

Exhibit 8
Page 45

1  portions of the Local Rules are repealed and are superseded by this General Order and the e-filing

2  requirements listed in CIV-409 and/or PR-188.

3      Additional and more specific information on electronic filing can be found on the court's

4  website at www.sdcourt.ca.gov.

5          6.  FILING AND SERVICE REQUIREMENTS IN ALL IMAGED CASES

6  a. Service of Notice:  Together with all other documents required by California law to be served,

7      all parties filing new actions assigned to the Imaging Program must also serve copies on all

8      parties of the notice of case assignment and any other court generated forms received from

9      the court clerk when the case is initiated.

10  b. "Imaged" Identifier: On all pleadings filed after the initial case originating filing, all parties

11      must, to the extent it is feasible to do so, place the words "IMAGED FILE" in all caps

12      immediately under the title of the pleading on all subsequent pleadings filed in the action.

13  c. Original Documents:  Original underlying documents, other than wills and bonds in probate

14      cases, that are relevant to a case should not be attached as exhibits to filed documents or filed

15      in any other manner, as these documents will be imaged and the paper filings destroyed in

16      accordance with this Order (except for those documents set forth in paragraph 8.a. below).

17      Any original document, other than a will or bond in a probate case, that is included in a filed

18      document in a case within the Program will be imaged and destroyed in accordance with this

19      Order.  Original documents may be lodged with the court, as necessary, under the procedures

20      set forth in 8.a.(i) below.

21  d. Proposed Orders:  Proposed orders should only be submitted with initial pleadings for an ex

22      parte hearing, and should not be submitted for a law and motion hearing until after the hearing

23      is completed.

24  e. Exhibits:  Any exhibits attached to a pleading presented for filing must have the exhibit tabs

25      located at the bottom of the respective documents, in accordance with CRC, rule 3.1110, and

26      each exhibit must be preceded by a cover page that contains solely the word "Exhibit" and

27      the exhibit's identifying number or letter.

28

5

Exhibit 8
Page 46

f. Confidential Documents:  Any documents classified or considered confidential pursuant to statute, rule of court or local rule shall be filed with the court and will be imaged and destroyed in accordance with this order.  Access to the imaged confidential document(s) shall be as set forth in paragraph 9.d. below.

g. Electronic Service: By filing electronically, the party is consenting to electronic service, unless the court excuses a party from doing so.   Parties must provide the EFSP with their correct contact information, including an updated email address, in each e-filed case.  New parties must provide the EFSP with their email address for that case within seven (7) days of filing their first document or joining the case, whichever is earlier.  A party whose electronic service email address changes must, within seven (7) days of the change, notify the EFSP, file a "Notice of Change of Electronic Service Address" (Judicial Council ("JC") Form #EFS-010) electronically, and serve this notice electronically on all parties required to be served. (See Cal. Rules of Court, rule, 2.251(g)(1).)  Failure to keep an email address updated may result in the court being unable to provide notice to a non-complying party of upcoming hearings, orders, and other proceedings. An email address used to file documents will be presumed valid if a party has not filed and served notice that the address is no longer valid.

h. Original Documents: E-filers must maintain originals of all documents that are e-filed with the court, including but not limited to those documents containing signatures, pursuant Rule 2.257.

## 7.   REQUIREMENTS SPECIFIC FOR CIVIL CASES OTHER THAN PROBATE:

a. Lodged Documents:

The "Notice of Lodgment" itself must be filed with the court.  In accordance with CRC, rule 3.1302, the documents submitted with the notice must be lodged and not filed.  The lodged documents will not be imaged, will not be part of the official court file, and will be returned in the manner requested or recycled if no manner of return is specified.

b. Documents in Support of Judgments:

Applications for entry of a judgment that include an instrument, contract, or written obligation will have the relevant document(s) cancelled and merged if the judgment is entered, in

6

Exhibit 8
Page 47

accordance with CRC, rule 3.1806, after which the document will then be imaged and maintained in the electronic court record. The submitted document(s) will then be returned to the proffering party for safe-keeping. Parties must provide a suitable method of return along with the submitted document(s). If no method of return is included, the document(s) will be shredded and recycled.

