ELIZABETH A. SPERLING - State Bar No. 231474
    esperling@glaserweil.com
ALEXANDER R. MILLER - State Bar No. 294474
    amiller@glaserweil.com
JACK DAY – State Bar No. 324516
    jday@glaserweil.com
**GLASER WEIL FINK HOWARD**
   **JORDAN & SHAPIRO LLP**
501 W. Broadway, Suite 800
San Diego, CA 92101
Telephone:  (619) 765-4380
Facsimile:   (619) 483-0646

Attorneys for Defendants Caydon San Diego Property LLC and Alex Beaton, and Specially Appearing Defendants Caydon USA Holding LLC and Caydon USA Property Group LLC

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE OF THE STATE OF CALIFORNIA and CITY OF SAN DIEGO, a municipal corporation,<br><br>Plaintiffs,<br><br>v.<br><br>CAYDON SAN DIEGO PROPERTY LLC, a Delaware Limited Liability Company; CAYDON USA HOLDING LLC, a Texas Foreign Limited Liability Company and a Delaware Limited Liability Company; CAYDON USA PROPERTY GROUP, LLC, a Delaware Limited Liability Company; MATTHEW HUTTON, Receiver and Manager of CAYDON USA PROPERTY GROUP HOLDINGS PTY LTD; ALEX BEATON, an individual; and DOES 1 through 50, inclusive,<br><br>Defendants. | CASE NO.: 3:23-cv-01296-DMS-KSC<br><br>**DECLARATION OF ELIZABETH A. SPERLING IN SUPPORT OF DEFENDANTS'** ***EX PARTE*** **APPLICATION TO EXTEND TIME TO RESPOND TO COMPLAINT**<br><br>[Filed concurrently with *Ex Parte* Application and (Proposed) Order]<br><br>Date filed: June 12, 2023<br>Removal date: July 14, 2023 |

**DECLARATION OF ELIZABETH A. SPERLING**

I, Elizabeth A. Sperling, declare as follows:

1. I am an attorney duly licensed to practice law before all courts of the State of California and in the Southern District of California and am a partner of Glaser Weil Fink Howard Jordan & Shapiro LLP, attorneys of record for Defendants Caydon San Diego Property LLC ("Caydon San Diego"), Caydon USA Holding LLC ("Caydon USA Holding"), Caydon USA Property Group LLC ("Caydon USA Property Group") (collectively, "Caydon"), and Alex Beaton (collectively, "Defendants") in this matter. This declaration is submitted in support of Defendants' *Ex Parte* Application to Extend Time to Respond to the Complaint. I have personal knowledge of the facts set forth in this declaration and, if called as a witness, could and would testify competently to such facts under oath.

2. On April 27, 2023, Plaintiffs initially commenced this action by filing a complaint against Caydon in the Superior Court of the State of California, County of San Diego, entitled *The People of the State of California, et al. v. Caydon San Diego Property LLC, et al.*, Case No. 37-2023-00017820-CU-MC-CTL (the "Original Action").

3. On May 2, 2023, Plaintiffs served the complaint in the Original Action on Caydon San Diego through its registered agent for service.

4. On May 3, 2023, Plaintiffs served the complaint in the Original Action on Caydon USA Holding and Caydon USA Property Group through their respective registered agents for service.

5. On behalf of Defendants, my office timely filed a notice of removal and removed the Original Action to federal court on June 1, 2023.

6. I had several discussions prior to the City Attorneys filing the Original Action explaining to them that Caydon USA Holding, Caydon USA Property Group, and Matthew Hutton are not proper parties to this action and they are not subject to personal jurisdiction in California. I requested that the City Attorneys not name them

1  as parties if they proceeded to file the Original Action. They refused.

