ELIZABETH A. SPERLING - State Bar No. 231474
esperling@glaserweil.com
ALEXANDER R. MILLER - State Bar No. 294474
amiller@glaserweil.com
JACK DAY – State Bar No. 324516
jday@glaserweil.com
**GLASER WEIL FINK HOWARD JORDAN & SHAPIRO LLP**
501 W. Broadway, Suite 800
San Diego, CA 92101
Telephone: (619) 765-4380
Facsimile: (619) 483-0646

Attorneys for Defendants Caydon San Diego Property LLC and Alex Beaton, and Specially Appearing Defendants Caydon USA Holding LLC, and Caydon USA Property Group LLC

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

THE PEOPLE OF THE STATE OF CALIFORNIA and CITY OF SAN DIEGO, a municipal corporation,

Plaintiffs,

v.

CAYDON SAN DIEGO PROPERTY LLC, a Delaware Limited Liability Company; CAYDON USA HOLDING LLC, a Texas Foreign Limited Liability Company and a Delaware Limited Liability Company; CAYDON USA PROPERTY GROUP, LLC, a Delaware Limited Liability Company; MATTHEW HUTTON, Receiver and Manager of CAYDON USA PROPERTY GROUP HOLDINGS PTY LTD; ALEX BEATON, an individual; and DOES 1 through 50, inclusive,

Defendants.

CASE NO.: 3:23-cv-01296-DMS-KSC

**DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR RULE 41(d) AWARD OF FEES AND COSTS AGAINST PLAINTIFFS AND FOR STAY OF PROCEEDINGS PENDING PAYMENT**

[Filed concurrently with Notice of Motion and Declaration of Elizabeth A. Sperling]

Date filed: June 12, 2023
Removal date: July 14, 2023

Hearing Date: August 18, 2023
Hearing time: 1:30 p.m.
Courtroom: 13A



Glaser Weil

Glaser Weil

# TABLE OF CONTENTS

Page

I. INTRODUCTION ........ 1

II. BACKGROUND ........ 2

III. LEGAL STANDARD ........ 3

IV. ARGUMENT ........ 5

A. Plaintiffs Should Pay Defendants' Costs Incurred In Removing This Action To Federal Court A Second Time Under Rule 41(d) ........ 5

B. "Costs" Under Rule 41(d) Properly Include Defendants' Attorneys' Fees To Discourage Improper Forum Shopping ........ 7

C. Defendants' Costs And Attorneys' Fees Incurred In The Original Action And Preparing This Motion Were Reasonable ........ 9

1. Defendants' counsel's hourly rates are reasonable and in line with rates charged in the community. ........ 10

2. Defendants' counsel's hours billed to this matter and the work performed were reasonable, necessary and appropriate. ........ 12

3. The total amount of attorneys' fees sought by Defendants is reasonable and appropriate. ........ 13

4. Defendants' costs were reasonable and appropriate. ........ 14

D. Alternatively, Defendants Should Be Awarded Their Fees And Costs Under 28 U.S.C. § 1927 Or The Court's Inherent Powers ........ 15

V. CONCLUSION ........ 15

# TABLE OF AUTHORITIES

Page

## FEDERAL CASES

*Alaska Rent-A-Car, Inc. v. Avis Budget Grp., Inc.*, 738 F.3d 960 (9th Cir. 2013) .......... 9

*Andrews v. Am.'s Living Ctrs., LLC*, 827 F.3d 306 (4th Cir. 2016) .......... 8

*Chambers v. NASCO, Inc.*, 501 U.S. 32 (1991) .......... 4, 15

*City of Burlington v. Dague*, 505 U.S. 557 (1992) .......... 9

*Esposito v. Piatrowski*, 223 F.3d 497 (7th Cir. 2000) .......... 8

*Esquivel v. Arau*, 913 F. Supp. 1382 (C.D. Cal. 1996) .......... 4, 6, 7

*GDS Indus., Inc. v. Great Am. Ins. Co.*, 2017 WL 2424056 (S.D. Cal. June 5, 2017) .......... 10

*Hensley v. Eckerhart*, 461 U.S. 424 (1983) .......... 9

*Herring Networks, Inc. v. Maddow*, 2021 WL 409724 (S.D. Cal. Feb. 5, 2021) .......... 11

*Horowitz v. 148 S. Emerson Assocs. LLC*, 888 F.3d 13 (2d Cir. 2018) .......... 8

*Jurin v. Google Inc.*, 695 F. Supp. 2d 1117 (E.D. Cal. 2010) .......... 4

*Lahiri v. Universal Music & Video Dist. Corp.*, 606 F.3d 1216 (9th Cir. 2010) .......... 4

*Lennard v. Yeung*, 2011 WL 13217925 (C.D. Cal. Aug. 16, 2011) .......... 6

*LG Corp. v. Huang Xiaowen*, 2017 WL 3877741 (S.D. Cal. Sept. 5, 2017) .......... 12

*Lopez v. Mgmt. & Training Corp.*, 2020 WL 1911571 (S.D. Cal. Apr. 20, 2020) .......... 12

