ELIZABETH A. SPERLING - State Bar No. 231474
  esperling@glaserweil.com
ALEXANDER R. MILLER - State Bar No. 294474
  amiller@glaserweil.com
JACK DAY – State Bar No. 324516
  jday@glaserweil.com
**GLASER WEIL FINK HOWARD**
  **JORDAN & SHAPIRO LLP**
501 W. Broadway, Suite 800
San Diego, CA 92101
Telephone:  (619) 765-4380
Facsimile:   (619) 483-0646

Attorneys for Defendants Caydon San Diego Property LLC and Alex Beaton, and Specially Appearing Defendants Caydon USA Holding LLC and Caydon USA Property Group LLC

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE OF THE STATE OF CALIFORNIA and CITY OF SAN DIEGO, a municipal corporation,<br><br>Plaintiffs,<br><br>v.<br><br>CAYDON SAN DIEGO PROPERTY LLC, a Delaware Limited Liability Company; CAYDON USA HOLDING LLC, a Texas Foreign Limited Liability Company and a Delaware Limited Liability Company; CAYDON USA PROPERTY GROUP, LLC, a Delaware Limited Liability Company; MATTHEW HUTTON, Receiver and Manager of CAYDON USA PROPERTY GROUP HOLDINGS PTY LTD; ALEX BEATON, an individual; and DOES 1 through 50, inclusive,<br><br>Defendants. | CASE NO.: 3:23-cv-01296-DMS-KSC<br><br>**DECLARATION OF ELIZABETH A. SPERLING IN SUPPORT OF DEFENDANTS' MOTION FOR RULE 41(d) AWARD OF FEES AND COSTS AGAINST PLAINTIFFS AND FOR STAY OF PROCEEDINGS PENDING PAYMENT**<br><br>[Filed concurrently with Notice of Motion and Memorandum of Points and Authorities]<br><br>Date filed: June 12, 2023<br>Removal date: July 14, 2023<br><br>Hearing Date: August 18, 2023<br>Hearing time:  1:30 p.m.<br>Courtroom:  13A |

## DECLARATION OF ELIZABETH A. SPERLING

I, Elizabeth A. Sperling, declare as follows:

1. I am an attorney duly licensed to practice law before all courts of the State of California and in the Southern District of California and am a partner of Glaser Weil Fink Howard Jordan & Shapiro LLP ("Glaser Weil"), attorneys of record for Defendants Caydon San Diego Property LLC ("Caydon San Diego"), Caydon USA Holding LLC ("Caydon USA Holding"), Caydon USA Property Group LLC ("Caydon USA Property Group") (collectively, "Caydon"), and Alex Beaton (collectively, "Defendants") in this matter. This declaration is submitted in support of Defendants' Motion for Rule 41(d) Award of Fees and Costs Against Plaintiffs And for Stay of Proceedings Pending Payment (the "Motion"). I have personal knowledge of the facts set forth in this declaration and, if called as a witness, could and would testify competently to such facts under oath.

2. On April 27, 2023, Plaintiffs initially commenced this action by filing a complaint against Caydon in the Superior Court of the State of California, County of San Diego, entitled *The People of the State of California, et al. v. Caydon San Diego Property LLC, et al.*, Case No. 37-2023-00017820-CU-MC-CTL (the "Original Action"). The state court complaint included every Defendant named in this action with the exception of Mr. Beaton.

3. On behalf of Defendants, my office timely filed a notice of removal and removed the Original Action to this Court on June 1, 2023, under 28 U.S.C. § 1332, as none of the Defendants were domiciled in or citizens of the State of California.

4. The Original Action was Case No. 3:23-cv-1020-LAB-DDL assigned to the Honorable Larry Alan Burns. (*See* Original Action, Doc. No. 1.) My office also filed an *ex parte* application in the Original Action for a 60 day extension of time to respond to the complaint, as Plaintiffs refused to stipulate to any extension but then failed to oppose the *ex parte* application. Judge Burns granted our *ex parte* application.

5. Then on June 9, 2023, shortly after the Court granted our request for an

extension, Plaintiffs filed a notice of voluntary dismissal of the Original Action, and the case was subsequently dismissed. Plaintiffs' counsel did not meet and confer with my office before dismissing. That same day I reached out to the City Attorneys to inquire regarding the reason for the dismissal, but the City Attorneys would not reveal the reason for the dismissal.

