MARA W. ELLIOTT, City Attorney
PAIGE E. FOLKMAN, Assistant City Attorney
DAVID E. MILLER, Deputy City Attorney
California State Bar No. 174469
    Office of the City Attorney
    Community Justice Division/Nuisance Abatement Unit
    1200 Third Avenue, Suite 700
    San Diego, California 92101-4103
    Telephone: (619) 533-5500
    Fax: (619) 533-5505
    MillerDE@sandiego.gov

Attorneys for Plaintiffs
The People of the State of California

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE OF THE STATE OF CALIFORNIA and CITY OF SAN DIEGO, a municipal corporation,<br><br>    Plaintiffs,<br><br>v.<br><br>CAYDON SAN DIEGO PROPERTY LLC, a Delaware Limited Liability Company; CAYDON USA HOLDING LLC, a Texas Foreign Limited Liability Company and a Delaware Limited Liability Company; CAYDON USA PROPERTY GROUP, LLC, a Delaware Limited Liability Company; MATTHEW HUTTON, Receiver and Manager of CAYDON USA PROPERTY GROUP HOLDINGS PTY LTD; ALEX BEATON, an individual; and DOES 1 through 50, inclusive,<br><br>    Defendants. | CASE NO. 3:23-cv-01296-LAB-DDL<br><br>**PLAINTIFFS' NOTICE OF *EX PARTE* APPLICATION AND *EX PARTE* APPLICATION FOR ORDER DEFERRING BRIEFING AND HEARING ON DEFENDANTS' MOTION FOR RULE 41(d) AWARD OF FEES AND COSTS PENDING DETERMINATION OF JURISDICTION**<br><br>**[Filed concurrently with Declaration of David E. Miller]**<br><br>Date Filed: June 12, 2023<br>Removal Date: July 14, 2023<br>Judge: Hon. Larry A. Burns<br>Courtroom: 14A |

## I.

## **BACKGROUND**

On April 27, 2023, Plaintiffs, the People of the State of California and the City of San Diego, filed a civil enforcement action against Caydon San Diego Property LLC, Caydon USA Holding LLC, Caydon USA Property Group, LLC, and Matthew Hutton in the Superior Court of California, County of San Diego, as Case No. 37-2023-00017820-CU-MC-CTL (Original Action).

On June 1, 2023, Defendants Caydon San Diego Property LLC, Caydon USA Holding LLC, and Caydon USA Property Group, LLC removed this action to the United States District Court citing diversity jurisdiction, despite extensive case law establishing that the Original Action filed on behalf of the People of the State of California as expressly authorized under California Code of Civil Procedure section 731 was not removable based on diversity jurisdiction.

After learning that the Original Action had been removed to federal court, Plaintiffs conducted further investigation and recognized that an additional defendant, Alex Beaton, should have been named in the Original Action. For multiple reasons, including those identified in paragraph 6 of the Declaration of David E. Miller in Support of Plaintiffs' *Ex Parte* Application for Order Deferring Briefing (Miller Decl.) and Plaintiffs' upcoming Motion to Remand, Plaintiffs filed a Notice of Voluntary Dismissal Pursuant to Federal Rule of Civil Procedure 41(a)(1) on June 9, 2023.

On June 12, 2023, Plaintiffs refiled their case in the Superior Court of California, County of San Diego, naming Alex Beaton as an additional defendant (Case No. 37-2023-00024446-CU-MC-CTL). All Defendants, excepting Matthew Hutton, a resident of Australia, have been properly served. The Hague Convention establishes a method of serving residents of Australia. The process typically takes five months.

. . . . .

1

On July 14, 2023, Defendants Caydon San Diego Property LLC, Caydon USA Holding LLC, Caydon USA Property Group, LLC, and Alex Beaton (Defendants) improperly removed the case to federal court. Subsequently, Defendants filed a Motion for Federal Rule of Civil Procedure 41(d) Award of Fees and Costs (Defendants' Motion for Fees), to which a reply is due on August 4, 2023. A hearing on Defendants' Motion for Fees is set for August 18, 2023, at 1:30 p.m. in Courtroom 14A.

Plaintiffs believe that Defendants' Motion for Fees is premature as jurisdiction must first be established. By this Application, Plaintiffs request that Plaintiffs' deadline to respond to and hearing on Defendants' Motion for Fees be deferred until after a Motion to Remand is heard and jurisdiction established. A Motion to Remand is forthcoming.

Plaintiffs have made no previous requests for a continuance and no case management dates have been set.

## II.

### STATEMENT OF FACTS

On July 27, Plaintiffs' counsel sent an email to defense counsel requesting a stipulation to stay Defendants' Motion for Fees pending a determination of jurisdiction. Miller Decl. ¶ 11 and Exhibit 1.

On July 28, 2023, Plaintiffs' counsel sent another email to defense counsel, asking:

> Are you willing to stipulate to holding all further briefings and hearing on your Motion for Fees and Costs until after the Court's ruling on the Motion to Remand. If remand is denied, I plan to request 14 days from the entry of the Court's Order denying the Motion to Remand to respond to your Motion for Fees and Costs.

Miller Decl. ¶ 12 and Exhibit 2. Defense counsel responded shortly thereafter that she was consulting with her client. She asked that Plaintiffs "[p]lease hold on your ex parte until I can get back to you as we may be able to obviate the issue or come up with an alternate solution." Miller Decl. ¶ 13 and Exhibit 3. Plaintiffs' counsel

responded three minutes later, writing that he would hold off filing the *ex parte* motion as requested. *Id.*

On July 31, 2023 at 2:32 p.m., defense counsel conveyed that Defendants were amenable to "continu[ing] the hearing date and briefing schedule on [Defendants' Motion for Fees]." Miller Decl. ¶ 14 and Exhibit 4. However, Defense counsel believes that both Defendants' Motion for Fees and Plaintiffs' Motion to Remand should be heard simultaneously. *Id.* Defense counsel's belief, as stated in her July 31, 2023 email, is that the Court has authority to award fees and costs even if it determines it does not have jurisdiction to hear this case. *Id.* Plaintiffs disagree. To consider Defendants' Motion for Fees before the Court establishes whether it has jurisdiction to hear this case does not make sense and would merely force another Court to make the threshold determination of jurisdiction.

