ELIZABETH A. SPERLING - State Bar No. 231474
esperling@glaserweil.com
ALEXANDER R. MILLER - State Bar No. 294474
amiller@glaserweil.com
JACK DAY – State Bar No. 324516
jday@glaserweil.com
**GLASER WEIL FINK HOWARD**
 **JORDAN & SHAPIRO LLP**
501 W. Broadway, Suite 800
San Diego, CA 92101
Telephone:  (619) 765-4380
Facsimile:   (619) 483-0646

Attorneys for Defendants
Caydon San Diego Property LLC; Caydon USA
Holding LLC; Caydon USA Property Group,
LLC; and Alex Beaton

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE OF THE STATE OF CALIFORNIA and CITY OF SAN DIEGO, a municipal corporation, <br><br> Plaintiffs, <br><br> v. <br><br> CAYDON SAN DIEGO PROPERTY LLC, a Delaware Limited Liability Company; CAYDON USA HOLDING LLC, a Texas Foreign Limited Liability Company and a Delaware Limited Liability Company; CAYDON USA PROPERTY GROUP, LLC, a Delaware Limited Liability Company; MATTHEW HUTTON, Receiver and Manager of CAYDON USA PROPERTY GROUP HOLDINGS PTY LTD; ALEX BEATON, an individual; and DOES 1 through 50, inclusive,, <br><br> Defendants. | CASE NO.: 3:23-cv-01296-LAB-DDL <br><br> Honorable Larry Alan Burns <br> Courtroom 14A <br><br> **OPPOSITION TO PLAINTIFFS' *EX PARTE* APPLICATION FOR ORDER DEFERRING BRIEFING AND HEARING ON DEFENDANTS' MOTION FOR RULE 41(d) AWARD OF FEES AND COSTS** <br><br><br> Date Filed: June 12, 2023 <br> Removal Date: July 14, 2023 |

## I.   **INTRODUCTION**

The crux of Plaintiffs' argument is that this Court should defer briefing and hearing on Caydon's Motion for Rule 41(d) Award of Fees and Costs ("Costs Motion") because the Court never had jurisdiction over this case.  In so doing, Plaintiffs concede that this action is identical to the prior action that they dismissed and then re-filed. Plaintiffs argue that jurisdiction must be established before this Court can hear Caydon's Costs Motion.  But that is not true and Plaintiffs' argument misses the point. This is the second of two virtually identical actions that Caydon properly removed to federal court.  It is the duplicative nature of these actions and the resulting unnecessary financial burden imposed on Caydon that justifies its Costs Motion.  Plaintiffs' yet-to-be-filed motion to remand is completely irrelevant to the Costs Motion.

The Court should deny Plaintiffs' request for the following reasons:

***First,*** the Court is not required to determine whether it has jurisdiction over the case before deciding the Costs Motion.  The Court maintains jurisdiction to decide whether to impose costs under Rule 41(d) regardless of the ultimate disposition of Plaintiffs' motion for remand.  An award of costs and attorneys' fees is warranted and appropriate *now* because Plaintiffs dismissed and then re-filed the same action, causing Caydon to unnecessarily incur substantial additional costs and fees.  The various considerations that Plaintiffs now proffer to retroactively justify their actions are irrelevant.  The mere fact of Plaintiffs' dismissal and immediate re-filing of the virtually identical action warrants an award of Caydon's costs and fees.

***Second,*** if Plaintiffs truly believed that the Original Action was "not removable based on diversity jurisdiction"—as they now contend in their *ex parte* application—the procedurally proper course of action was to move to remand the Original Action to state court.  Instead, Plaintiffs took matters into their own hands and essentially remanded the case on their own.  They attempted to dress up their self-help by naming a California-based individual whom they have known about for years as a new defendant in an improper attempt to destroy diversity.

DEFENDANTS' OPPOSITION TO PLAINTIFF'S EX PARTE APPLICATION
3:23-cv-01296-LAB-DDL

2287149

***Third,*** although Plaintiffs' actions smack of bad faith, a finding of bad faith is not required to recover costs and fees under Rule 41(d).  Caydon need only show that it incurred additional costs as a result of Plaintiffs' actions.  It has.  Had Plaintiffs filed a motion to remand the Original Action, all of the extraordinary costs and expenses Caydon has incurred from the time of Plaintiffs' dismissal to the time the parties start briefing the motion to remand in the Present Action could have been avoided.[1]  Rule 41(d) provides for the recovery of a defendant's costs in such situations.

## II.     PROCEDURAL BACKGROUND

On April 27, 2023, Plaintiffs filed their complaint in San Diego Superior Court, Case No. 37-2023-00017820-CU-MCCTL (the "Original Action").   The Original Action included all Defendants named in this action with the exception of Mr. Beaton.

