# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE OF THE STATE OF CALIFORNIA, et al.,<br><br>   Plaintiffs,<br><br>v.<br><br>CAYDON SAN DIEGO PROPERTY LLC, a Delaware Limited Liability Company, et al.,<br><br>   Defendants. | Case No.: 23-cv-1296-LAB-DDL<br><br>**ORDER:**<br><br>**1) DENYING PLAINTIFFS' EX PARTE APPLICATION TO STAY RESPONSES TO DEFENDANTS' MOTION FOR FEES, [Dkt. 12]; and**<br><br>**2) CONTINUING HEARING ON DEFENDANTS' MOTION FOR FEES, [Dkt. 9]** |

On August 2, 2023, Plaintiffs filed an *ex parte* application (the "Application") to stay responses to Defendants' pending Rule 41(d) motion for fees and costs (the "Rule 41(d) Motion"), (Dkt. 9). (Dkt. 12). Plaintiffs request the Court: (1) defer the hearing on the Rule 41(d) Motion until after a hearing on Plaintiffs' yet-to-be-filed motion to remand; and (2) stay responses to the Rule 41(d) Motion until a new hearing date is set. (*Id.* at 6). Defendants filed a timely opposition to Plaintiffs' Application. (Dkt. 15).

Under Federal Rule of Civil Procedure 6(b)(1)(A), courts may extend a party's time to respond to a motion upon a showing of good cause. "[R]equests

for extensions of time made before the applicable deadline has passed should 'normally . . . be granted in the absence of bad faith on the part of the party seeking relief or prejudice to the adverse party.'" *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010) (quoting 4B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1165 (3d ed. 2004)). However, a court may deny such a request if the party requesting the extension fails to show good cause. *See, e.g.*, *Meyer v. Dejoy*, No. 20-16833, 2022 WL 3334981, at *2 (9th Cir. Aug. 12, 2022).

Plaintiffs contend good cause to defer the hearing on the Rule 41(d) Motion and stay responses exists for three reasons: (1) the Court hasn't yet determined whether it has subject matter jurisdiction over the action, (Dkt. 12 at 4); (2) Defendants' Rule 41(d) Motion is premature until the Court decides the question of its subject matter jurisdiction, (*id.* at 5–6); and (3) Defendants have agreed to defer a hearing on their Rule 41(d) Motion so it can be heard simultaneously with Plaintiffs' yet-to-be-filed motion for remand, (*id.* at 6). Having reviewed the parties' briefing and the relevant law, the Court finds that Plaintiffs haven't shown good cause to defer the hearing and stay responses.

First, Plaintiffs' first and second arguments are contrary to case and statutory law that make clear district courts can grant motions for costs even when the court lacks jurisdiction over the underlying dispute. *See Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 395–96 (1990); 28 U.S.C.A. § 1919 ("Whenever any action or suit is dismissed in any district court . . . for want of jurisdiction, such court may order the payment of just costs."). The Supreme Court has stated district courts have jurisdiction over motions for costs because the "imposition of costs . . . is not a judgment on the merits of an action. Rather, it requires the determination of a collateral issue." *Cooter & Gell*, 496 U.S. at 396; *see also id.* at 395 ("[M]otions for costs or attorney's fees are 'independent proceeding[s] supplemental to the original proceeding and not a request for a modification of the

original decree.'" (second alternation in original) (quoting *Sprague v. Ticonic Nat'l Bank*, 307 U.S. 161, 170 (1939)). The Court finds that Defendants' Rule 41(d) Motion is a collateral issue to the underlying merits of this action. *See, e.g.*, *Chartrand v. PNC Bank, N.A.*, No. CV 19-00020 JAO-KJM, 2019 WL 5549256, at *3 (D. Haw. June 27, 2019). Accordingly, the Court has jurisdiction over the Rule 41(d) Motion even if it lacks jurisdiction over the action. *See id.*

Second, while Defendants were willing to continue the hearing and briefing schedule for their Rule 41(d) Motion, defense counsel's emails and Defendants' opposition make clear Defendants don't consent to Plaintiffs' current proposal. (*See* Dkt. 13-1, Corrected Decl. of David E. Miller, Ex. 4; Dkt. 15 at 5 ("Plaintiffs' *ex parte* application should be denied in its entirety.")).

The Court finds Plaintiffs have failed to show good cause to defer the hearing on the Rule 41(d) Motion or stay the deadline to respond to that motion. Plaintiffs' Application is **DENIED**. (Dkt. 12).

However, due to a conflict in the Court's calendar, the hearing on Defendant's Rule 41(d) Motion is **CONTINUED** to **Monday, August 21, 2023 at 11:30 a.m.** (Dkt. 9). Pursuant to Civil Local Rule 7.1(e)(2)–(3), Plaintiffs' deadline to file an opposition is **Monday, August 7, 2023**, and Defendants' deadline to file a reply is **Monday, August 14, 2023**.

The Court is receptive to a joint or *ex parte* motion to continue the hearing on the Rule 41(d) Motion. Any such motion should: (1) identify a specific date to continue the hearing to or the duration of the continuance; (2) show good cause for the continuance; and (3) comply with the Court's Civil Local Rules and the undersigned's Standing Order in Civil Cases.

**IT IS SO ORDERED.**

Dated:  August 4, 2023

*[signature]*

**Hon. Larry Alan Burns**
United States District Judge