MARA W. ELLIOTT, City Attorney
PAIGE E. FOLKMAN, Assistant City Attorney
DAVID E. MILLER, Deputy City Attorney
California State Bar No. 174469
    Office of the City Attorney
    Community Justice Division/Nuisance Abatement Unit
    1200 Third Avenue, Suite 700
    San Diego, California 92101-4103
    Telephone: (619) 533-5500
    Fax: (619) 533-5505
    MillerDE@sandiego.gov

Attorneys for Plaintiffs, the People
of the State of California and City of
San Diego

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE OF THE STATE OF CALIFORNIA and CITY OF SAN DIEGO, a municipal corporation,<br><br>          Plaintiffs,<br><br>    v.<br><br>CAYDON SAN DIEGO PROPERTY LLC, a Delaware Limited Liability Company;<br>CAYDON USA HOLDING LLC, a Texas Foreign Limited Liability Company and a Delaware Limited Liability Company;<br>CAYDON USA PROPERTY GROUP, LLC, a Delaware Limited Liability Company;<br>MATTHEW HUTTON, Receiver and Manager of CAYDON USA PROPERTY GROUP HOLDINGS PTY LTD;<br>ALEX BEATON, an individual; and DOES 1 through 50, inclusive,<br><br>          Defendants. | CASE NO. 3:23-cv-01296-LAB-DDL<br><br>**PLAINTIFFS' NOTICE OF *EX PARTE* MOTION AND *EX PARTE* MOTION TO CONTINUE THE HEARING ON DEFENDANTS' MOTION FOR RULE 41(d) AWARD OF FEES AND COSTS**<br><br>**[Filed concurrently with Declaration of David E. Miller]**<br><br>Date Filed: June 12, 2023<br>Removal Date: July 14, 2023<br>Judge: Hon. Larry A. Burns<br>Courtroom: 14A |

1   Pursuant to Federal Rule of Civil Procedure 6(b) and Civil Local Rule 12.1,
2   Plaintiffs, the People of the State of California and City of San Diego (collectively,
3   Plaintiffs), respectfully request an order from this Court continuing Defendants'
4   Motion for Rule 41(d) Award of Fees and Costs (Rule 41(d) Motion) for a period
5   of sixty days or for such other time as the Court determines is reasonable, to allow
6   Plaintiffs adequate time to respond to Defendants' Rule 41(d) Motion and prepare
7   their forthcoming motion to remand for lack of federal subject matter jurisdiction.

8   **I.    Legal Standard for Extension of Time**

9   Courts may extend a party's time to file a reply to a motion upon a showing
10  of good cause. Fed. R. Civ. Proc. 6(b)(1)(A). A request to extend time must be
11  made "before the original time or its extension expires" (*id.*) and should "'be
12  granted in the absence of bad faith on the part of the party seek relief or prejudice
13  to the adverse party.'" *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259
14  (9th Cir. 2010) (quoting 4B Wright & Miller, Federal Practice and Procedure §
15  1165 (3d ed. 2004)). "'Good cause' is a non-rigorous standard that has been
16  construed broadly across procedural and statutory contexts." *Id.* (citation omitted).

17  **II.    Relevant History**

18  On June 12, 2023, Plaintiffs filed an action against Caydon San Diego
19  Property LLC, Caydon USA Holding LLC, Caydon USA Property Group, LLC,
20  Matthew Hutton, and Alex Beaton (Defendants) in the Superior Court of
21  California, County of San Diego, as Case No. 37-2023-00024446-CU-MC-CTL
22  (Present Action). Declaration of David E. Miller in Support of Plaintiffs' *Ex Parte*
23  Application (Miller Decl.) ¶ 2.

24  On July 13, 2023, while the Present Action was properly before state court,
25  defense counsel, Elizabeth Sperling (Defense Counsel), contacted Plaintiffs and
26  asked whether Plaintiffs would stipulate to an extension of time to answer the
27  complaint in the Present Action. Miller Decl. ¶ 3 and Exhibit 1. Plaintiffs' counsel
28  agreed to stipulate to the 15-day extension permitted pursuant to California Rule of

1  Court 3.110(d) and San Diego Superior Court Local Rule 2.1.6. *Id*. Plaintiffs'

2  counsel further explained that "Plaintiffs have no legal authority to stipulate to a

3  60-day extension. Thus, we will agree to a 15-day calendar extension only. As

4  such, your clients' responses are now due on July 31 and August 1, 2023." *Id*.

5      On or about July 17, 2023, Plaintiffs received notice that Defendants

6  removed the Present Action to federal court. Miller Decl. ¶ 4. (Dkt. 1). After

7  removing the Present Action to federal court, Defendants did not attempt to meet

8  and confer with Plaintiffs regarding extending time to answer and file other related

9  motions. Miller Decl. ¶ 4.

