MARA W. ELLIOTT, City Attorney
PAIGE E. FOLKMAN, Assistant City Attorney
DAVID E. MILLER, Deputy City Attorney
California State Bar No. 174469
    Office of the City Attorney
    Community Justice Division/Nuisance Abatement Unit
    1200 Third Avenue, Suite 700
    San Diego, California 92101-4103
    Telephone: (619) 533-5500
    Fax: (619) 533-5505
    MillerDE@sandiego.gov

Attorneys for Plaintiffs, The People
of the State of California and City of
San Diego

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE OF THE STATE OF CALIFORNIA and CITY OF SAN DIEGO, a municipal corporation,<br><br>    Plaintiffs,<br><br>v.<br><br>CAYDON SAN DIEGO PROPERTY LLC, a Delaware Limited Liability Company;<br>CAYDON USA HOLDING LLC, a Texas Foreign Limited Liability Company and a Delaware Limited Liability Company;<br>CAYDON USA PROPERTY GROUP, LLC, a Delaware Limited Liability Company;<br>MATTHEW HUTTON, Receiver and Manager of CAYDON USA PROPERTY GROUP HOLDINGS PTY LTD;<br>ALEX BEATON, an individual; and DOES 1 through 50, inclusive,<br><br>    Defendants. | CASE NO. 3:23-cv-01296-LAB-DDL<br><br>**DECLARATION OF DAVID E. MILLER IN SUPPORT OF PLAINTIFFS'** ***EX PARTE*** **MOTION TO CONTINUE THE HEARING ON DEFENDANTS' MOTION FOR RULE 41(d) AWARD OF FEES AND COSTS**<br><br>**[Filed concurrently with Notice of *Ex Parte* Application and *Ex Parte* Application]**<br><br>Date Filed: June 12, 2023<br>Removal Date: July 14, 2023<br>Judge: Hon. Larry A. Burns<br>Courtroom: 14A |

I, DAVID E. MILLER, declare as follows:

1. I am a Deputy City Attorney at the San Diego City Attorney's Office, and counsel for Plaintiffs, the People of the State of California and City of San Diego, in this action. I am admitted to practice before the courts of the State of California, and the District Court for the Southern District of California. Except as to those matters stated on information and belief, I have personal knowledge of the facts set forth herein. As to matters stated on information and belief, I am informed that they are and believe them to be true.

2. On or about June 12, 2023, Plaintiffs, the People of the State of California and City of San Diego, filed an action against Caydon San Diego Property LLC, Caydon USA Holding LLC, Caydon USA Property Group, LLC, Matthew Hutton, and Alex Beaton in the Superior Court of California, County of San Diego, as Case No. 37-2023-00024446-CU-MC-CTL (Present Action).

3. On July 13, 2023, while the Present Action was properly before state court, defense lead counsel Elizabeth Sperling (Defense Counsel) contacted me and asked whether I was willing to stipulate to an extension of time to answer. I responded to Defense Counsel via email writing that state and local rules of court only permitted me to stipulate to one 15-day extension of time without leave of court. Cal. R. Ct. 3.110(d); San Diego Super. Ct. L.R. 2.1.6. A true and correct copy of the email I sent to Defense Counsel is attached hereto as Exhibit 1. I agreed to stipulate to the 15-day extension. *Id.* The language included in my email response follows:

> An answer must be served within 30 calendar days of service of the initial complaint. See CRC 3.110(d), CCP 412.20, and LR 2.1.6. The complainant may only stipulate to one 15-day extension beyond the 30-day due date for a response. CRC 3.110 and LR 2.1.6. Plaintiffs have no legal authority to stipulate to a 60-day extension. Thus, we will agree to a 15-day calendar extension only. As such, your clients' responses are now due on July 31 and August 1, 2023.

///

4. On or about July 17, 2023, I received notice that Defendants Caydon USA Property Group, LLC, Caydon USA Holding LLC, Caydon San Diego Property LLC, and Alex Beaton (Defendants) removed the Present Action to federal court. At no time after removing the Present Action to federal court did Defendants ask for an extension of time to file an answer. Instead, Defense Counsel told this Court that "As of the time of this filing, the City Attorneys have not responded to my request for an extension." Declaration of Elizabeth Sperling in Support of Defendants' *Ex Parte* Application to Extend Time to Respond to Complaint (Sperling Decl.), (Dkt. 7), ¶ 13. This statement ignored Plaintiffs' agreement to stipulate to the 15-day extension permitted by state court. Later, when contacted by this Court to determine if Plaintiffs intended to object to the continuance, I stated that I had no objection.

