MARA W. ELLIOTT, City Attorney
PAIGE E. FOLKMAN, Assistant City Attorney
DAVID E. MILLER, Deputy City Attorney
California State Bar No. 174469
    Office of the City Attorney
    Community Justice Division/Nuisance Abatement Unit
    1200 Third Avenue, Suite 700
    San Diego, California 92101-4103
    Telephone: (619) 533-5500
    Fax: (619) 533-5505
    MillerDE@sandiego.gov

Attorneys for Plaintiffs, the People of the State
of California and City of San Diego

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE OF THE STATE OF CALIFORNIA and CITY OF SAN DIEGO, a municipal corporation,<br><br>    Plaintiffs,<br><br>v.<br><br>CAYDON SAN DIEGO PROPERTY LLC, a Delaware Limited Liability Company;<br>CAYDON USA HOLDING LLC, a Texas Foreign Limited Liability Company and a Delaware Limited Liability Company;<br>CAYDON USA PROPERTY GROUP, LLC, a Delaware Limited Liability Company;<br>MATTHEW HUTTON, Receiver and Manager of CAYDON USA PROPERTY GROUP HOLDINGS PTY LTD;<br>ALEX BEATON, an individual; and DOES 1 through 50, inclusive,<br><br>    Defendants. | CASE NO. 3:23-cv-01296-LAB-DDL<br><br>**PLAINTIFFS' PEOPLE OF THE STATE OF CALIFORNIA AND CITY OF SAN DIEGO'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THEIR MOTION TO REMAND TO STATE COURT**<br><br>**[Filed concurrently with Notice of *Motion for Remand, Motion for Remand, Declarations of David Miller, Ali Fattah, and Val Sanchez*]**<br><br>Date Filed: June 12, 2023<br>Removal Date: July 14, 2023<br><br>Judge: Hon. Larry A. Burns<br>Courtroom: 14A<br>Date: October 2, 2023<br>Time: 11:30 a.m. |

1

# TABLE OF CONTENTS

Page

I. INTRODUCTION ................................................................................................. 5

II. FACTUAL BACKGROUND AND PROCEDURAL HISTORY ............... 6

III. LEGAL STANDARD ......................................................................................... 8

IV. ARGUMENT ........................................................................................................ 9

    A. There is No Valid Basis for Diversity Jurisdiction ............................. 9

        1. A Presumption Arises Against Diversity Jurisdiction Because the State is the Party of Record in this Civil Law Enforcement Action ................................................................................. 9

        2. Complete Diversity is Destroyed as the State is the Real Party in Interest in this Civil Law Enforcement Action ........ 10

        3. Defendant Alex Beaton is Not a "Sham" Defendant and is Not Diverse ................................................................................. 13

    B. Any Doubt Relating to Diversity Jurisdiction Must be Resolved in Favor of Remand ................................................................................. 15