### 8. REQUIREMENTS SPECIFIC FOR PROBATE CASES:

a. Filing/Lodging Documents for Calendared Matters:

i. The Notice of Lodgment itself must be filed with the court. In accordance with CRC, rule 3.1302 and Local Rule 4.3.3, the documents submitted with the notice must be lodged and not filed. The lodged documents will not be part of the official court file, and will be returned in the manner requested or recycled if no manner of return is specified.

ii. A party filing a petition, motion or other paperwork that refers to a trust must file a copy of the trust under a "Trust Coversheet" in accordance with Local Rule 4.3.3.

iii. In support of an accounting of assets as required by Probate Code section 2620 or an interim accounting required by Local Rule 4.15.2, the account statements, closing escrow statements, and bill statements for a residential or long-term care facility may be filed with the court, under a "Financial Statement Coversheet." Alternatively, originals may be lodged in accordance with the procedures in paragraph 8.a.(i) above. The lodged documents will not be part of the official court file, and will be returned in the manner requested after the court's determination of the accounting has become final.

b. Inclusion of Petition's Register of Action Number on All Pleadings:

Parties are ordered to comply with Local Rule 4.3.1 and include the petition's register of action ("ROA") number directly below the case number on all subsequently filed pleadings related to that petition.

///

///

///

7

Exhibit 8
Page 48

## 9.  ENHANCED ELECTRONIC ACCESS TO OFFICIAL COURT FILE AND COURT DOCUMENTS IN ALL IMAGED CASES

a.  Access in Clerk's Business Offices:   Public kiosks providing free access to the official electronic record of the court files for cases being handled under the Program are available in the below business offices:

- Hall of Justice Civil Business Office, 330 West Broadway, San Diego, California 92101;

- East County Family Business Office, 250 E. Main Street, El Cajon, California, 92020;

- South County Family Business Office, 500 Third Avenue, Chula Vista, California, 91910;

- Central Courthouse, Probate Business Office, 1100 Union Street, San Diego, California, 92101; and

- North County Civil Business Office, 325 S. Melrose Drive, Vista, California, 92081.

The public may access these files and view all public portions of the files just as they currently can in the paper court files.  If there are people waiting to use the kiosks, a time limit of 15 minutes will be imposed.  Additional time will be permitted after waiting in line to use one of the kiosks again.  Any changes to this policy will be made by the Presiding Judge of the court and the new policy will be posted in the applicable business offices.

b.  Notice Regarding Electronic Access:   In accordance with CRC, rule 2.504, the public accessing court records electronically, are advised that the Manager of Central Court Civil and Small Claims Operations is the court staff member who may be contacted about the requirements for accessing the court's records electronically in all divisions of the court supporting imaging and e-filing.

c.  Copyright and other proprietary rights may apply to information in a case file, absent express grant of additional rights by the holder of the copyright or other proprietary right.  In this regard, you are advised:

i.   Use of such information in a case file is permissible only to the extent permitted by law or court order; and,

ii.   Any use inconsistent with proprietary rights is prohibited.

8

Exhibit 8
Page 49

d. Access to Confidential Documents: Court documents classified or considered confidential pursuant to statute or rule of court shall remain confidential and may not be released except to the extent necessary to comply with the law.

e. The electronic records of cases within the Program available for viewing in the business offices are the official records of the court. There is no charge for accessing or viewing court files in the business offices. Copies, including certified copies, of any documents in an electronic court file may be obtained by paying the applicable fee. The court's "Fee Schedule" is available online on the court's website at www.sdcourt.ca.gov. (See SDSC Form No. ADM-001). Additional instructions about obtaining printed copies of records from the electronic file will be provided at the kiosk locations in the applicable business offices; instructions are also available online at the court's website listed above.

f. Any person who willfully destroys or alters any court record maintained in electronic form is subject to the penalties imposed by Government Code section 6201.

g. No person shall photograph or otherwise record any digital images of documents displayed on the kiosk screens in the business offices.

h. Remote Electronic Access of Program Cases: Court documents from records of cases within the Program are available in electronic format for viewing and printing remotely to the extent permitted by California law and/or CRC, rule 2.503(b), by visiting the court's website and paying the required fees. (See SDSC Form No. ADM-001 for the court's "Fee Schedule").

This Order shall expire on December 31, 2021, unless otherwise ordered by this court.

IT IS SO ORDERED.

DATED: March 11, 2021

_____
HON. LORNA A. ALKSNE
PRESIDING JUDGE

9

Exhibit 8
Page 50