2      7.    On June 2, 2023, my office filed an *ex parte* application seeking a 60-day extension of time for Defendants to respond to the complaint in the Original Action, and requesting that Caydon San Diego's deadline to plead, answer, or otherwise respond to the Complaint be extended until fourteen days after the Court ruled on Defendants' motions to dismiss for lack of personal jurisdiction. Plaintiffs did not file an opposition to the application, which was granted by the Court on June 7, 2023. *See The People of the State of California, et al. v. Caydon San Diego Property LLC, et al.*, Case No. 23-cv-01020-LAB-DDL (S.D. Cal. 2023), Doc. No. 7.

    8.    Then on June 9, 2023, shortly after the Court granted Defendants' request for an extension, Plaintiffs filed a notice of voluntary dismissal of the Original Action, and the case was subsequently dismissed. That same day I reached out to the City Attorneys to inquire regarding the reason for the dismissal, but the City Attorneys would not reveal the reason for the dismissal.

    9.    As a result, my clients and my office stopped work on collecting the information for our previously anticipated motions to dismiss for lack of personal jurisdiction and other motions and pleadings, among other things, given the Original Action was dismissed.

    10.    On June 12, 2023, Plaintiffs re-filed the instant action in the Superior Court of the State of California, County of San Diego, entitled *The People of the State of California, et al. v. Caydon San Diego Property LLC, et al.*, Case No. 37-2023-00024446-CU-MC-CTL (the "Present Action"), asserting the exact same claims from the Original Action, but naming Alex Beaton as a new defendant.

    11.    Caydon's deadline to answer or otherwise respond to the Complaint in the Present Action is July 21, 2023.

    12.    On July 13, 2023, before removing, I met and conferred prior to the filing of this application and asked if the City Attorneys would stipulate to a 60-day extension of the deadline for Defendants to file their motions to dismiss and that the time for

Caydon San Diego to respond to the Complaint be extended pending determination of the motion to dismiss. This was the first such extension we requested in this case, although we made a similar request in the Original Action that the City Attorneys denied.

13. As of the time of this filing, the City Attorneys have not responded to my request for extension.

14. The Caydon Defendants are Delaware Limited Liability Companies with their principal places of business in Houston, Texas. Ultimately, the Caydon Defendants are part of Caydon USA Property Group Pty Ltd, which is an Australian company with its principal place of business in Australia. The client representatives for the Caydon Defendants reside in and are citizens of Australia.

15. Caydon USA Property Group Pty Ltd is in bankruptcy in Australia and Australian receivers have been appointed to manage the liquidation and receivership of the company and its various subsidiaries, including the Caydon Defendants. Accordingly, all decisions regarding the companies' legal affairs, including this litigation, must be coordinated, reviewed and approved by the receivers. It is difficult enough to coordinate with clients in other states; it is much more difficult and time-consuming to coordinate a defense on behalf of multiple client entities whose ultimate parent is in Australia and that is being handled by receivers due to bankruptcy.

16. I am requesting on behalf of my clients in good faith a sixty (60) day extension to respond to the Complaint, or such other time as the Court determines is reasonable, because my office will need additional time to coordinate with Caydon's client representatives and receivers, who are all located in Australia, in order to gather the necessary declarations and evidence supporting Defendants' motions to dismiss for lack of personal jurisdiction.

17. I have also requested that Plaintiffs dismiss Alex Beaton, as he is not a proper party. As of the time of filing this application, the City Attorneys have not responded to this request either. If they refuse to do so, I anticipate we may prepare a

motion to dismiss Mr. Beaton or another appropriate Rule 12 motion, which will require additional time and resources.

18. I am lead counsel for Defendants on this matter, and will be out of town from August 1-11 as well as from September 20-22. My colleagues and I have a number of other court appearances and filing deadlines in the interim, which will make filing an exhaustive motion to dismiss for lack of personal jurisdiction for two entities and a potential motion to dismiss Alex Beaton within the next thirty days exceptionally difficult.

19. Except as set out in the *ex* parte application, the requested continuance will not affect other case management dates.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration is executed on July 14, 2023, in San Diego, California.

　　　　　　　　　　　　　　　　　/s/ *Elizabeth A. Sperling*
　　　　　　　　　　　　　　　　　Elizabeth A. Sperling