*Martinez v. Costco Wholesale Corp.*, 2023 WL 2229267 (S.D. Cal. Feb. 24, 2023) .......... 11



Glaser Weil

*Milkcrate Athletics, Inc. v. Adidas Am., Inc.*,
619 F. Supp. 3d 1009 (C.D. Cal. 2022) ... 7

*Moskowitz v. Am. Sav. Bank, F.S.B.*,
37 F.4th 538 (9th Cir. 2022) ... 4, 7, 8

*MRO Commc'ns, Inc. v. Am. Tel. & Tel. Co.*,
197 F.3d 1276 (9th Cir. 1999) ... 9

*NuVasive, Inc. v. Alphatec Holdings, Inc.*,
2020 WL 6876300 (S.D. Cal. Mar. 20, 2020) ... 11

*Owen v. Hyundai Motor Am.*,
2023 WL 2529782 (E.D. Cal. Mar. 15, 2023) ... 7

*Simeone v. First Bank Nat'l Ass'n*,
971 F.2d 103 (8th Cir. 1992) ... 4

*Soler v. Cnty. of San Diego*,
2021 WL 2515236 (S.D. Cal. June 18, 2021) ... 12

*United Steelworkers of Am. v. Phelps Dodge Corp.*,
896 F.2d 403 (9th Cir. 1990) ... 10

*Whole E Nature, LLC v. Wonderful Co., LLC*,
No. 17CV10-LAB (KSC), 2017 WL 4227150 (S.D. Cal. Sept. 22, 2017) ... 4

*Zest IP Holdings, LLC v. Implant Direct Mfg., LLC*,
2014 WL 6851612 (S.D. Cal. Dec. 3, 2014) ... 12

**STATE CASES**

*Davis v. City of San Diego*,
106 Cal. App. 4th 893 (2003) ... 10

*Ketchum v. Moses*,
24 Cal. 4th 1122 (2001) ... 9, 14

*MBNA Am. Bank, N.A. v. Gorman*,
147 Cal. App. 4th Supp. 1 (Cal. App. Dep't Super. Ct. 2006) ... 10

*Syers Properties III, Inc. v. Rankin*,
226 Cal. App. 4th 691 (2014) ... 9, 10

**FEDERAL STATUTES**

28 U.S.C. § 1332 ... 2

28 U.S.C. § 1927 ... 1, 4, 15

**STATE STATUTES**

Cal. Civ. Code § 3479 ... 2



Glaser Weil

Cal. Civ. Code § 3480 .......... 2
Cal. Code Civ. Proc. § 526 .......... 2
Cal. Code Civ. Proc. § 731 .......... 2

**FEDERAL RULES**

Fed. R. Civ. Proc., Rule 41 .......... 1
Fed. R. Civ. Proc., Rule 41(d) .......... 1, 3, 4, 6, 7, 15
Fed. R. Civ. Proc., Rule 41(d)(2) .......... 16

**OTHER AUTHORITIES**

San Diego Mun. Code § 12.0202 .......... 2
San Diego Mun. Code § 121.0311 .......... 2

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

This is the second time in just over a month that this matter has been removed to this Honorable Court. The first time was on June 1, 2023, in *The People of the State of California, et al. v. Caydon San Diego Property LLC, et al.*, case No. 3:23-cv-1020-LAB-DDL (the "Original Action"). Shortly after Defendants Caydon San Diego Property LLC ("Caydon San Diego"), Caydon USA Holding LLC ("Caydon USA Holding"), and Caydon USA Property Group LLC ("Caydon USA Property Group") (collectively, "Caydon"; with Alex Beaton, the "Defendants") removed the Original Action, Plaintiffs inexplicably filed a Rule 41 notice of voluntary dismissal and refused to provide Caydon any explanation for why they dismissed the Original Action.

Three days later, Plaintiffs filed the exact same lawsuit against Caydon again in state court, the only difference being they added a California defendant—Alex Beaton. But Mr. Beaton is a sham defendant who was added for the purpose of destroying diversity. Mr. Beaton is not the "property manager" of the subject property as Plaintiffs claim, and Plaintiffs make no other allegations tying Mr. Beaton to their claims.

Plaintiffs' addition of Mr. Beaton to this lawsuit is a textbook case of forum shopping by adding a sham defendant to try and defeat federal jurisdiction, and judge shopping by having the case reassigned from the Honorable Larry A. Burns as a result of their procedural maneuvering. Plaintiffs' attempt to steer this lawsuit back into state court and away from Judge Burns is improper. They have wasted Defendants' resources by unfairly requiring Defendants to remove this action again, and again seek an extension of time in which to respond to the Complaint. Accordingly, pursuant to Federal Rule of Civil Procedure 41(d) or, alternatively, pursuant to 28 U.S.C. section 1927 and/or the Court's inherent powers, Defendants respectfully request that the Court order Plaintiffs to pay Defendants' costs and attorneys' fees incurred in the Original Action, as well as for the duplicative work necessitated as a result of Plaintiffs' multiple filings, and stay any further proceedings until Plaintiffs have complied.