6. On June 14, 2023, the Court dismissed the Original Action without prejudice in its entirety.

7. Meanwhile, on June 12, 2023, Plaintiffs re-filed the instant action in the Superior Court of the State of California, County of San Diego, entitled *The People of the State of California, et al. v. Caydon San Diego Property LLC, et al.*, Case No. 37-2023-00024446-CU-MC-CTL (the "Present Action"), asserting the exact same claims as in the Original Action, but naming Alex Beaton—a California resident—as a new defendant. Plaintiffs did not acknowledge anywhere that the Present Action is a replica of the Original Action with the addition of Mr. Beaton nor did they file a notice of related case.

8. My office again timely removed the action to this Court on July 14, 2023, and filed a notice of related case the same day.

9. On July 13, 2023, prior to removing, I contacted Plaintiffs' counsel to meet and confer about the Present Action. I requested that Mr. Beaton be dismissed as he is not a property party to this action, noted that this action and the Original Action are the same but no notice of related case was filed, and requested that Plaintiffs stipulate to the same extension of time to respond to the Complaint that the Honorable Larry A. Burns previously granted in the Original Action. Plaintiffs' counsel again refused to agree to our requested extension, which necessitated my office having to prepare a new *ex parte* application requesting the same relief again in this action. We would not have had to prepare the new *ex parte* application but for Plaintiffs' dismissal of the Original Action.

10. After this Court reached out to Plaintiffs' counsel about the new *ex parte*

3

DECLARATION OF ELIZABETH A. SPERLING

2305943

application on July 17, 2023, inquiring as to whether Plaintiffs planned to oppose and, if so, how much time they required, Plaintiffs' counsel responded on July 18, 2023 that they did not object to Defendants' request and would not file an opposition. The Court then granted our *ex parte* application.

11. Defendants' legal team in this matter consists of myself and two associates of Glaser Weil: attorneys Alexander Miller and Jack Day. Based on my experience, a legal team limited to one partner and two associates is reasonable and appropriate in this type of case. By contrast, Plaintiffs are represented by the Office of the City Attorney and we have already seen at least five lawyers from that office who have appeared in or are known to be involved in the action.

12. At all times, my colleagues and I have strove to provide efficient and effective service. Moreover, as explained further below, my clients receive a deep discount on our standard hourly billing rates in connection with this action. The following information is provided to the Court to assist it in adjudicating this Motion.

13. I am a partner in the San Diego office of Glaser Weil, and the lead counsel on this case. I have 21 years of extensive trial, arbitration, and appellate experience in a broad range of commercial litigation matters. Before joining Glaser Weil, I was a partner for many years in the Los Angeles Office of the international law firm of Alston & Bird.

14. I am responsible for managing, supervising, and developing the legal strategy for the Original Action and the Present Action on Defendants' behalf, including preparing two notices of removal, two *ex parte* applications to extend time, this Motion, and all supporting documents relating to these filings.

15. My billing rate at Glaser Weil is $1,200 per hour. I provide a steeply discounted rate to my clients in this matter, however, of $896.75 per hour. Based on my knowledge and experience, my standard hourly billing rate and discounted rate charged to my clients herein are commensurate with, and within the market range of, hourly rates commonly charged in San Diego County by partners at comparable law

firms with similar credentials, skills, and experience.

16. Alexander Miller is a litigation associate at Glaser Weil whose practice focuses on complex commercial litigation. Mr. Miller graduated from the University of San Diego School of Law in 2013. Prior to joining Glaser Weil, Mr. Miller was a litigation associate in the San Diego office of Cooley LLP. Prior to that, Mr. Miller served as a law clerk to the Hon. J. Clifford Wallace, Senior Circuit Judge of the United States Court of Appeals for the Ninth Circuit, and as a law clerk to the Hon. Michael M. Anello, Senior District Judge of the United States District Court for the Southern District of California.

17. Under my supervision and management, Mr. Miller researched and prepared the two *ex parte* applications to extend time and supporting papers, this Motion and supporting papers, and other documents and tasks in both the Original Action and the Present Action.

18. Mr. Miller's hourly rate is $750. I provide a 15% discount to Defendants for Mr. Miller's services so that Defendants are charged only $637.51 per hour for his time. Based on my knowledge and experience, Mr. Miller's standard hourly billing rate and discounted rate charged to Defendants in connection with this action are commensurate with, and within the market range of, hourly rates commonly charged in San Diego County by associates at comparable law firms with similar credentials, skills, and experience.

19. Jack Day is a litigation associate at Glaser Weil whose practice focuses on complex commercial litigation. Mr. Day graduated from the University of California, Irvine School of Law in 2018. Prior to joining Glaser Weil, Mr. Day was a litigation associate in the Los Angeles office of O'Melveny & Meyers LLP.

20. Under my supervision and management, Mr. Day assisted in researching and preparing the notice of removal and supporting papers in both the Original Action and the Present Action, as well as other documents and tasks.