## III.

## **LEGAL STANDARD FOR EXTENSION OF TIME**

Federal Rule of Civil Procedure 6(b)(1)(A) provides that "When an act may or must be done within a specified time, the court may, for good cause, extend the time . . . with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires." "Requests for extensions of time made before the applicable deadline has passed should 'normally… be granted in the absence of bad faith on the party seeking relief or prejudice to the adverse party.'" *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010) (quoting 4B Wright & Miller, Fed. Practice and Procedure § 1165 (3d ed. 2004)). "'Good cause' is a non-rigorous standard that has been construed broadly across procedural and statutory contexts." *Id.* (citations omitted).

///
///
///

## **GOOD CAUSE EXISTS TO EXTEND TIME**

### 1. The Court has not determined whether it has subject matter jurisdiction.

The Court addresses the issue of subject matter jurisdiction first as "[t]he requirement that jurisdiction be established as a threshold matter 'spring[s] from the nature and limits of the judicial power of the United States' and is 'inflexible and without exception.'" *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-95 (1998) (quoting *Mansfield, C & L. M. Ry. Co. v. Swan*, 111 U.S. 379, 382 (1884)).

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "They possess only that power authorized by Constitution or statute, which is not to be expanded by judicial decree." *Id.* (internal citations omitted). "It is to be presumed that a cause lies outside this limited jurisdiction and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* (internal citations omitted); *see also Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006).

Consistent with the limited jurisdiction of the federal courts, the removal statute is strictly construed against removal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992), *abrogated on other grounds by Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014); *see also Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 32 (2002); *O'Halloran v. Univ. of Wash.*, 856 F.2d 1375, 1380 (9th Cir. 1988). "The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Gaus*, 980 F.2d at 566; *see also Cnty of San Mateo v. Monsanto Co.*, No. 22-cv-03257, 2022 WL 19934417, at *2 (N.D. Cal. December 6, 2022). "Federal jurisdiction must be rejected if there is any doubt as to the right to removal in the first instance." *Id.*

### 2. Defendants' Motion for Fees is premature until a determination of federal subject matter jurisdiction is made.

Now pending before the Court is Defendants' Motion for Fees. Plaintiffs will file a Motion to Remand. Although Defendants' Motion for Fees is scheduled to be heard on August 18, 2023, the Court should not consider Defendants' Motion for Fees until it first rules on whether it retains subject matter jurisdiction. *Steel Co.*, 523 U.S. at 94-95. If the Court finds it does not have subject matter jurisdiction, Defendants' Motion for Fees will be rendered moot. *See id.* Accordingly, any consideration of Defendants' Motion for Fees before the Court rules on whether it has subject matter jurisdiction is premature.

Furthermore, deferring consideration of Defendants' Motion for Fees until after the Court rules on whether it retains subject matter jurisdiction promotes judicial economy. If the Court keeps the currently scheduled hearing date and briefing schedule for Defendants' Motion for Fees, Plaintiffs will be required to file with the Court an opposition to Defendants' Motion for Fees which will, in turn, trigger a reply from Defendants. The Court will then review Defendants' Motion for Fees, Plaintiffs' Opposition, and Defendants' Reply prior to ruling. Perhaps the Court will even hold a hearing if it deems it necessary, though unlikely. The filing of two additional briefs and related documents and review of Defendants' Motion for Fees and responsive briefs, which will all be rendered moot if the Court finds it is without subject matter jurisdiction, does not promote the speedy and cost-effective determination of this case. *See* Fed. R. Civ. P. 1.

Defendants may argue that they are still entitled to a hearing on their Motion for Fees and Costs even if the Court does not have jurisdiction. However, Defendants' request for fees and costs is based solely on a claim that Plaintiffs acted improperly and in bad faith. This argument bears no weight. If and when the Court determines that it never had jurisdiction to hear the Original Action or this action, inherent in its decision will be a finding that removal itself was improper,

5

not the actions of Plaintiffs. Therefore, Defendants could not be entitled to fees when they should never have been in the federal court. There is no escaping the conclusion that jurisdiction must be determined prior to hearing Defendants' Motion for Fees.

### 3. Defendants have agreed to defer briefing and hearing on Defendants' Motion for Fees.

As mentioned above, defense counsel agreed to defer briefing and hearing on Defendants' Motion for Fees. Though defense counsel and Plaintiffs' counsel disagree as to whether Defendants' Motion for Fees and Plaintiffs' Motion to Remand should be heard simultaneously, there is agreement that the briefing schedule should be extended and the hearing postponed.

## IV.
## CONCLUSION

For the reasons set forth above, Plaintiffs respectfully request that the Court grant their application and defer the hearing on Defendants' Motion for Fees until after a hearing on Plaintiffs' Motion to Remand. Plaintiffs further request that the Court order that responses to Defendants' Motion for Fees be stayed and response deadlines reestablished at the time a new hearing date for Defendants' Motion for Fees is set.

Dated:  August 2, 2023

Respectfully submitted,
MARA W. ELLIOTT, City Attorney

By  /s/David E. Miller
David E. Miller
Deputy City Attorney

Attorneys for Plaintiffs