On June 1, 2023, Caydon timely removed the Original Action to this Court on the basis of diversity jurisdiction under 28 U.S.C. § 1332.  The Original Action was assigned to Your Honor, Case No. 3:23-cv-1020-LAB-DDL.  *See* Original Action, Dkt. 1.  On June 9, 2023, Plaintiffs filed a Notice of Voluntary Dismissal of the Original Action.  *See id.*, Dkt. 8.  On June 14, 2023 the Court dismissed the Original Action without prejudice in its entirety.  *See id.*, Dkt. 9.

On June 12, 2023, before the Court even dismissed the Original Action, Plaintiffs commenced this action by filing a virtually identical complaint in San Diego Superior Court, Case No. 37-2023-00024446-CU-MC-CTL (the "Present Action").  The only difference between the Original Action and the Present Action is that Plaintiffs added Mr. Beaton—a California resident—as a defendant.  Plaintiffs have known about Mr. Beaton and his occasional work for Caydon for years.  They did not suddenly discover

---

[1] Caydon had to prepare a new notice of removal and all the supporting papers associated with the removal and first appearances; a new *ex parte* application for extension of time to respond to the complaint because Plaintiffs refused to agree to the same extension this Court previously granted in the Original Action, only to fail to oppose the *ex parte* after Caydon spent significant time and effort to prepare and file it; the Costs Motion which was a significant undertaking; and now this opposition to Plaintiffs' *ex parte* application that seeks to moot the Costs Motion.

2287149

1    Mr. Beaton after conducting "additional investigation" after filing the Original Action.

2    On July 14, 2023, Caydon timely removed the Present Action to this Court on

3    the basis of diversity jurisdiction under 28 U.S.C. § 1332.  Dkt. 1.  Caydon submitted

4    a supporting declaration from Mr. Beaton establishing that he is neither a property

5    manager for the Property nor a "Responsible Person" with respect to the Property, as

6    defined by Section 11.0210 of the San Diego Municipal Code.  Dkt. 1-2.

7    On July 21, 2023, Caydon filed the subject Costs Motion on the basis that

8    Plaintiffs vexatiously and needlessly wasted Caydon's and this Court's resources by

9    dismissing the Original Action and filing a near-identical complaint in a textbook

10   attempt to destroy federal jurisdiction, forum shop, and judge shop.

11   **III.   ARGUMENT**

12          **A.      The Court Is Not Required To Determine Whether It Has Subject**

13                  **Matter Jurisdiction Before Addressing Caydon's Costs Motion.**

14   There is no disputing that a federal court may not rule on the *merits* of a case

15   without first determining it has jurisdiction.  *See, e.g.*, *Sinochem Int'l Co. v. Malaysia*

16   *Int'l Shipping Corp.*, 549 U.S. 422, 430-31 (2007).  But even if a court lacks

17   jurisdictional authority to rule on the merits of a case, it still has jurisdiction to award

18   costs and fees under Rule 41(d), even after dismissal.  *See, e.g.*, *Cooter & Gell v.*

19   *Hartmarx Corp.*, 496 U.S. 384, 395 (1990) ("[District courts may award costs after an

20   action is dismissed for want of jurisdiction."); *Citizen for a Better Environment v. Steel*

21   *Co.*, 230 F.3d 923, 926 (2000) ("[A] court may lack authority to resolve the merits of a

22   claim yet have jurisdiction to award costs and attorneys' fees to the prevailing party.");

23   *Chartrand v. PNC Bank, N.A.*, 2019 WL 5549256, at *3 (D. Haw. June 27, 2019)

24   (holding that the district court maintained jurisdiction to impose costs under Rule 41(d)

25   "regardless of the ultimate disposition of Plaintiffs' Motion for Order of Remand").

26   Plaintiffs argue that the Court must first address whether it has subject matter

27   jurisdiction before it can decide the Costs Motion.  But the Court's determination of

28   Plaintiffs' yet-to-be-filed Motion to Remand is not a prerequisite to determining

3

2287149

1  Caydon's Costs Motion because Rule 41(d) involves the determination of a collateral

2  issue over which this Court unquestionably has jurisdiction.  The Court can decide the

3  Costs Motion irrespective of whether it has jurisdiction to rule on the merits of the case.

4  There is no basis for the Court to defer briefing and hearing on Caydon's Costs Motion.

5  **B.      Plaintiffs Improperly Resorted To Self-Help.**

6          It is well-established federal practice that a plaintiff who believes a case has been

7  improperly removed must challenge the removal by a motion to remand.  *See* 14C