10     Defendants filed an *Ex Parte* Application to Extend Time (Defendants'

11  Application). (Dkt.6). In support of Defendants' Application, Defense Counsel

12  submitted a declaration, in which she erroneously wrote, "As of the time of this

13  filing, the City Attorneys have not responded to my request for an extension."

14  Declaration of Elizabeth Sperling in Support of Defendants' *Ex Parte* Application

15  to Extend Time to Respond to Complaint (Sperling Decl.) ¶ 13; (Dkt. 7). Plaintiffs,

16  as detailed above, had agreed to the permitted 15-day extension. Miller Decl. ¶ 3

17  and Exhibit 1.

18     After removal, the court contacted Plaintiffs' counsel and asked if he

19  planned to object to Defendants' request for an extension of time. Plaintiffs'

20  counsel stated that he would not object. Miller Decl. ¶ 4.

21     On July 21, 2023, Defendants filed a Motion for Rule 41(d) Award of Fees

22  and Costs. (Dkt. 9). A hearing date for Defendants' Rule 41(d) Motion was set for

23  August 18, 2023.

24     On July 27, 2023, Plaintiffs' counsel asked if Defense Counsel would

25  stipulate to a deferral of briefing and hearing Defendants' Rule 41(d) Motion.

26  Defense Counsel did not respond. Miller Decl. ¶ 6.

27     On July 28, 2023, Plaintiffs' counsel again reached out to Defense Counsel

28  to see if a stipulation to defer briefing and hearing would be forthcoming. Miller

Decl. ¶ 7. Defense Counsel indicated that she didn't have authority to do so without consulting her clients and requested that Plaintiffs "hold" on filing the *ex parte* motion. Miller Decl. ¶ 8. Plaintiffs' counsel agreed to Defense Counsel's request to delay filing. *Id*.

Four days after Plaintiffs' request for a deferral of filing and hearing dates on Defendants' Motion, Defense Counsel responded. Miller Decl. ¶ 9; Exhibit 2. In her email, Defense Counsel agreed to extend time for briefing and hearing on the Motion for Fees, but asked to hear Defendants' Motion at the same time as Plaintiffs' proposed motion for remand.

> Nevertheless, we would be ***agreeable to continue the hearing date and briefing schedule on our motion*** so that it may be set for hearing on the same date as your motion to remand. ***That will give you additional time on the briefing.*** And, if the court does have a hearing, both motions can be heard simultaneously.

Exhibit 2 (emphasis added).

Based on Defense Counsel's representation that Defendants had agreed to an extension of time for briefing and hearing on the Rule 41(d) Motion, Plaintiffs' counsel concentrated on drafting and filing the *Ex Parte* Application to Defer Briefing and Hearing Dates. Miller Decl. ¶ 10. Plaintiffs' counsel also turned his focus to the many other matters he was handling, including a disability appeal on a denial of three months of disability benefits that was scheduled for today, August 7, 2023; multiple motions, one of which is due tomorrow, August 8, 2023 and includes over 60 pages of exhibits; and multiple discovery requests, with thousands of pages of documents through which he has to sort through and catalog. *Id*.

Plaintiffs' counsel filed an *Ex Parte* Application (Plaintiffs' Application) with this Court to defer briefing and hearing on Defendants' Rule 41(d) Motion on August 3, 2023. (Dkt 12). Plaintiffs' counsel believed the Court would at a minimum agree to continue briefing and hearing on Defendants' Rule 41(d) Motion as Defense Counsel had stated that she had no objection to a continuance.

Miller Decl. ¶ 12. Plaintiffs' counsel further believed, as it was his experience in state court, where he had exclusively practiced, that this Court would grant the motion as to the part both parties had agreed to and then make its own determination as to the contested issue. *Id.* This assumption was clearly incorrect, as Plaintiffs' counsel has learned. *Id.*

On August 4, 2023, Defense Counsel filed an opposition to Plaintiffs' Application. (Dkt. 15). Despite previously agreeing to a continuance and saying Plaintiffs could have more time to draft and file an opposition to Defendants' Rule 41(d) Motion, Defense Counsel opposed Plaintiffs' Application in full. Exhibit 2 and Dkt. 15.