5. On or about July 21, 2023, I received notice that Defendants filed a Motion for Rule 41(d) Award of Fees and Costs (Motion for Fees) (Dkt. 9). I also received notice that a hearing date for this Motion for Fees was set for August 18, 2023.

6. On July 27, 2023, I emailed Defense Counsel to inform her of my intent to file a Motion to Remand based on Lack of Jurisdiction (Motion to Remand). In this email, I requested that Defense Counsel agree to defer the Motion for Fees (Dkt. 9) until Plaintiffs' Motion to Remand is heard and a determination of jurisdiction made.

7. On July 28, 2023, I again emailed defense counsel. I informed her that I was drafting an application for an *ex parte* order to defer the hearing and briefing on the Motion for Fees (*Ex Parte* Application) pending a determination of jurisdiction. I requested that Defense Counsel stipulate to extending time for briefings and hearing on the Motion for Fees.

///

8. Later that day, Defense Counsel requested that I "hold" on the *ex parte* motion until she consulted with her clients. She wrote, "[W]e may be able to obviate the issue or come up with an alternate solution." I responded that I would hold off filing until I received a response from Defense Counsel.

9. On July 31, 2023, four days after my July 27 email requesting deferral of the Motion for Fees, Defense Counsel responded to my request for a stipulation. A true and correct copy of the email I received from Defense Counsel is attached hereto as Exhibit 2. In her email, Defense Counsel agreed to extend time for briefing and hearing on the Motion for Fees (Dkt. 9), but did not agree that jurisdiction should be determined prior to the Motion for Fees and wrote that the Motion for Fees (Dkt. 9) should be heard on the same date as the Motion to Remand.

10. Believing that Defense Counsel had agreed to an extension of time for briefing and hearing, I halted work on my opposition to the Motion for Fees (Dkt. 9) and the Motion to Remand and began working on the *Ex Parte* Application and several other cases for which I am currently responding to discovery requests, with thousands of pages of documents through which I have to sort and catalog, and drafting motions, one of which is due tomorrow, August 8, 2023 and includes over 60 pages of exhibits. I also was preparing for a pre-scheduled Disability Appeal for myself in which I was appealing a denial of three months of disability payments. The hearing was scheduled for August 7, 2023, at 11:00 a.m.

11. On August 3, 2023, I filed my *Ex Parte* Application (Dkt. 12) with this Court.

12. I wrongly believed that the Court would both extend time to reply to and continue the hearing on Defendants' Motion for Fees as both parties had agreed to these changes and that the Court would make its own determination as to the order of the hearings based on the discussion in the memoranda submitted by the parties. A partial grant of a request and partial denial has been my experience

in state court. The state court judges I have appeared before typically grant a motion in part and deny the motion in part. Having never appeared before this Court, I incorrectly assumed that this Court would do the same.

13. In hindsight, I should have worded my *Ex Parte* Application and associated proposed order to provide an alternative request for only a continuance to a specific date on which both the Motion for Fees (Dkt. 9) and Motion to Remand could be heard.

14. On August 4, 2023, I received a copy of Defendants' Opposition (Dkt. 15). I did not expect such a vehement rejection from Defense Counsel as to the portion of the request related to extending time for briefing and hearing on the Motion for Fees, especially after Defense Counsel had explicitly stated that she had no objection to continuing the briefing and hearing. I also did not expect that Defense Counsel would incorrectly tell this Court that "[a]s of the time of this filing, the City Attorneys have not responded to my request for an extension," despite my having agreed to stipulate to the 15-day extension permitted by state and local rules of court and implicitly suggesting that I was unreasonable by denying her a continuance. Sperling Decl. (Dkt. 7), ¶13.