V. CONCLUSION ................................................................................................... 15

# TABLE OF AUTHORITIES

Page

**California Cases**

*Atascadero State Hosp. v. Scanlon,*
  473 U.S. 234, 290 n.44 (1985) ..................................................................11
*Boggs v. Lewis,*
  863 F. 2d 662 (9th Cir. 1988) ....................................................................15
*Davis v. Prentiss Properties Ltd. Inc.,*
  66 F. 7Supp 2d 1112 (C.D. Cal. 1999) .......................................................8
*Dep't. of Fair Employment & Housing v. Lucent Techns., Inc.,*
  642 F. 3d 728 (9th Cir. 2011) ................................................................9, 10
*Fifty Assocs. v. Prudential Ins. Co.,*
  446 F. 2d 1187 (9th Cir. 1970) ...................................................................9
*Gallo v. Acuna,*
  14 Cal. 4th 1090, 607 (1997) ....................................................................11
*Gaus v. Miles, Inc.,*
  980 F. 2d 564 (9th Cir. 1992) .....................................................................8
*Hunter v. Phillip Morris USA,*
  582 F. 3d 1039 (9th Cir 2009) .................................................................8, 9
*In re Facebook,*
  354 F. Supp. 3d 1122 (2019) .................................................................9, 15
*Kokkonen v. Guardian Life Ins. Co. of Am.,*
  511 U.S. 375 (1994) ....................................................................................8
*McCabe v. General Foods Corp.,*
  811 F.2d 1336 (9th Cir. 1987) ..................................................................13
*Miller v. Grgurich,*
  763 F.2d 372 (9th Cir. 1985) ....................................................................10
*Moor v. Alameda County,*
  411 U.S. 693 (1973) ..................................................................................10
*Nevada v. Bank of Am. Corp.,*
  672 F. 3d. 676 .............................................................................. 10, 11, 15
*People ex rel. People of the State of Cal. Ex rel. Sorensens v. Randolph,*
  99 Cal. App. 3d 183, 186 (1979) ..............................................................11
*People of the State of Cal. V. Glen Arms Estate, Inc.,*
  230 Cal. App. 2d 841, 854 n.10 (1964) ....................................................11
*People v. Lim,*
  118 Cal. 2d 872, 475-76 (1941) ................................................................11
*People v. Pac. Land Research Co.,*
  20 Cal. 3d 10, 129 (1977) .........................................................................12
*Phillips v. Allstate Ins., Co.,*
  702 F. Supp. 1466 (C.D. Cal. 1989) ...........................................................8
*State of Cal. v. Altus Fin., S.A.,*
  36 Cal. 4th 1280, 1190 (2005) ..................................................................12


**Other Authorities**
*Williams v. Ruan Transp .Corp* No. 1:13-cv-01157-LJO-SAB, 2013 WL
  5708454 (E.D. Cal. Oct. 18, 2013) .............................................................8
*People of the State of Cal. V. Purdue Pharma L.P.,* No. SACV 14-1080-
  JLS(DFMx), 2014 WL 6065907, at *2 (C.D. Cal. Nov. 12, 2014) ..........10
*People of the State of Cal. Ex. Rel Herrera v. Check 'N Go of California,
  Inc."* No. C 07-02789 JSW, 2007 WL 2406888, at *5-7 (N.D. Cal. Aug. 20,
  2007) ..........................................................................................................11

**Statutes**
28 U.S.C. section 1332(a) .............................................................................................. 8, 9
28 U.S.C. section 1332(c)(1) ............................................................................................. 13
28 U.S.C. section 1447(c) .................................................................................................... 6
California Civil Code section 3479 ....................................................................... 7, 10, 12
California Civil Code section 3480 ....................................................................... 7, 10, 12
California Civil Code section 3494 ..................................................................................... 9
California Code of Civil Procedure section 731 .................................................. 7, 9, 10, 11
San Diego Municipal Code section 11.0210 .............................................................. 7, 13
San Diego Municipal Code section 12.0202 ....................................................................... 7
San Diego Municipal Code section 121.0302(a) .............................................................. 13
San Diego Municipal Code section 121.0302(b) .............................................................. 13
San Diego Municipal Code section 121.0302(b)(4) ........................................................... 7
San Diego Municipal Code section 121.0311 ..................................................................... 7

**Other Rules**
Federal Rule of Civil Procedure 41(a)(1) ............................................................................ 7

## I. INTRODUCTION

In this case, Plaintiffs The People of the State of California (State) and the City of San Diego (City) filed a public nuisance action seeking injunctive relief and civil penalties in the Superior Court of the State of California for the County of San Diego (Superior Court) against Defendants Caydon San Diego Property LLC; Caydon USA Property Group, LLC; Matthew Hutton, Receiver and Manager; Caydon USA Property Group Holdings Pty LTD; and Alex Beaton (Defendants) for maintaining a public nuisance and violations of local building ordinances at a property located in San Diego.