Glaser Weil

## II. BACKGROUND

Plaintiffs allege that Defendants use and maintain three buildings ("the Property") in downtown San Diego in violation of state and local San Diego ordinance provisions and as a public nuisance. Plaintiffs allege two claims against Defendants: (1) maintenance of a public nuisance in violation of California Civil Code sections 3479 and 3480; and (2) violations of the San Diego Municipal Code, and seek injunctive relief and damages pursuant to California Code of Civil Procedure sections 526 and 731 and San Diego Municipal Code sections 12.0202 and 121.0311. *See* Doc. No. 1.

On April 27, 2023, Plaintiffs filed a complaint in the Superior Court of the State of California, County of San Diego, entitled *The People of the State of California, et al. v. Caydon San Diego Property LLC, et al.*, Case No. 37-2023-00017820-CU-MC-CTL. (Sperling Decl. ¶ 2.) The state court complaint included every Defendant named in this action with the exception of Mr. Beaton. (*Id.* ¶ 2.)

On June 1, 2023, Caydon timely removed the Original Action to this Court on the basis of diversity jurisdiction under 28 U.S.C. § 1332, as none of the Caydon Defendants are domiciled in or are citizens of the State of California. (Sperling Decl. ¶ 3.) Caydon also sought and obtained a 60-day extension of time to respond to the complaint from the Court, as Plaintiffs refused to stipulate to any extension.[1] (*Id.* ¶ 4.) On June 9, 2023, Plaintiffs filed a Notice of Voluntary Dismissal of the Original Action. (*Id.* ¶ 5) When Defendants' counsel reached out to the City Attorneys regarding the dismissal, the City Attorneys would not reveal the reason for their dismissal. (*Id.*) On June 14, 2023, the Court dismissed the Original Action without prejudice. (*Id.* ¶ 6.)

Meanwhile, on June 12, 2023, Plaintiffs commenced this new action by filing an almost identical complaint (the "Complaint") against Defendants in the Superior Court of the State of California, County of San Diego, entitled *The People of the State of*

---

[1] The Original Action was Case No. 3:23-cv-1020-LAB-DDL assigned to the Honorable Larry Alan Burns. *See* Original Action, Doc. No. 1.



Glaser Weil

*California, et al. v. Caydon San Diego Property LLC, et al.*, Case No. 37-2023-00024446-CU-MC-CTL (the "Present Action"). (Sperling Decl. ¶ 7.) The only difference between the Original Action and the Present Action is that Plaintiffs added Mr. Beaton—a California resident—as a defendant. (*Id.*) Plaintiffs did not acknowledge, whether in a notice of related case or in the Complaint, that the Present Action is a replica of the Original Action with the addition of Mr. Beaton. (*Id.*)

Defendants timely removed the Present Action to this Court on July 14, 2023, and filed a notice of related case the same day. (Sperling Decl. ¶ 8.) On July 13, 2023, prior to removing, Defendants' counsel contacted Plaintiffs' counsel to meet and confer about the Present Action. (*Id.* ¶ 9.) Defendants' counsel requested that Mr. Beaton be dismissed as he is not a property party to this action, noted that the two actions are the same but no notice of related case was filed, and requested that Plaintiffs stipulate to the same extension of time to respond to the Complaint that Judge Burns previously granted after Defendants were required to file an *ex parte* application due to Plaintiffs' counsel's refusal to agree. (*Id.*) Plaintiffs' counsel again refused to agree to Defendants' requested extension, which necessitated Defendants' counsel having to prepare a new *ex parte* application requesting the same relief. (*Id.*; Doc. No. 6.)

After this Court reached out to Plaintiffs' counsel about the new *ex parte* application on July 17, 2023, inquiring as to whether Plaintiffs planned to oppose and, if so, how much time they required, Plaintiffs' counsel responded on July 18, 2023 that they did not object to Defendants' request and would not file an opposition. (*Id.* ¶ 10.) The whole wasteful exercise of Defendants having to prepare another *ex parte* application would have been unnecessary but for Plaintiffs' dismissal of the Original Action and re-filing of the Present Action.

## III. LEGAL STANDARD

Under Federal Rule of Civil Procedure 41(d), "[i]f a plaintiff who previously dismissed an action in any court files another action based on or including the same claim against the same defendant," then a federal district court has discretion to "order

the plaintiff to pay all or part of the costs of that previous action" and to "stay the proceedings until the plaintiff has complied." Fed. R. Civ. P. 41(d). This rule protects against "the harassment of repeated lawsuits by the same plaintiff on the same claims." *Jurin v. Google Inc.*, 695 F. Supp. 2d 1117, 1123 (E.D. Cal. 2010). It is also intended to deter "forum shopping and vexatious litigation." *Esquivel v. Arau*, 913 F. Supp. 1382, 1386 (C.D. Cal. 1996) (quoting *Simeone v. First Bank Nat'l Ass'n*, 971 F.2d 103, 108 (8th Cir. 1992)), overruled in part on other grounds by *Moskowitz v. Am. Sav. Bank, F.S.B.*, 37 F.4th 538, 545–46 (9th Cir. 2022).