21. Mr. Day's hourly rate is $550. I provide a 15% discount to Defendants

for Mr. Day's services so that Defendants are charged only $467.50 per hour for his time. Based on my knowledge and experience, Mr. Day's standard hourly billing rate and discounted rate charged to Defendants in connection with this action are commensurate with, and within the market range of, hourly rates commonly charged in San Diego County by associates at comparable law firms with similar credentials, skills, and experience.

22.   Based on the foregoing attorneys' hours expended as outlined above, a total of 66.6 hours were spent in connection with the above-referenced services. My team has litigated the Original Action and the Present Action efficiently and economically, with a proper distribution of responsibility among the three professionals who work on the matter. This is a complex case in many respects involving many parties, several of whom are citizens of other states and another country; the litigation involves novel and complex legal issues; it is high profile and is receiving media attention due in no small part to Plaintiffs' efforts to garner media attention by issuing a press release about the case in which they denigrate Caydon; a number of motions have already been required at this very early stage with more motions forthcoming (motion to dismiss for lack of personal jurisdiction and a possible Rule 12 motion to dismiss); and Defendants are private parties who are defending against the vast powers and resources of the State of California and the City of San Diego.

23.   Based on a review of the applicable time records of my office, the total hours billed, standard and discounted hourly rates, and fees charged with respect to each attorney in connection with the above-referenced services are as follows:

| Timekeeper Name | Hours Billed | [Standard Hourly Rate] | Discounted Hourly Rate | Total Fees Charged |
|---|---|---|---|---|
| Elizabeth Sperling | 18.4 | [$1,200] | $896.75 | $16,500.20 |
| Alex Miller | 15.2 | [$750] | $637.51 | $9,690.15 |
| Jack Day | 33 | [$550] | $467.50 | $15,427.50 |
| **Total** | | | | **$41,617.85** |

24. Defendants are only seeking recovery of the discounted fees they were actually charged in this matter.

25. In addition to attorneys' fees, Defendants also incurred and seek to recover their costs in the amount of $1,229.98 from the Original Action, which includes $1,041.95 in filing fees and $188.03 in printing and FedEx charges. These costs were reasonably necessary to the conduct of the Original Action, as Defendants had to file notices of removal in both State and Federal court, and mail courtesy copies of the filings to the Court and to Plaintiffs.

26. Part of my responsibilities as a partner is to review billing statements. Over the course of my career, I have reviewed thousands of bills and am very familiar with the fees normally associated with litigation. In my opinion and based on my years of experience, the above-referenced fees and costs were reasonable and necessary under the circumstances. Moreover, the discounted rates I provide to my clients resulted in a savings of approximately $10,012.15, in connection with the Original Action which we otherwise would have sought to recover by this Motion. These discounts, which inure to Plaintiffs' benefit in connection with this Motion, underscore and confirm the reasonableness of the amount of fees and costs that my clients are seeking to recover.

27. Defendants are also seeking their fees incurred in connection with this Motion. They include, without limitation, the time spent researching and analyzing legal authorities bearing on this Motion; researching, drafting, and revising this Motion and supporting declaration; reviewing and analyzing applicable billing entries; and identifying and complying with procedures set forth in the Federal Rules of Civil Procedure and the Local Rules.

28. Based on a review of the applicable time records of my team, the total current and anticipated hours billed, standard and discounted hourly rates, and fees charged with respect to each attorney for this Motion are as follows:

| Timekeeper Name | Hours Billed | [Standard Hourly Rate] | Discounted Hourly Rate | Total Fees Charged |
|---|---|---|---|---|
| Elizabeth Sperling | 13 | [$1,200] | $896.75 | $11,657.75 |
| Alex Miller | 35.3 | [$750] | $637.51 | $22,504.10 |
| Total | | | | $34,161.85 |

29. I anticipate that I will spend approximately one hour reviewing the opposition to this Motion, three hours reviewing and preparing the reply brief, and three hours preparing for and attending the hearing on this matter, if any. I anticipate Mr. Miller will also spend approximately one hour reviewing the opposition to this motion, 10 hours researching and drafting the reply brief, and three hours preparing for and attending the hearing on this matter, if any. These estimates are included in the chart above. In the event there is no hearing on this matter, the above amounts should be deducted by three hours for both timekeepers.

30. In total, as of the date of this filing, Defendants seek an award of **$75,779.70** in attorneys' fees for the above-referenced work, including relating to this Motion, and **$1,229.98** in costs.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration is executed on July 20, 2023, in San Diego, California.

                                          /s/ *Elizabeth A. Sperling*
                                          Elizabeth A. Sperling