8  Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3739 (4th

9  ed. 2003) ("A litigant who believes that a case has been removed improperly must

10 challenge the removal by a motion to remand in the federal court . . . .").  A plaintiff

11 may not take matters into its own hands by dismissing the action, adding a new sham

12 defendant in order to destroy diversity, and then forum shop by re-filing the identical

13 action in state court.  But that is exactly what these Plaintiffs did.  For the reasons

14 explained in Caydon's Notice of Removal (Dkt. 1) and Costs Motion (Dkt. 9),

15 Plaintiffs' procedural maneuvering was improper and has resulted in substantial

16 additional, and completely avoidable work for Caydon.  Plaintiffs' assertion that they

17 are seeking to "promote[] judicial economy" (*Ex Parte* at 5) here is not believable.

18         Although Plaintiffs argue that Caydon's Costs Motion "is based solely on a claim

19 that Plaintiffs acted improperly and in bad faith" (*Ex Parte* at 5), that is not true.  Rule

20 41(d) by its express language is agnostic to Plaintiffs' true intent and is not "solely"

21 dependent on a finding of bad faith or improper motive.  The Rule plainly calls for an

22 award of a defendant's costs incurred in a prior action when, as here, "a plaintiff who

23 previously dismissed an action in any court files an action based on or including the

24 same claim against the same defendant."  This Court has previously held that "[a]

25 defendant . . . only needs to show it incurred needless expenditures as a result of the

26 plaintiff's actions" to recover costs under Rule 41(d).  *Whole E Nature, LLC v.*

27 *Wonderful Co., LLC*, No. 17CV10-LAB (KSC), 2017 WL 4227150, at *4 (S.D. Cal.

28 Sept. 22, 2017).  Caydon should not be forced to bear the cost of Plaintiffs' strategy.

2287149

Glaser Weil

1     The question posed by Caydon's Costs Motion is simple: did Plaintiffs dismiss

2   the Original Action and re-file the Present Action based on or including the same claim

3   against the same defendant?  At best, Plaintiffs made a strategic decision that caused

4   Caydon needlessly to incur substantial additional costs that could have been avoided.

5   At worst, Plaintiffs acted in bad faith and engaged in forum shopping.  Regardless of

6   motive or rationale or Plaintiffs' attempt to re-write history, the answer to the question

7   raised by the Costs Motion and Rule 41(d) is "yes."  Plaintiffs should not be permitted

8   to ignore established federal rules and procedures and play by their own rules.

9        **C.      The Court May And Should Rule On Caydon's Costs Motion Without**

10          **Regard To Plaintiffs' Yet-To-Be-Filed Motion To Remand.**

11     Plaintiffs' argument that Caydon's Costs Motion "will be rendered moot" if the

12   Court grants their yet-to-be-filed motion to remand is not only wrong, it reveals their

13   true motivation in bringing this *Ex Parte* Application.  They are attempting to get three

14   bites at the apple to defeat the Costs Motion: this *Ex Parte* (taking it off calendar), their

15   forthcoming Motion to Remand (which they think will moot it), and their actual

16   opposition to the Costs Motion.  Plaintiffs essentially compound their error or bad faith

17   by attempting to legitimize their conduct three times and forcing Caydon to respond

18   every time.  This is not fair to Caydon, a private party that lacks the limitless resources

19   of the City and State, and the victim of Plaintiffs' strategic misfire.

20     Plaintiffs' actions resulted in a multiplicity of additional needless expenditures

21   that Caydon had to incur.  It is entitled to recoup those costs under Rule 41(d).  It should

22   not lose the ability to recover its costs caused by Plaintiffs' actions because of a motion

23   to remand that has not yet been filed.  Whether or not the motion to remand is granted

24   (it should be denied, as diversity jurisdiction is absolutely proper in this case), whether

25   or not the Court has subject matter jurisdiction over the merits (it does), Caydon has

26   the right to have its motion heard by this Court now.

27   **IV.    CONCLUSION**

28     Plaintiffs' *ex parte* application should be denied in its entirety.

5
DEFENDANTS' OPPOSITION TO PLAINTIFF'S EX PARTE APPLICATION
3:23-cv-01296-LAB-DDL

2287149

1

2   DATED:  August 4, 2023          Respectfully submitted,

3                        **GLASER WEIL FINK HOWARD JORDAN & SHAPIRO LLP**

4

5                        By: /s/ Elizabeth A. Sperling

6                        Attorneys for Defendants Caydon San Diego Property LLC; Caydon USA Holding LLC;

7                        Caydon USA Property Group, LLC; and Alex Beaton

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2287149