The Court issued its order on August 4, 2023. The Court denied Plaintiffs' Application in full. (Dkt 16). The Court ordered that the Plaintiffs' opposition to Defendants' Rule 41(d) Motion be submitted on August 7, 2023. *Id.* The Court further invited Plaintiffs to obtain a stipulation from Defense Counsel to defer briefing and hearing on the Rule 41(d) Motion or submit an *ex parte* motion to continue the hearing. *Id.*

After reviewing the Court's Order, Plaintiffs' counsel made multiple attempts to contact Defense Counsel and obtain a stipulation as suggested by the Court. Miller Decl. ¶¶ 16-18. He received no responses. *Id.*

In addition to the substantial research necessary to reply to Defendants' Rule 41(d) Motion (Dkt. 9), it is anticipated the reply will rely significantly on facts to be provided by representatives of non-parties, whose availability and actions are not within Plaintiffs' control. Miller Decl. ¶¶ 19-20. Obtaining these declarations and supporting documents would be exceptionally difficult, if not impossible, to complete within the time granted. Miller Decl. ¶ 20. Plaintiffs have been in contact with the non-parties and received assurances that the representatives will be made available for interviews and executing declarations; however, the dates have not yet been set. *Id.* Furthermore, many of the facts supporting both motions are the

1   same and/or intricately connected. *Id.* By consolidating both motions (i.e., hearing

2   them at the same time), the Court would save significant time and effort and avoid

3   duplication of issues.

4        Pursuant to this Court's Standing Order in Civil Cases, the original date

5   scheduled for the hearing on Defendants' Rule 41(d) Motion is August 18, 2023.

6   Plaintiffs previously submitted an *ex parte* application to defer hearing on the Rule

7   41(d) Motion. The prior request was denied as stated above. The continuance will

8   not affect other case management dates. Furthermore, Plaintiffs' counsel has

9   attempted to meet and confer, but has not received a reply from Defendants.

10  **III.    Good Cause Exists for the Requested Extension of Time**

11       Plaintiffs' deadline to respond to Defendants' Rule 41(d) Motion is today.

12       Defendants previously agreed that there would be no objection to a

13  continuance of their Rule 41(d) Motion. Plaintiffs previously reasonably relied on

14  Defense Counsel's representation that she had no objection to continuing the

15  briefing and hearing dates.

16       Plaintiffs' counsel made a mistake in relying on his state court experience

17  and submitting a request to defer the hearing on Defendants' Rule 41(d) Motion

18  without a proposed alternative option that was identical to Defendants' offer to

19  continue.

20       As set forth in Plaintiffs' Counsel's Declaration, both Plaintiffs' opposition

21  to Defendants' Rule 41(d) Motion and Plaintiffs' Motion to Remand rely on facts

22  and declarations from representatives of non-parties whose actions are not within

23  the control of Plaintiffs. Plaintiffs have been in contact with the non-parties and

24  received assurances that the representatives will be made available for interviews

25  and executing declarations; however, the dates have not yet been set. It is also in

26  the interest of judicial economy to continue Defendants' Rule 41(d) Motion, as

27  both Defendants' Rule 41(d) Motion and Plaintiffs' Motion to Remand share a

28  significant number of facts. *See* Fed. R. Civ. P. 1 ("[The Federal Rules] should be

1  construed, administered, and employed . . . to secure the just, speedy, and

2  inexpensive determination of every action and proceeding.").

3       Moreover, Plaintiffs' counsel has numerous other cases to which he is the

4  only attorney assigned with associated court appearances, significant amounts of

5  discovery, and other motion deadlines, including one set for tomorrow, August 8,

6  2023.

7       Finally, in accordance with the Court's August 4, 2023 Order, Plaintiffs

8  made significant efforts to obtain a stipulation from Defense Counsel to continue

9  the hearing on Defendants' Rule 41(d) Motion. To date, Defendants have not

10  responded to Plaintiffs' request for a stipulation.

11  **IV.    Defendants Will Not Be Prejudiced if a Continuance is Granted**

12       Without a continuance, Plaintiffs will be unable to provide a proper response

13  to Defendants' Rule 41(d) Motion (Dkt. 9) and will be severely prejudiced by the

14  award of costs or fees without an opportunity to be heard. Defendants, on the

15  contrary, will not be prejudiced by continuing the hearing of their Rule 41(d)

16  Motion (Dkt. 9).

17  **V.    Conclusion**

18       For the reasons set forth above, Plaintiffs respectfully submit 1) a request

19  that the Court grant their motion to continue Defendants' Rule 41(d) Motion for 60

20  days or such other time as the Court determines is reasonable; 2) that good cause

21  exists for this motion; and 3) that despite reasonable attempts by Plaintiffs to

22  informally resolve the issues discussed in this motion with Defense Counsel,

23  Defense Counsel has not responded to Plaintiffs. Therefore, in the absence of an

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

1  agreement, Plaintiffs request the Court grant their application to continue

2  Defendants' Rule 41(d) Motion (Dkt. 9) for 60 days, or such other time as the

3  Court determines is reasonable.

4

5  Respectfully submitted,

6

7  Dated:  August ___7___, 2023              MARA W. ELLIOTT, City Attorney

8

9                                           By _____

10                                             David E. Miller
                                               Deputy City Attorney
11

12                                           Attorneys for Plaintiffs