15. At 2:47 p.m., on Friday August 4, 2023, I received this Court's order denying the *Ex Parte* Application in full. The Court ordered that the opposition to Defendants' Motion for Fees be submitted on August 7, 2023. The Court also invited me to obtain a stipulation from Defense Counsel to defer briefing and hearing on the Motion for Fees (Dkt. 9) or submit an *ex parte* motion to continue the hearing, writing:

> The Court is receptive to a joint or ex parte motion to continue the hearing on the Rule 41(d) Motion. Any such motion should: (1) identify a specific date to continue the hearing to or the duration of the continuance; (2) show good cause for the continuance; and (3) comply with the Court's Civil Local Rules and the undersigned's Standing Order in Civil Cases.

Order Denying Plaintiffs' *Ex Parte* Application (Dkt. 16).

16. Shortly after reviewing the Court's order, I called Defense Counsel. I left a message on her answering machine asking if she was still willing to honor the offer to continue the hearing on the Motion for Fees (Dkt. 9). I also emailed Defense Counsel with the same request. I received an out of office reply from her email address that she would be out of the office, checking emails periodically. The email further directed that if I needed immediate assistance, I should contact Defense Counsel's assistant, Elizabeth Koch-Lenaire (Koch-Lenaire).

17. I called the phone number provided for Koch-Lenaire. A receptionist picked up. I introduced myself and explained the nature of my call. The receptionist asked if I'd like to try Defense Counsel again. I responded that if she is available, that would be my preference. The receptionist transferred me to Defense Counsel's extension. Defense Counsel did not pick up.

18. I called Defense Counsel's office again and asked to speak with Koch-Lenaire. I was transferred to her extension and, as no one picked up, I left a voicemail explaining that I was trying to get in touch with Defense Counsel regarding a stipulation. I did not hear back.

19. I had multiple prescheduled commitments for Saturday, August 5 and Sunday, August 6, 2023; thus, I was not able to work on an opposition to the Motion for Fees (Dkt. 9) during that time, leaving me only today, August 7, 2023, to complete a complex motion that would rely significantly on facts to be produced in Plaintiffs' anticipated Motion to Remand.

20. Both the opposition to the Motion for Fees (Dkt. 9) and Plaintiffs' Motion to Remand rely on declarations that can only be obtained from representatives of non-parties, whose actions are not within my control. Obtaining these declarations and supporting documents would be exceptionally difficult, if not impossible, to complete within the time granted. Plaintiffs have been in contact with the non-parties and received assurances that the representatives will be made available for interviews and executing declarations; however, the dates have not

yet been set. Furthermore, many of the facts supporting both motions are the same and/or intricately connected. By consolidating both motions (i.e., hearing them at the same time), the Court would save significant time and effort and avoid duplication of issues.

21. I am lead counsel on this case. I have only one paralegal that I share with multiple people in my office. I do not have associate counsel or other attorneys working with me on my caseload.

22. Except as set out in this *ex parte* application, the requested continuance will not affect other case management dates.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that this declaration was executed in San Diego, California.

Dated: August __7__, 2023

David E. Miller
Deputy City Attorney

# EXHIBIT 1

**From:** Miller, David <MillerDE@sandiego.gov>
**Sent:** Friday, July 14, 2023 1:32 PM
**To:** Elizabeth Sperling <esperling@glaserweil.com>
**Subject:** RE: Caydon lawsuit

Dear Elizabeth,

This correspondence serves as a response to your email to me dated July 13, 2023. Please confirm whether you represent Defendant Alex Beaton as I cannot communicate about our action against him without your confirmation of representation. Also, the Notice of Related Case is being filed. With regards to your contention that your clients will be seeking costs and fees associated with our dismissal of the first action and filing of the second action, please note that there is no statutory authority to support your contention. See Southern District of California's Local Rule 54.1 f.

Finally, an answer must be served within 30 calendar days of service of the initial complaint. See CRC 3.110(d), CCP 412.20, and LR 2.1.6. The complainant may only stipulate to one 15-day extension beyond the 30-day due date for a response. CRC 3.110 and LR 2.1.6. Plaintiffs have no legal authority to stipulate to a 60-day extension. Thus, we will agree to a 15-day calendar extension only. As such, your clients' responses are now due on July 31 and August 1, 2023.

If you have any other questions or issues, please feel free to contact me.