For over three years, Defendants have maintained a public nuisance at a property composed of three adjoined buildings located in Downtown San Diego, also known as the California Theater (Property). This Property poses an imminent threat to the health, safety, and welfare of unauthorized occupants, first responders, and the general public. It is a refuge for transients and a blight on the local neighborhood negatively affecting local businesses. The abandoned buildings at the Property are structurally unsafe, filled with hazardous materials, such as asbestos, lead, and biological waste, and have cracked and unstable exterior ornamentation that frequently falls onto the sidewalk endangering pedestrians below. Declaration of Ali Fattah (Fattah Decl.), ¶15; Declaration of David Miller (Miller Decl.), ¶¶3-5, Exs. 1, 2. The buildings have severely deteriorated structural systems, including significantly weakened and corroded roof trusses, to which failure would have disastrous consequence leading to severe injuries and death. *See* Miller Decl., ¶3, Ex. 1. Prompt abatement of this public nuisance is required to avert collapse. Fattah Decl., ¶15. Notably, the City's Engineer has determined that when the structural members fail and the buildings collapse, one of the walls will fall towards C Street and the MTS trolley tracks, presenting an imminent threat to pedestrians, the trolley system, and its passengers. Fattah Decl., ¶15.

///

Additionally, by ignoring the City's countless formal requests to abate the public nuisance, Defendants allowed the Property to become overrun by transients who caused fires, defecated in and around the buildings, and broke windows, causing glass to fall on pedestrians below.

After Defendants refused to abate the nuisance at the Property for several years, Plaintiffs filed this civil law enforcement action in state court to enjoin them from maintaining a public nuisance and to protect the general public. To avoid being enjoined and ordered to abate the public nuisance at the Property, Defendants removed this case on the basis of diversity jurisdiction and on their unsupported claim that Defendant Alex Beaton is a sham defendant. However, there is no valid basis for diversity jurisdiction because the People of the State of California are a party of record and are also a real party in interest in this litigation, thus destroying diversity because the "State" is not a "citizen" for diversity purposes. Also, Defendant Alex Beaton, who is domiciled in the City of San Diego, State of California is by his own admissions and actions, responsible for abating the public nuisance and dangerous building conditions at the Property.

For these reasons and as set forth below, Plaintiffs request that the Court respectfully grant Plaintiffs' Motion to Remand as soon as possible, and preferably without waiting for a response brief from Defendants. *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."). Immediate remand would allow Plaintiffs to protect the public by scheduling a preliminary injunction hearing to enjoin Defendants from maintaining a public nuisance and dangerous building conditions.

## II. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On April 27, 2023, Plaintiffs filed a Complaint on behalf of the People of the State of California and the City of San Diego in the San Diego Superior Court. (Original Action) Miller Decl., Ex. 5, ¶1. In this action, Plaintiffs alleged that

Defendants, not including Alex Beaton, maintained a public nuisance and dangerous building violations at the California Theater. Two causes of action were alleged: (1) maintenance of a public nuisance pursuant to Cal. Civil Code §§ 3479 and 3480 and Cal. Code of Civil Procedure § 731; and (2) violations of the San Diego Municipal Code per San Diego Municipal Code §§ 12.0202 and 121.0311. This civil law enforcement action sought a preliminary injunction and permanent injunction against Defendants to enjoin them from maintaining the Property as a public nuisance and with dangerous building conditions. The Complaint also required Defendants to abate the nuisance and the dangerous building conditions and requested civil penalties, costs, and other equitable relief. Miller Decl., Ex. 5. On June 1, 2023, Defendants removed the Original Action to the United States District Court for the Southern District of California. Miller Decl., ¶10. (Dkt. #1). The sole basis for Defendants' removal was alleged diversity jurisdiction. On June 9, 2023, Plaintiffs filed a Notice of Voluntary Dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1). (Dkt. #8). On June 14, 2023, the Court dismissed the Original Action without prejudice. (Dkt. #9). Miller Decl., ¶11.