District courts do not require a defendant to show the plaintiff acted vexatiously or in bad faith in order to obtain costs under Rule 41(d). *See, e.g., Esquivel*, 913 F. Supp. at 1388. Instead, "a plaintiff bears the burden of showing a persuasive explanation for its litigation choices." *Whole E Nature, LLC v. Wonderful Co., LLC*, No. 17CV10-LAB (KSC), 2017 WL 4227150, at *4 (S.D. Cal. Sept. 22, 2017). "A defendant, on the other hand, only needs to show it incurred needless expenditures as a result of the plaintiff's actions." *Id.*

District Courts are empowered to remedy unreasonable and vexatious multiplication of proceedings in other ways as well. Title 28 of the United States Code section 1927 provides that "[a]ny attorney or other person admitted to conduct cases in any court of the United States . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." *See, e.g., Lahiri v. Universal Music & Video Dist. Corp.*, 606 F.3d 1216, 1218–19 (9th Cir. 2010) ("An attorney who unreasonably and vexatiously 'multiplies the proceedings' may be required to pay the excess fees and costs caused by his conduct" under 28 U.S.C. § 1927). District Courts also have the inherent power to sanction parties for bad faith litigation conduct. *See, e.g., Chambers v. NASCO, Inc.*, 501 U.S. 32, 45–46, (1991) ("[A] court may assess attorney's fees when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons.") (internal



Glaser Weil

quotation marks and citation omitted).

## IV. ARGUMENT

### A. Plaintiffs Should Pay Defendants' Costs Incurred In Removing This Action To Federal Court A Second Time Under Rule 41(d)

Alex Beaton is a sham defendant who has been added to the Present Action in order to destroy diversity jurisdiction. The Present Action includes only one factual allegation that is specific to Mr. Beaton, and it is incorrect. Specifically, the Complaint describes Mr. Beaton as the "manager of the Property that is the subject of the dispute." (Doc. No. 1-3 at 18 of 61.) But that is false. Mr. Beaton is not a property manager or in the property management business, and is not (and has never been) the property manager for the Property that is the subject of this action. (Doc. No. 1-2 ("Beaton Decl."), ¶¶ 3-4.) Nor is Mr. Beaton an employee or a representative of Caydon. (*Id.* ¶ 2.)

Instead, Mr. Beaton owns his own real estate consulting company, Alex Beaton Real Estate, LLC, a California Limited Liability company that offers third-party development services to real estate development and investment firms. (*Id.* ¶ 1.) As Mr. Beaton is located in San Diego, he has occasionally handled certain discrete tasks requested by the management of Caydon San Diego on an as-needed basis. (*Id.* ¶ 5.) Mr. Beaton is only authorized to act on the instruction of Caydon San Diego and its management with respect to any tasks related to the Property, and those tasks have been very discrete and limited in scope. (*Id.*)

Accordingly, Mr. Beaton is not a "Responsible Person" as defined in Section 11.0210 of the San Diego Municipal Code as Mr. Beaton: (1) is not an owner or tenant of the Property and not in possession of the property; (2) has no legal interest in the Property; (3) has no interest in the Property that is represented by a document such as a deed of trust, quitclaim deed, mortgage, judgment lien, tax or assessment lien, mechanic's lien, or any other similar instrument that is recorded with the County Recorder; and (4) did not cause or maintain any public nuisance or violation of the San



Glaser Weil

Diego Municipal Code with respect to the Property. (*Id.* ¶ 6.)

In short, Mr. Beaton is not a proper party to this lawsuit as he had nothing to do with creating or maintaining any of the alleged public nuisance conditions or municipal code violations of which the City complains in the Present Action. (Beaton Decl. ¶ 7.)

If Plaintiffs truly believed that Mr. Beaton was liable or is a Responsible Person or has some affiliation with the Caydon Defendants, they could have named him as a defendant in the Original Action. If Plaintiffs genuinely forgot to include Mr. Beaton as a party, they could have simply amended the Complaint in the Original Action to add him. Plaintiffs also could have "DOE'd in" Mr. Beaton, as they name 50 Doe Defendants in both of their complaints. Tellingly, Plaintiffs failed to meet and confer on this issue at all. (*See* Sperling Decl. ¶ 5.) Instead, they decided to dismiss the Original Action, then re-file an identical Complaint in State Court with the sole difference being the addition of Mr. Beaton, who just so happens to be a California citizen. (*Id.* ¶ 7.)

Dismissing a lawsuit removed to federal court and then re-filing the same exact lawsuit in state court with one additional sham defendant to try and defeat diversity is textbook forum shopping. *See, e.g.*, *Lennard v. Yeung*, 2011 WL 13217925, at *7 (C.D. Cal. Aug. 16, 2011) ("[R]e-filing a complaint in a different court to gain a tactical advantage or otherwise benefit from more favorable law constitutes forum shopping."). It is also exactly the type of bad-faith behavior Rule 41(d) is intended to remedy. *See Esquivel*, 913 F. Supp. at 1386 ("Rule 41(d) is intended to serve as a deterrent to forum shopping and vexatious litigation.") (citation omitted).