*David E. Miller*
Deputy City Attorney
Office of the City Attorney
Community Justice Division
Nuisance Abatement Unit
1200 Third Avenue, Suite 700
San Diego, CA 92101
(619) 533-6123

*PLEASE NOTE: This email is for the sole use of the intended recipient(s) and may contain information protected by the ATTORNEY-CLIENT PRIVILEGE and/or by the ATTORNEY WORK PRODUCT DOCTRINE. The contents of this email may include confidential and/or inside information and may be legally privileged or protected and should not be communicated to or relied upon by any person without express consent of the sender. If you are not the intended recipient of this communication, you are hereby notified that any unauthorized review, use, dissemination, distribution, downloading, or copying of this communication is strictly prohibited and may be unlawful. If you have received this email in error, please immediately notify the sender by reply email, delete the original communication, and destroy all copies.*

**From:** Elizabeth Sperling <esperling@glaserweil.com>
**Sent:** Thursday, July 13, 2023 10:32 AM
**To:** Miller, David <MillerDE@sandiego.gov>
**Subject:** [EXTERNAL] Caydon lawsuit

\*\*This email came from an external source. Be cautious about clicking on any links in this email or opening attachments.\*\*

Exhibit 1
Page 1

Hello David. I've been informed that you re-filed the same lawsuit that you dismissed in state court. The only change I see is that you added Alex Beaton as a defendant. Alex Beaton is not a proper party to the lawsuit. He is not liable for the creation or maintenance of a public nuisance or for the numerous violations you allege under the San Diego Municipal Code. Please advise if you will agree to dismiss Mr. Beaton from the lawsuit or, if not, provide a proper legal basis for including him as a defendant.

You also failed to file a notice of related case, identifying the original action as a related case. We will be seeking our costs and fees associated with your dismissal of the first lawsuit and filing of the second lawsuit. Also, we will seek the same extension of time that we sought and that the court granted in the first lawsuit. That is, a 60-day extension to file any motions to dismiss and to hold in abeyance Caydon San Diego's deadline to respond to the complaint until 14 days after the court rules on our forthcoming motions to dismiss. Please advise if you will stipulate or if we will need to file another ex parte application. Thank you.

Best regards,

**GlaserWeil**

**Elizabeth Sperling | Partner**
*San Diego*: 501 W. Broadway, Suite 800, San Diego, CA 92101
Main: 619.765.4380 | Direct: 619.762.5953 | Fax: 619.732.3496

*Century City*: 10250 Constellation Blvd., 19th Floor, Los Angeles, CA 90067
Main: 310.553.3000 | Direct: 310.556.7860 | Fax: 310.843.2660

E-Mail: esperling@glaserweil.com | www.glaserweil.com

 To send files securely, please click here.

This message and any attached documents may contain information from the law firm of Glaser Weil Fink Howard Jordan & Shapiro LLP that is confidential and/or privileged. If you are not the intended recipient, you may not read, copy, distribute or use this information. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete this message.

This email has been scanned for viruses and malware, and may have been automatically archived by Mimecast, a leader in email security and cyber resilience. Mimecast integrates email defenses with brand protection, security awareness training, web security, compliance and other essential capabilities. Mimecast helps protect large and small organizations from malicious activity, human error and technology failure; and to lead the movement toward building a more resilient world. To find out more, visit our website.

This email has been scanned for viruses and malware, and may have been automatically archived by Mimecast, a leader in email security and cyber resilience. Mimecast integrates email defenses with brand protection, security awareness training, web security, compliance and other essential capabilities. Mimecast helps protect large and small organizations from malicious activity, human error and technology failure; and to lead the movement toward building a more resilient world. To find out more, visit our website.

Exhibit 1
Page 2

# EXHIBIT 2

## Miller, David

**From:** Elizabeth Sperling <esperling@glaserweil.com>
**Sent:** Monday, July 31, 2023 2:32 PM
**To:** Miller, David
**Subject:** [EXTERNAL] RE: People v. Caydon Case Nos. 3:23-cv-01296-DMS-KSC and 37-2023-00024446-CU-MC-CTL

\*\*This email came from an external source. Be cautious about clicking on any links in this email or opening attachments.\*\*

Dear David:

I hope you had a nice weekend. Thanks again for giving me a chance to discuss this with my client. As to your request, I need some clarification. You want to defer hearing and briefing on our motion for FRCP 41(d) fees and costs pending a determination of jurisdiction until after the Court's ruling on your forthcoming motion to remand. If remand is denied, you plan to request 14 days from the entry of the Court's Order denying the Motion to Remand to respond to our Motion for Fees and Costs. What if remand is granted? Once a case is remanded the district court loses jurisdiction over the case and we are then deprived of our rights and ability to obtain the relief sought by our motion.