    On June 12, 2023, Plaintiffs filed a second Complaint in state court alleging the same causes of action and requesting the same equitable relief. The only difference in this second action was the legally supported addition of Alex Beaton as a defendant. (Present Action). Alex Beaton was added as a defendant because through further investigation, it was clear to City investigators and Plaintiffs that he was also responsible for maintaining a public nuisance and dangerous building code conditions at the Property. See SDMC §§ 11.0210 and 121.0302(b)(4), and Code of Civil Procedure § 731. Miller Decl., ¶14, Exs. 6, 7, 10 & 12.

    On July 14, 2023, Defendants removed the Present Action to the United States District Court for the Southern District (Notice of Removal). Miller Decl., ¶15. (Dkt. #1). The basis for this removal is again alleged diversity jurisdiction and

///

their unsupported claim that Defendant Alex Beaton is a sham defendant whose citizenship should be ignored. *Id.*

### III. LEGAL STANDARD

A federal court has diversity jurisdiction over (1) all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs; and (2) is between . . . citizens of different States." 28 U.S.C. § 1332 (a). The applicable federal statute requires complete diversity; therefore, every plaintiff must be diverse from every defendant. *Hunter v. Phillip Morris USA,* 582 F.3d 1039, 1043 (9th Cir. 2009).

"It is to be presumed that a cause lies outside [a federal court's] limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.* 511 U.S. 375, 377 (1994). Furthermore, the Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction" and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.,* 980 F.2d 564, 566 (9th Cir. 1992). This strict construction is very important "in diversity cases, since concerns of comity mandate that state courts be allowed to decide cases unless the removal action falls squarely within the bounds Congress has created." *Phillips v. Allstate Ins., Co.,* 702 F. Supp. 1466, 1467-68 (C.D. Cal. 1989).

Furthermore, the party seeking to remove a case always has the burden of establishing that removal is proper. *Davis v. Prentiss Properties Ltd. Inc.,* 66 F. Supp. 2d 1112, 1113 (C.D. Cal. 1999); *also Williams v. Ruan Transp .Corp.,* No. 1:13-cv-01157-LJO-SAB, 2013 WL 5708454 (E.D. Cal. Oct. 18, 2013) (The Ninth Circuit strictly construes the removal statutes and places a heavy burden on defendants to demonstrate that removal is proper." (citations omitted)).

///
///
///

## IV. ARGUMENT

### A. There is No Valid Basis for Diversity Jurisdiction

#### 1. A Presumption Arises Against Diversity Jurisdiction Because the State is the Party of Record in this Civil Law Enforcement Action

Jurisdiction based on diversity requires that citizenship of each plaintiff be different from that of each defendant, and that the matter in controversy exceed $75,000.[1] *Hunter*, 582 F. 3d at 1043, and 28 U.S.C. § 1332 (a). "For the purpose of diversity jurisdiction, a State is not a citizen of itself" and therefore "neither a state nor a state agency [can] be a party to a diversity action." *Dep't. of Fair Employment & Hous. v. Lucent Techns., Inc.*, 642 F. 3d 728, 737 (9th Cir. 2011) (quotations and citations omitted); *see also Fifty Assocs. v. Prudential Ins. Co.*, 446 F.2d 1187, 1191 (9th Cir. 1970) ("a suit between a state and a citizen of another state is not a suit between citizens of different states since a state is not a "citizen" . . . [thus] neither a state nor a state agency [can] be party to a diversity action") (quotations omitted); *In re Facebook,* 354 F. Supp. 3d 1122, 1124 (N.D. Cal 2019) (no diversity jurisdiction where the state is a party because the "state is not a citizen of anywhere").