Moreover, it is also an improper attempt to shop for a different judge – once the case was removed again by Defendants, the case was assigned to a different district judge, which effectively gave Plaintiffs a peremptory challenge of the originally assigned district judge. This practice should not be permissible. Accordingly, an award of Defendants' fees and costs for the Original Action as well as duplicative work Defendants had to complete in the Present Action is appropriate here, and these proceedings should be stayed until Plaintiffs have complied with the Court's Order. *See*



Glaser Weil

Fed. R. Civ. P. 41(d).

**B. "Costs" Under Rule 41(d) Properly Include Defendants' Attorneys' Fees To Discourage Improper Forum Shopping**

It has long been recognized in the Ninth Circuit that a defendant seeking Rule 41(d) costs may be "entitled to both expenses and attorneys' fees that are reasonably incurred and that will not contribute toward defendants' defense in the present case." *Esquivel*, 913 F. Supp. at 1391-92 ("[I]f Rule 41(d)'s purpose is to prevent undue prejudice to a defendant from unnecessary or vexatious litigation, there does not seem to be a clear reason why Rule 41(d) would provide only for an award of costs exclusive of attorneys' fees, since the typical defendant cannot adequately defend a case without incurring such fees.").

Although the Ninth Circuit recently recognized in *Moskowitz v. American Savings Bank, F.S.B.* that "costs do not include attorney's fees as a matter of right," the Ninth Circuit intentionally left open the question of whether attorneys' fees may be awarded under Rule 41(d) if a plaintiff acts in "bad faith." 37 F.4th 538, 546 (9th Cir. 2022) ("[W]e do not here decide if bad faith is sufficient to allow a party to recover attorney's fees as 'costs' under Rule 41(d)."). As the Ninth Circuit noted, "bad faith" in this context specifically includes "forum shopping." *Id.* at 544 n.8 ("[A]ll uses of 'bad faith' in this opinion mean 'bad faith, vexatiousness, wanton actions, or forum shopping.'").

Following *Moskowitz*, at least two California district courts have reaffirmed that attorneys' fees are appropriate and available to deter bad-faith litigation like Plaintiffs' dismissal of the Original Action and re-filing of the Present Action. *See Owen v. Hyundai Motor Am.*, 2023 WL 2529782, at *3 (E.D. Cal. Mar. 15, 2023) (awarding attorneys' fees under Rule 41(d) after analyzing *Moskowitz* and noting that "[t]he Supreme Court has also long recognized district courts' inherent authority to remedy abusive and bad faith litigation by awarding attorneys' fees."); *Milkcrate Athletics, Inc. v. Adidas Am., Inc.*, 619 F. Supp. 3d 1009, 1028 (C.D. Cal. 2022) ("Ultimately, the







Glaser Weil

court views the [] weight of authority as constraining the upper bound of the court's discretion to award fees to situations in which (1) there is proof of bad faith, vexatiousness, wanton actions, or forum shopping in the filing of the original action; or (2) if the substantive statute underlying the claim provides for attorney's fees."). Several other federal circuit courts have reached the same conclusion, and were cited favorably by the Ninth Circuit in *Moskowitz*. *See* 37 F.4th at 545 n.10 (citing *Horowitz v. 148 S. Emerson Assocs. LLC*, 888 F.3d 13 (2d Cir. 2018)[2], *Andrews v. Am.'s Living Ctrs., LLC*, 827 F.3d 306 (4th Cir. 2016),[3] and *Esposito v. Piatrowski*, 223 F.3d 497 (7th Cir. 2000)[4]).

As set forth above, Plaintiffs engaged in blatant forum shopping and vexatious litigation here. They dismissed the Original Action shortly after it was removed and after Judge Burns granted Defendants' *ex parte* application for an extension of time to respond to the Complaint. Then they quickly re-filed a near-identical Complaint in State Court before the Original Action was even dismissed by this Court. Plaintiffs made no substantive changes to the Complaint in the Present Action other than the addition of Mr. Beaton as a sham defendant. Accordingly, an award of Defendants' costs and attorneys' fees incurred in the Original Action is appropriate here.

Defendants should also be awarded their costs and attorneys' fees for duplicative work that had to be performed in the Present Action, including their fees associated with drafting two *ex parte* applications for the same relief (an extension of time for Defendants to respond to the Complaint) because Plaintiffs' counsel twice refused to

---

[2] *See Horowitz*, 888 F.3d at 25 ("[T]he entire Rule 41(d) scheme would be substantially undermined were the awarding of attorneys' fees to be precluded. We thus have no difficulty in concluding that Rule 41(d) evinces an unmistakable intent for a district court to be free, in its discretion, to award attorneys' fees as part of costs.").