You asked us to defer the hearing date on our motion. The hearing date is immaterial. Most district judges take matters under submission on the briefs without hearings so there's a small chance there would be a hearing anyway. The hearing date is mainly for the purpose of setting a briefing schedule. Once our motions are fully briefed, I would expect the judge to take both hearings off calendar and decide the motions on the papers.

You stated that the hearing on our fee motion is premature until your motion to remand is heard. We disagree. We seek our fees because of your re-filing the lawsuit after dismissal. That has nothing to do with whether the court has jurisdiction over the case. Irrespective of whether the case is remanded or not, we have the right to seek recovery of our fees under Rule 41(d).

Nevertheless, we would be agreeable to continue the hearing date and briefing schedule on our motion so that it may be set for hearing on the same date as your motion to remand. That will give you additional time on the briefing. And, if the court does have a hearing, both motions can be heard simultaneously. That way, even if the case is remanded, we would still be able to obtain the relief we seek. Let me know if this compromise is agreeable.

## GlaserWeil

**Elizabeth Sperling | Partner**
*San Diego:* 501 W. Broadway, Suite 800, San Diego, CA 92101
Main: 619.765.4380 | Direct: 619.762.5953 | Fax: 619.732.3496

*Century City:* 10250 Constellation Blvd., 19th Floor, Los Angeles, CA 90067
Main: 310.553.3000 | Direct: 310.556.7860 | Fax: 310.843.2660

E-Mail: esperling@glaserweil.com | www.glaserweil.com

To send files securely, please click here.

This message and any attached documents may contain information from the law firm of Glaser Weil Fink Howard Jordan & Shapiro LLP that is confidential and/or privileged. If you are not the intended recipient, you may not read, copy, distribute or use this information. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete this message.

**From:** Miller, David <MillerDE@sandiego.gov>
**Sent:** Friday, July 28, 2023 10:47 AM
**To:** Elizabeth Sperling <esperling@glaserweil.com>
**Subject:** RE: People v. Caydon Case Nos. 3:23-cv-01296-DMS-KSC and 37-2023-00024446-CU-MC-CTL

Thank you. I will hold off filing but will continue to draft until I hear from you. I am out of the office on Monday, so we will likely file on Tuesday if no agreeable resolution is forthcoming.

Have a good weekend.

*David E. Miller*
Deputy City Attorney
Office of the City Attorney
Community Justice Division
Nuisance Abatement Unit
1200 Third Avenue, Suite 700
San Diego, CA 92101
(619) 533-6123

*PLEASE NOTE: This email is for the sole use of the intended recipient(s) and may contain information protected by the ATTORNEY-CLIENT PRIVILEGE and/or by the ATTORNEY WORK PRODUCT DOCTRINE. The contents of this email may include confidential and/or inside information and may be legally privileged or protected and should not be communicated to or relied upon by any person without express consent of the sender. If you are not the intended recipient of this communication, you are hereby notified that any unauthorized review, use, dissemination, distribution, downloading, or copying of this communication is strictly prohibited and may be unlawful. If you have received this email in error, please immediately notify the sender by reply email, delete the original communication, and destroy all copies.*

**From:** Elizabeth Sperling <esperling@glaserweil.com>
**Sent:** Friday, July 28, 2023 10:44 AM
**To:** Miller, David <MillerDE@sandiego.gov>
**Subject:** [EXTERNAL] Re: People v. Caydon Case Nos. 3:23-cv-01296-DMS-KSC and 37-2023-00024446-CU-MC-CTL

**This email came from an external source. Be cautious about clicking on any links in this email or opening attachments.**

David, I'm still trying to discuss with my client. I'll get back to you as soon as I can. I hope today. Please hold on your ex parte until I can get back to you as we may be able to obviate the issue or come up with an alternate solution.