Here, the first cause of action in the Complaint is brought by "The People of the State of California, by and through Mara W. Elliott, City Attorney." Miller Decl., Ex. 6, ¶107. California Civil Code section 3494 states that "[a] public nuisance may be abated by any public body or officer authorized to . . . by law.". California Code of Civil Procedure section 731 authorizes a city attorney to bring an action under the name of the People of the State of California to abate a public nuisance. *See* Cal. Civ. Proc. Code §731, Miller Decl., ¶14, Ex. 7. State law expressly grants standing to public prosecutors including the district attorney, county counsel, and to a city attorney of any town or city in which the nuisance exists to bring a civil law enforcement action to abate a nuisance. *See id.*

---

[1] Plaintiffs do not dispute that the matter in controversy in this action exceeds $75,000.

Therefore, as the State is a party of record in this civil law enforcement action, diversity is defeated because the State is not a citizen. *See id.*

### 2. Complete Diversity is Destroyed as the State is the Real Party in Interest in this Civil Law Enforcement Action

Unlike Defendants claim in their Notice of Removal, Plaintiff the People of the State of California is not a "citizen" for purposes of diversity jurisdiction. Dkt. #1, ¶14; *See Department of Fair Employment and Housing v. Lucent Technologies*, 642 F.3d 728, 737 (9th Cir. 2011); *Moor v. Alameda County*, 411 U.S. 693, 717 (1973). Plaintiff The People of the State of California brings the public nuisance cause of action to protect the health, safety, and welfare of the general public as allowed by state law *See* Cal. Civ. Proc. Code § 731, and Cal. Civ. Code §§ 3479 and 3480; Miller Decl., ¶14, Ex. 7. The real party in interest in the public nuisance cause of action brought in this action is the State itself, which is not a citizen of California and therefore cannot sue or be sued in a federal diversity action.

When determining the state's real interest for jurisdictional purposes federal courts consider (1) whether the state has a concrete interest in the outcome of the lawsuit and (2) the availability of unique and substantial relief to the state. *Nevada v. Bank of Am. Corp.*, 672 F.3d 670, 672 (9th Cir. 2012) (analyzing Lucent); *Lucent*, 642 F.3d at 737-40; *see also Miller v. Grgurich*, 763 F.2d 372, 373 (9th Cir. 1985) (a court looks to the face of the Complaint to determine whether diversity of citizenship exists). Notably, when actions filed by prosecutors on behalf of the People as permitted by California law have been removed as in this instance, federal courts have consistently held that because prosecutors are exercising the State's sovereign powers on behalf of the People, the State is the plaintiff and real party in interest for diversity purposes. *See People of the State of Cal. V. Purdue Pharma L.P.,* No. SACV 14-1080-JLS(DFMx), 2014 WL 6065907, *at \*2 (C.D. Cal. Nov. 12, 2014)* (granting plaintiff State of California's motion to remand and holding it was the real party in interest in an action brought by the

Office of the County Counsel for the County of Santa Clara, and rejecting defendant's argument that "because county prosecutors are authorized to abate public nuisances only in their jurisdictions, *see* Cal. Civil Proc. § 731; Miller Decl., ¶14, Ex. 7, the real party in interest in a nuisance abatement actions is only the county.")(citing *Nevada, id* at 671; *People of the State of Cal. Ex. Rel Herrera v. Check 'N Go of California, Inc."* No. C 07-02789 JSW, 2007 WL 2406888, at *5-7 (N.D. Cal. Aug. 20, 2007) (State of California is the real party of interest in action by San Francisco City Attorney on behalf of the People of the State). Clearly, as the State is not a citizen of itself and cannot be a party for diversity purposes, *see Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 290 n.44 (1985) federal courts have promptly remanded the actions for lack of diversity jurisdiction.