[3] *Andrews*, 827 F.3d at 311 ("[Permitting attorneys' fees under Rule 41(d)] strikes the right balance between upholding the American Rule and furthering the goal of Rule 41(d) to deter forum shopping and vexatious litigation on the part of the plaintiff.")

[4] *See Esposito*, 223 F.3d at 501 ("[A]warding such fees as part of costs advances the purpose of Rule 41(d), which is to deter forum shopping and vexatious litigation.")



Glaser Weil

agree to the requested extension, forcing Defendants' counsel to prepare *ex parte* applications twice, only for Plaintiffs to fail to oppose both. (Sperling Decl. ¶¶ 4, 9-10.)

### C. Defendants' Costs And Attorneys' Fees Incurred In The Original Action And Preparing This Motion Were Reasonable

Defendants seek a total of $75,779.70 in attorneys' fees and $1,229.98 in costs incurred for services performed in the Original Action, duplicative time spent as a result of Plaintiffs' multiple filings, and in preparing this Motion.

In an action based on diversity of jurisdiction, "state law on attorney's fees is substantive, so state law applies in diversity cases." *Alaska Rent-A-Car, Inc. v. Avis Budget Grp., Inc.*, 738 F.3d 960, 973 (9th Cir. 2013); *see also MRO Commc'ns, Inc. v. Am. Tel. & Tel. Co.*, 197 F.3d 1276, 1282 (9th Cir. 1999) ("In an action involving state law claims, we apply the law of the forum state to determine whether a party is entitled to attorneys' fees, unless it conflicts with a valid federal statute or procedural rule.").

The typical starting point for the calculation of an award of reasonable fees is "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). This has come to be known as the "lodestar" figure, which has "become the guiding light of [federal courts'] fee-shifting jurisprudence." *City of Burlington v. Dague*, 505 U.S. 557, 562 (1992). Federal courts "have established a 'strong presumption' that the lodestar represents the 'reasonable' fee." *Id*. California courts apply the same methodology. *See, e.g., Syers Properties III, Inc. v. Rankin*, 226 Cal. App. 4th 691, 697 (2014) ("Under the lodestar method, attorney fees are calculated by first multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate of compensation.").

An award of attorneys' fees "should ordinarily include compensation for *all* the hours *reasonably spent*, including those relating solely to the fee." *Ketchum v. Moses*, 24 Cal. 4th 1122, 1133 (2001) (emphasis in original); *Vo v. Las Virgenes Mun. Water Dist.*, 79 Cal. App. 4th 440, 446 (2000) ("Under the lodestar method, a party who qualifies for a fee should recover for all hours reasonably spent unless special



Glaser Weil

circumstances would render an award unjust."); *see also GDS Indus., Inc. v. Great Am. Ins. Co.*, 2017 WL 2424056, at *8 (S.D. Cal. June 5, 2017) ("California law permits the recovery of fees incurred to establish and defend the fee claim.") (internal quotation marks omitted).

As shown below and in the accompanying Declaration of Elizabeth A. Sperling, the costs and fees that Defendants seek to recover here are reasonable in amount, were necessarily incurred, and the hourly rates charged are reasonable in light of the nature of the work and the experience and professional standing of the attorneys who performed the work. (Sperling Decl. ¶¶ 12, 15, 18, 21, 22-25, 27-30.)

**1. Defendants' counsel's hourly rates are reasonable and in line with rates charged in the community.**

"The reasonable market value of the attorney's services is the measure of a reasonable hourly rate." *Syers Properties III, Inc.*, 226 Cal. App. 4th at 701. A reasonable hourly rate "is generally based on the rates prevalent in the community where the court is located." *Id.* at 700. A declaration by the moving party's attorney is counted as "satisfactory evidence of the prevailing market rate." *United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990). Indeed, under California law, "the moving party may satisfy its burden through its own affidavits, without additional evidence." *MBNA Am. Bank, N.A. v. Gorman*, 147 Cal. App. 4th Supp. 1, 13 (Cal. App. Dep't Super. Ct. 2006) (citing *Davis v. City of San Diego*, 106 Cal. App. 4th 893, 903 (2003)).

Defendants' lead counsel on this case is Elizabeth Sperling, who is a partner at Glaser Weil Fink Howard Jordan & Shapiro LLP ("Glaser Weil"). (Sperling Decl. ¶ 13.) Ms. Sperling has 21 years of extensive trial, arbitration, and appellate experience in a broad range of commercial litigation matters. (*Id.*) Ms. Sperling managed, supervised, and executed Defendants' response in the Original Action as well as in the Present Action. (*Id.* ¶ 14.) Ms. Sperling's billing rate is $1,200 per hour, which is commensurate with, and within the market range of, hourly rates commonly charged in







Glaser Weil

San Diego County by partners at comparable law firms with similar credentials, skills, and experience. (*Id.* ¶ 15.) Moreover, Ms. Sperling steeply discounts her rate for Defendants in this matter, charging a discounted rate of $896.75. (*Id.*)