Best,
Elizabeth

> On Jul 28, 2023, at 10:26 AM, Miller, David <MillerDE@sandiego.gov> wrote:
>
> Elizabeth,
>
> I am drafting a motion for an Ex-Parte Order to Defer Hearing and Briefing on your Motion for FRCP 41(d) Fees and Costs pending a determination of jurisdiction.

Are you willing to stipulate to holding all further briefings and hearing on your Motion for Fees and Costs until after the Court's ruling on the Motion to Remand. If remand is denied, I plan to request 14 days from the entry of the Court's Order denying the Motion to Remand to respond to your Motion for Fees and Costs.

Please let me know as soon as possible, so I may include in my motion or in a stipulation.

Thanks,

*David E. Miller*
Deputy City Attorney
Office of the City Attorney
Community Justice Division
Nuisance Abatement Unit
1200 Third Avenue, Suite 700
San Diego, CA 92101
(619) 533-6123

*PLEASE NOTE: This email is for the sole use of the intended recipient(s) and may contain information protected by the ATTORNEY-CLIENT PRIVILEGE and/or by the ATTORNEY WORK PRODUCT DOCTRINE. The contents of this email may include confidential and/or inside information and may be legally privileged or protected and should not be communicated to or relied upon by any person without express consent of the sender. If you are not the intended recipient of this communication, you are hereby notified that any unauthorized review, use, dissemination, distribution, downloading, or copying of this communication is strictly prohibited and may be unlawful. If you have received this email in error, please immediately notify the sender by reply email, delete the original communication, and destroy all copies.*

**From:** Miller, David
**Sent:** Thursday, July 27, 2023 3:04 PM
**To:** Elizabeth Sperling <esperling@glaserweil.com>
**Subject:** People v. Caydon Case Nos. 3:23-cv-01296-DMS-KSC and 37-2023-00024446-CU-MC-CTL

Elizabeth,

I'm writing to request a continuance of your Motion For Rule 41(d) Award of Fees and Costs Against Plaintiffs and for Stay of Judgment Pending Appeal. Plaintiffs intend to file a Motion to Remand Based on Lack of Jurisdiction. By determining whether removal was ever appropriate, including in the first complaint, the court will be better situated to hear your Motion for Fees. Essentially, the facts, as determined by the court, in the Motion for Remand will provide either additional support for your Motion for Fees or make hearing the Motion for Fees unnecessary.

We anticipate filing the Motion for Remand on Thursday, August 3, 2023. Hearing your motion approximately 2 weeks after the Motion to Remand is heard and decided seems like the proper course of action. I believe that the court would agree with our rationale that a fees hearing is premature until the Motion to Remand is heard.

Please let me know whether you agree to continue your Motion for Award of Fees.

Thanks,

*David E. Miller*
Deputy City Attorney

Office of the City Attorney
Community Justice Division
Nuisance Abatement Unit
1200 Third Avenue, Suite 700
San Diego, CA 92101
(619) 533-6123

*PLEASE NOTE: This email is for the sole use of the intended recipient(s) and may contain information protected by the ATTORNEY-CLIENT PRIVILEGE and/or by the ATTORNEY WORK PRODUCT DOCTRINE. The contents of this email may include confidential and/or inside information and may be legally privileged or protected and should not be communicated to or relied upon by any person without express consent of the sender. If you are not the intended recipient of this communication, you are hereby notified that any unauthorized review, use, dissemination, distribution, downloading, or copying of this communication is strictly prohibited and may be unlawful. If you have received this email in error, please immediately notify the sender by reply email, delete the original communication, and destroy all copies.*

This email has been scanned for viruses and malware, and may have been automatically archived by Mimecast, a leader in email security and cyber resilience. Mimecast integrates email defenses with brand protection, security awareness training, web security, compliance and other essential capabilities. Mimecast helps protect large and small organizations from malicious activity, human error and technology failure; and to lead the movement toward building a more resilient world. To find out more, visit our website.

This email has been scanned for viruses and malware, and may have been automatically archived by Mimecast, a leader in email security and cyber resilience. Mimecast integrates email defenses with brand protection, security awareness training, web security, compliance and other essential capabilities. Mimecast helps protect large and small organizations from malicious activity, human error and technology failure; and to lead the movement toward building a more resilient world. To find out more, visit our website.