Courts have consistently recognized that the State has a "substantial interest in abating public nuisances. *People ex rel. People of the State of Cal. Ex rel. Sorensens v. Randolph*, 99 Cal. App. 3d 183, 186 (1979); *see also Gallo v. Acuna*, 14 Cal. 4th 1090, 607 (1997) (holding that a public nuisance cause of action brought by public prosecutors seeks to "vindicate . . . the value of community and the collective interest it furthers"). As previously discussed, under California law a city attorney may bring civil law enforcement actions on behalf of the People of the State to seek abatement of public nuisances. *See* Cal. Civ. Pro. Code § 731; Miller Decl., ¶14, Ex. 7. Here, Plaintiff, People of the State of California is exercising the sovereign authority of the State and this action can be treated as if the State brought the matter. *See People v. Lim*, 118 Cal. 2d 872, 475-76 (1941); *People of the State of Cal. v. Glen Arms Estate, Inc.*, 230 Cal. App. 2d 841, 854 n.10 (1964). Also, it is important to note that when Plaintiff files public nuisance cases on behalf of the People of the State like in this instance, its purpose is to seek to protect the health, safety, and welfare of the general public that the City protects on behalf of the State. Notably, California law defines a public nuisance as "one

which affects at the same time an entire community or neighborhood, or any considerable number of persons, although the extent of the annoyance or damage inflicted upon individuals may be unequal". *See* Cal. Civ. Code § 3480. In this particular case, the City's Engineer Fattah has opined that abating the public nuisance alleged is necessary to avoid injury and death to the general public. *See* Fattah Decl., ¶15. Therefore, it is abundantly clear that the State has an interest in this case.

Furthermore, the State's status as a real party in interest is supported by the types of equitable relief the city attorney is seeking on behalf of the People of the State of California. Specifically, the city attorney is seeking injunctive relief that will benefit the public as a whole by requesting that the state court enjoin Defendants from maintaining dangerous public nuisance conditions at the Property. *See* Complaint ¶¶107-119; Miller Decl., Ex. 6. *See State of Cal. v. Altus Fin., S.A.,* 36 Cal. 4th 1280, 1190 (2005) (when a public prosecutor "seeks and injunction that will protect the public and prevent defendants from committing future unlawful acts, he is fulling primarily a law enforcement function" for the benefit of the public); *People v. Pac. Land Research Co.,* 20 Cal. 3d 10, 129 (1977) ("An action filed by the People seeking injunctive relief and civil penalties is fundamentally a law enforcement action designed to protect the public and not to benefit private parties."). To obtain injunctive relief, Plaintiff does not need to establish *any* injury to the city or to a specific citizen of the City. The equitable remedies in this case benefit all California residents and deter similar wrongdoing throughout the State.

Clearly, the State is the only real party in interest in Plaintiffs filing of a public nuisance cause of action because it was filed to protect the general public from Defendants' actions and maintenance of dangerous public nuisance conditions at the Property. Therefore, as there is no basis for diversity jurisdiction, the Court should remand this case.

### 3. Defendant Alex Beaton is Not a "Sham" Defendant and is Not Diverse

Unlike Defendants claim, the addition of Alex Beaton as a defendant to the Present Action was made because after further investigation it was clear to Plaintiffs that Beaton was also responsible for maintaining a public nuisance and dangerous building conditions at the Property. *See* Cal. Civ. Code §§ 3479- 80; SDMC §121.0302(a) and (b); Miller Decl., ¶¶ 12, 13, Ex. 6. The case cited by Defendants *McCabe v. General Foods Corp.,* 811 F.2d 1336 (9th Cir. 1987) for the proposition that Defendant Beaton is a "sham" defendant that was added only to defeat diversity jurisdiction is distinguishable and should not be considered. Specifically, unlike in *McCabe* where the court held that plaintiff failed to state any cause of action against the defendants that were ultimately considered "sham" defendants for purposes of diversity jurisdiction, in this matter, Plaintiffs have clearly stated a cause of action against Defendant Beaton.