Where and as appropriate, Ms. Sperling delegates tasks to two associates at Glaser Weil, Alexander Miller and Jack Day, who both have multiple years of experience litigating commercial matters. (*Id.* ¶¶ 11, 16-17, 19-20.) A legal team limited to one partner and two associates is reasonable and appropriate under the circumstances. (*Id.* ¶ 11.) By contrast, Defendants are litigating against the vast power and resources of the State of California and the City of San Diego. Plaintiffs are represented by the Office of the City Attorney and at least five lawyers from that office have already appeared in or are known to be involved in the action. (*Id.*)

Mr. Miller's standard billing rate is $750 per hour, and his rate billed to Defendants in this matter is discounted by 15%, reducing his rate to $637.51. (*Id.* ¶ 18.) Mr. Day's standard billing rate is $550 per hour, and his rate billed to Defendants in this matter is discounted by 15%, reducing his rate to $467.50. (*Id.* ¶ 21.) Both Mr. Miller's and Mr. Day's standard and discounted billing rates are commensurate with, and within the market range of, hourly rates commonly charged in San Diego County by associates at comparable law firms with similar credentials, skills, and experience. (*Id.* ¶¶ 18, 21.)

Other courts in the Southern District have repeatedly found rates similar to those charged by Defendants' counsel at Glaser Weil to be reasonable for civil litigation cases in San Diego County. *See, e.g.*, *Herring Networks, Inc. v. Maddow*, 2021 WL 409724, at *5-7 (S.D. Cal. Feb. 5, 2021) (hourly rate range of $470-$1,150 for associates and partners was reasonable); *Martinez v. Costco Wholesale Corp.*, 2023 WL 2229267, at *9-10 (S.D. Cal. Feb. 24, 2023) (hourly rate range of $350-$800 for associates and partners was reasonable); *NuVasive, Inc. v. Alphatec Holdings, Inc.*, 2020 WL 6876300, at *2-4 (S.D. Cal. Mar. 20, 2020) (hourly rate range of $515-$1,005 for associates and partners was reasonable); *LG Corp. v. Huang Xiaowen*, 2017 WL



Glaser Weil

3877741, at *2-3 (S.D. Cal. Sept. 5, 2017) (hourly rate ranges of $850-$890 for lead counsel and $370-$488 for associates were reasonable); *Lopez v. Mgmt. & Training Corp.*, 2020 WL 1911571, at *8-9 (S.D. Cal. Apr. 20, 2020) (hourly rate range of $500-$900 for associates and partners was reasonable); *Zest IP Holdings, LLC v. Implant Direct Mfg., LLC*, 2014 WL 6851612, at *5-6 (S.D. Cal. Dec. 3, 2014) (hourly rate range of $360-$895 for associates and partners was reasonable); *see also Soler v. Cnty. of San Diego*, 2021 WL 2515236, at *5 (S.D. Cal. June 18, 2021) ("Over the course of the past several years, courts in this District have awarded hourly rates for work performed in civil cases by attorneys with significant experience anywhere in range of $550 per hour to more than $1000 per hour.").

Accordingly, Defendants' counsel's billing rates, including the discounted rates that were actually charged, are reasonable.

**2. <u>Defendants' counsel's hours billed to this matter and the work performed were reasonable, necessary and appropriate.</u>**

This is a complex case in many respects involving many parties, several of whom are citizens of other states and another country; the litigation involves novel and complex legal issues; it is high profile and is receiving media attention due in no small part to Plaintiffs' efforts to garner media attention by issuing a press release about the case in which they denigrate Caydon; a number of motions have already been required at this very early stage with more motions forthcoming (motion to dismiss for lack of personal jurisdiction and a possible Rule 12 motion to dismiss); and Defendants are private parties who are defending against the vast powers and resources of the State of California and the City of San Diego. (Sperling Decl. ¶ 22.)

As Defendants' lead counsel, Ms. Sperling manages, supervises, and develops the legal strategy for Defendants in the Original Action and the Present Action including, but not limited to, preparing two notices of removal, two *ex parte* applications to extend time, the instant Motion, and all supporting documents relating to these filings. (Sperling Decl. ¶ 14.) Mr. Miller and Mr. Day assisted with preparing



Glaser Weil

the notices of removal in both federal and state court, the *ex parte* applications to extend time, and all supporting documents. (*Id.* ¶¶ 17, 20). These services were performed reasonably and efficiently over the course of approximately 66.6 hours. (*Id.* ¶ 22.)

The fees incurred, and anticipated to be incurred, in preparation of this Motion were also reasonable and include without limitation: the time spent analyzing legal authorities bearing on the Motion; identifying and complying with procedures set forth in the Federal Rules of Civil Procedure and the Local Rules; and drafting and revising this Motion and supporting declarations (Sperling Decl., ¶¶ 27-29). These services have been performed reasonably and efficiently by Ms. Sperling and Mr. Miller over the course of approximately 48.3 hours. (*Id.* ¶¶ 28-29.)