Municipal Code section 11.0210 states that a person responsible for maintaining violations of local ordinances is one "who a Director determines is responsible for causing or maintaining a public nuisance or a violation of the Municipal Code or applicable state codes." The term "Responsible Person" **includes, but is not limited to** a property owner, tenant, person with a Legal Interest in real property or person in possession of real property. *See* SDMC § 11.0210 (emphasis added). Miller Decl., Ex. 12. Here, as alleged in the Complaint, since 2020, Defendant Beaton frequently represented to city investigators and staff that he was responsible for abating the violations at the Property, thus Plaintiffs can sufficiently support both causes of action against him. *See* Declaration of Val Sanchez (Sanchez Decl.), ¶14; Miller Decl., Ex. 6, ¶¶30, 32, 37-40, 56, 58, 63, 64, 72, 74, 76, and 84.

Defendant Beaton frequently met and contacted City staff directly, including contacting Development Services Director Elyse Lowe and investigators indicating

that he was responsible for abating the public nuisance and dangerous building conditions at the Property. Sanchez Decl., ¶14 . Notably, when sending email correspondence to City staff he frequently used an email with a domain of @caydonusa.com, thus unlike he claims, he obviously was also employed and working for Defendant Caydon USA. Miller Decl., ¶13. The definition of a "Responsible Person" is very broad and is not just limited to the capacities included in the definition or asserted by Defendant that he claims do not apply to him. *See* Alex Beaton Declaration in support of Defendants' Notice of Removal. Miller Decl., Ex. 11. Here, Plaintiffs legally added Defendant Beaton to the Present Action because after further investigation was completed it was abundantly clear that he was also responsible for maintaining and causing a public nuisance and violations of the San Diego Municipal Code at the Property. *See* Sanchez Decl., ¶16. As such, Defendant is not a "sham" defendant as Plaintiffs have clearly stated a cause of action against him.

Individuals are citizens of the state in which they are domiciled. In this instance, Defendant Beaton is a citizen of California as he is domiciled in the City of San Diego, State of California. *See* Complaint ¶10; Miller Decl., Ex. 6. Corporations are considered citizens of the state in which they are incorporated or where they have their principal place of business. 28 U.S.C. §1332(c)(1). Plaintiff City of San Diego is a municipal corporation formed under the laws of the State of California; thus, a citizen of the State of California. Therefore, as complete diversity does not exist, this Court should remand this action. Finally, assuming arguendo there is no claim against Alex Beaton, which is incorrect, this Court should still remand the action as there is no diversity between the State and the Defendants.

/ / /

/ / /

/ / /

### B. Any Doubt Relating to Diversity Jurisdiction Must be Resolved in Favor of Remand

The overwhelming weight of authority favoring remand calls for this case to be remanded to the Superior Court. However, if the Court has any doubts regarding whether it has jurisdiction over this case, this doubt must be resolved in favor of remand as supported by case law. *See Boggs v. Lewis*, 863 F. 2nd 662, 663 (1988). Furthermore, where the State legislature has expressly decided to provide local law enforcement officials with the sovereign authority of the State, as is the case here under California's public nuisance statutes that serve to protect the general public, there must be a compelling reason for a federal court to disregard that decision, and to convert an action lawfully brought on behalf of the People in state court into a federal diversity action. *See In re Facebook,* 354 F. Supp. 3d at 1124 {"[W]hen an action has been brought by a state or one of its officials or subdivisions, the need to resolve doubts against the exercise of federal jurisdiction is particularly acute); *Nevada,* 672 F. 3d at 676 (sovereign protection from removal arises in its most powerful form in state enforcement actions to protect the general public and removal must serve an "overriding federal interest"). Defendants have clearly failed to provide any compelling reason or evidence in this action to support removal; therefore, remand is appropriate.

## V. CONCLUSION

For the reasons stated above, Plaintiffs respectfully request that this motion be granted, and this action remanded to the San Diego Superior Court.

Dated: August 14, 2023

MARA W. ELLIOTT, City Attorney

By /s/ David E. Miller
David E. Miller
Deputy City Attorney

Attorneys for Plaintiffs the People of the State of California and City of San Diego