**3. The total amount of attorneys' fees sought by Defendants is reasonable and appropriate.**

As set forth above, the hours incurred by Defendants' attorneys in litigating the Original Action and the duplicative time they have been required to expend in the Present Action as a result of Plaintiffs' multiple filings were reasonable, necessary, and appropriate. The total hours billed, standard and discounted hourly rates, and fees charged with respect to each attorney are as follows (Sperling Decl. ¶ 23):

| Fees Incurred In The Original Action | | | | |
|---|---|---|---|---|
| **Timekeeper Name** | **Hours Billed** | **[Standard Hourly Rate]** | **Discounted Hourly Rate** | **Total Fees Charged** |
| Elizabeth Sperling | 18.4 | [$1,200] | $896.75 | $16,500.20 |
| Alex Miller | 15.2 | [$750] | $637.51 | $9,690.15 |
| Jack Day | 33 | [$550] | $467.50 | $15,427.50 |
| **Total** | | | | **$41,617.85** |

/ / /

/ / /

/ / /

/ / /



Glaser Weil

To date, the total hours billed and anticipated to be billed, standard and discounted hourly rates, and fees charged for this Motion[5] are (Sperling Decl. ¶ 28):

| Timekeeper Name | Hours Billed | [Standard Hourly Rate] | Discounted Hourly Rate | Total Fees Charged |
|---|---|---|---|---|
| Elizabeth Sperling | 13 | [$1,200] | $896.75 | $11,657.75 |
| Alex Miller | 35.3 | [$750] | $637.51 | $22,504.10 |
| **Total** | | | | **$34,161.85** |

An award of Defendants' attorneys' fees for the time incurred in litigating the Original Action, duplicative work they had to perform in the Present Action as a result of Plaintiffs' multiple filings, and in preparing this Motion is appropriate here in order to compensate Defendants for the unnecessary time incurred in having to remove this case to federal court twice, to move for an extension of time to respond to the complaint twice, and to discourage further forum shopping by Plaintiffs in the future. *See Ketchum*, 24 Cal. 4th at 1133 (an award of attorneys' fees "should ordinarily include compensation for *all* the hours *reasonably spent*, including those relating solely to the fee.") (emphasis in original). Accordingly, Defendants seek their total discounted fees in the amount of **$75,779.70**. (Sperling Decl. ¶ 30.)

**4. <u>Defendants' costs were reasonable and appropriate.</u>**

Defendants incurred costs in the amount of $1,229.98 in the Original Action, including $1,041.95 in filing fees and $188.03 in printing and FedEx charges. (Sperling Decl., ¶ 25.) These costs were reasonably necessary to the conduct of the Original Action and should also be awarded under Rule 41(d).

[5] Defendants anticipate additional time will be spent in connection with the reply brief in support of the Motion and any necessary preparation for a hearing on the Motion. (Sperling Decl. ¶ 29.) These time estimates are incorporated into Defendants' fee request and the chart above. Should there not be a hearing, several hours of time will be appropriately deducted from the totals above. (*Id.*)



Glaser Weil

**D. Alternatively, Defendants Should Be Awarded Their Fees And Costs Under 28 U.S.C. § 1927 Or The Court's Inherent Powers**

Although Defendants believe an award of attorneys' fees and costs is appropriate under Rule 41(d), Defendants alternatively seek an award of their reasonable attorneys' fees and costs pursuant to 28 U.S.C. section 1927 and/or the Court's inherent power to sanction litigation misconduct for the same reasons set forth above. *See* 28 U.S.C. § 1927 ("Any attorney or other person admitted to conduct cases in any court of the United States . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."); *Chambers*, 501 U.S. at 45-46 ("[A] court may assess attorney's fees when a party has "acted in bad faith, vexatiously, wantonly, or for oppressive reasons.") (internal quotation marks and citation omitted). Notably, bad faith conduct like Plaintiffs have engaged in here may be sanctioned under the Court's inherent powers even if it is sanctionable under other rules. *See Chambers*, 501 U.S. at 46-48 ("These other mechanisms, taken alone or together, are not substitutes for the inherent power, for that power is both broader and narrower than other means of imposing sanctions.").

**V. CONCLUSION**

For the foregoing reasons, Defendants respectfully request that they be awarded $75,779.70 in attorneys' fees, or such other amount the Court deems reasonable and appropriate, and $1,229.98 in costs pursuant to Rule 41(d); that the Court hold both Plaintiffs jointly and severally liable for the same; and that these proceedings be stayed until Plaintiffs have complied with payment of the requested award. *See* Fed. R. Civ. P. 41(d)(2) (court may stay proceedings until the plaintiff has complied with an order awarding costs).

Glaser Weil



DATED: July 20, 2023

Respectfully submitted,

**GLASER WEIL FINK HOWARD JORDAN & SHAPIRO LLP**

By: /s/ *Elizabeth A Sperling*

ELIZABETH A. SPERLING
ALEXANDER R. MILLER
JACK DAY
Attorneys for Defendants Caydon San Diego Property LLC and Alex Beaton, and Specially Appearing Defendants Caydon USA Holding LLC, and Caydon USA Property Group LLC