UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE OF THE STATE OF CALIFORNIA and CITY OF SAN DIEGO, a municipal corporation,<br><br>Plaintiffs,<br><br>v.<br><br>CAYDON SAN DIEGO PROPERTY LLC, a Delaware Limited Liability Company; CAYDON USA HOLDING LLC, a Texas Foreign Limited Liability Company and a Delaware Limited Liability Company; CAYDON USA PROPERTY GROUP, LLC, a Delaware Limited Liability Company; MATTHEW HUTTON, Receiver and Manager of CAYDON USA PROPERTY GROUP HOLDINGS PTY LTD; ALEX BEATON, an individual; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.: 3:23-cv-01296-JES-DDL<br><br>**ORDER GRANTING MOTION TO REMAND**<br><br>**[ECF No. 21]** |

Before the Court is Plaintiffs', The People of the State of California's ("State"), acting by and through the San Diego City Attorney, and the City of San Diego's ("City"),

Motion to Remand for lack of subject matter jurisdiction. ECF No 21. Defendants oppose stating that removal jurisdiction on the basis of diversity is proper because complete diversity exists. *See* ECF No. 28. For the reasons stated below, the Court **GRANTS** the Motion to Remand.

## I. BACKGROUND

Plaintiffs, the State and the City, originally filed this action on April 27, 2023, in San Diego Superior Court against all Defendants, except Defendant Alex Beaton ("Beaton"). ECF Nos. 21 at 6, 28 at 3. The original named Defendants ("Caydon entities") are citizens of Delaware, Texas, and Australia. ECF No. 28 at 4-5.

In the Complaint, Plaintiffs raise various claims, including unlawful maintenance of a public nuisance in violation of Cal. Civ. Code §§ 3479 and 3480, Cal. Civ. Proc. Code § 731 and San Diego Municipal Code ("SDMC") §§ 12.0202, and 121.0311, and strict liability for such unlawful maintenance pursuant to SDMC § 121.0311. ECF No. 21-2, Ex. 5. Plaintiffs allege that Defendants maintained a public nuisance at a property comprised of three adjoined buildings in downtown San Diego, the California Theater ("Property"), which poses a health, welfare, and safety threat to occupants, first responders, and the general public because the Property is structurally unsafe and filled with hazardous materials. ECF No. 21 at 5. Bringing this suit as a "civil law enforcement action," Plaintiffs seek declaratory, injunctive, and other equitable relief in the form of abatement. ECF Nos. 21 at 6-7, 21-2, Ex. 5.

Defendants timely removed, on June 1, 2023, to federal court invoking diversity jurisdiction under 28 U.S.C. §§ 1332 and 1441. ECF No. 28 at 3. On June 9, 2023, Plaintiffs filed a Notice of Voluntary Dismissal, and five days later, the then-presiding judge dismissed the action without prejudice. ECF Nos. 21 at 7, 28 at 3.

On June 12, 2023, Plaintiffs filed a second Complaint in state court alleging the same claims and requesting the same remedies. ECF Nos. 21 at 7, 21-2, Ex 6. This time, adding Beaton, a California citizen, as a named defendant and marshalling the same claims against him. *See* ECF Nos. 21 at 7, 28 at 3. On July 14, 2023, Defendants again

timely removed on the basis of diversity. ECF No. 28 at 4. In response, Plaintiffs moved to remand this case back to state court on August 14, 2023, claiming that this Court lacks subject matter jurisdiction. *See id.*; ECF No. 21.

## II.   LEGAL STANDARD

A defendant may remove an action to federal court based on diversity jurisdiction. *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) ("Hunter") (citing 28 U.S.C. § 1441). The removing party "bears the burden of overcoming the strong presumption against removal jurisdiction." *Hansen v. Grp. Health Coop.*, 902 F.3d 1051, 1057 (9th Cir. 2018) (internal quotation marks omitted) (quoting *Geographic Expeditions, Inc. v. Estate of Lhotka*, 599 F.3d 1102, 1107 (9th Cir. 2010)). Courts strictly construe the removal statute against removal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "[A]ny doubt about the right of removal requires resolution in favor of remand." *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009) (citing *Gaus*, 980 F.2d at 566).

Diversity jurisdiction requires that the amount in controversy exceeds $75,000 and complete diversity of citizenship. 28 U.S.C. § 1332; *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001) ("Morris"). Complete diversity exists where each plaintiff is a citizen of a different state than each defendant. *See Morris*, 236 F.3d at 1067.

## III.   DISCUSSION

Plaintiffs do not contest that the amount in controversy is satisfied. ECF No. 21 at 9. Rather, Plaintiffs move to remand arguing that this Court lacks subject matter jurisdiction because the State is a party in this action which defeats diversity. Defendants contend that this Court should disregard the State and Beaton for diversity purposes because the State is not a real party in interest and Beaton was fraudulently joined to destroy diversity. Courts ordinarily look to the face of the complaint to determine diversity jurisdiction. *Miller v. Grgurich*, 763 F.2d 372, 373 (9th Cir. 1985). For disputes as to whether a state is a real party in interest or fraudulent joinder of a non-diverse defendant, "the diversity jurisdiction statute [] require[s] courts . . . to look behind the

pleadings to ensure that parties are not improperly creating or destroying diversity jurisdiction." *Miss. ex rel. Hood v. AU Optronics Corp.*, 571 U.S. 161, 174, 134 S. Ct. 736, 745 (2014). Because the State is a named party in this action and the legitimacy of Beaton as a properly joined defendant is at issue, complete diversity is not facially apparent from the Complaint. Bearing the burden as the removing party to demonstrate complete diversity between adverse parties, the Court therefore examines both of Defendants' jurisdictional arguments in turn.

### A. Real Party in Interest

Plaintiffs maintain that a State cannot be a citizen of itself and its presence in this case renders diversity jurisdiction incalculable. Defendants counter, asserting that the State is not a real party in interest and therefore should be ignored in assessing diversity. Plaintiffs argue that the State is a real party in interest because Cal. Civ. Proc. Code § 731 permits a city attorney to file a public nuisance action on behalf of The People of the State of California, the State's interests are to "protect the health, safety, and welfare of the general public," and the State seeks injunctive relief, beneficial to all Californians, to abate the public nuisance conditions on Defendants' Property. ECF No. 21 at 5, 9-12. The Court finds Plaintiffs' arguments unavailing.

Although, "a State is not a 'citizen' for purposes of the diversity jurisdiction," *Moor v. Cty. of Alameda*, 411 U.S. 693, 717, 93 S. Ct. 1785, 1800 (1973), "the mere presence on the record of the State as a party plaintiff[] will not defeat the jurisdiction of the Federal court when it appears that the state has no real interest in the controversy," *Ex parte Nebraska*, 209 U.S. 436, 444, 28 S. Ct. 581, 584 (1908). Rather, diversity jurisdiction is lacking only if the state is a real party in interest to the suit. *Dep't of Fair Emp. & Hous. v. Lucent Techs., Inc.*, 642 F.3d 728, 737 (9th Cir. 2011); *Nevada v. Bank of Am. Corp.*, 672 F.3d 661, 670 (9th Cir. 2012).

To determine whether the state is a real party in interest, the Court analyzes "the essential nature and effect of the proceeding as it appears from the entire record." *Nevada*, 672 F.3d at 670 (quoting *Lucent*, 642 F.3d at 740). In conducting this analysis,

the Court considers whether the state has a substantial interest at stake that is specific and concrete in the litigation. *See Nevada*, 672 F.3d at 670. Indicia of a specific and concrete interest include the nature of the "substantive state law" at issue, *Lucent*, 642 F.3d at 738, the extent to which the challenged conduct injures the state "as a whole," *Nevada*, 672 F.3d at 670, and the extent to which the complaint seeks "substantial relief that is available to [the state] alone," *id.* at 672; *see also Lucent*, 642 F.3d at 739. Standing alone, a state's general governmental interests – including protecting the welfare of all its citizens, compelling obedience to the legal orders of all its officials, and securing compliance with all its laws – are insufficient. *Lucent*, 642 F.3d at 737 (*citing Mo., Kan. and Tex. Ry. Co. v. Mo. R.R. & Warehouse Comm'rs*, 183 U.S. 53, 60 (1901) ("Missouri Railway")). But the fact that a plaintiff other than the state itself may also benefit from the relief sought does not undermine the state's substantial interest in the litigation. *Nevada*, 672 F.3d at 671-72.

Here, Plaintiffs rely on the Cal. Civ. Proc. Code § 731 provision for city attorneys to sue on behalf of the State, in it of itself, as support that the State has a real interest in this controversy. Such reliance is misplaced. The relevant statutory language provides that "the district attorney or county counsel of any county in which the nuisance exists, or . . . the city attorney of any town or city in which the nuisance exists" are authorized to bring suit "in the name of the people of the State of California" to "abate a public nuisance" as "defined in Section 3480" and "an action may be brought by any person" affected by a nuisance "as defined in Section 3479." Public nuisances "affect[] at the same time an entire community or neighborhood, or any considerable number of persons . . . ." Cal. Civ. Code § 3480. Though the statutory scheme expressly allows a city attorney to bring a public nuisance cause of action on behalf of the State, this does not confer real interest to the State, for diversity purposes, where none exists. *Lucent*, 642 F.3d at 738 n.5 ("It seems logical that a state can possess standing to bring forth a claim, but lack status as a real party in the controversy for the purposes of diversity jurisdiction, as the categories that satisfy the latter are more limited than those of the prior."). Further,

5

Plaintiffs articulate that the State's interest in this case is to "protect the health, safety, and welfare of the general public." ECF No. 21 at 11-12. This language mirrors the general governmental interests that the Ninth Circuit categorized as insufficient in *Lucent* and *Nevada*.

In *Lucent*, the court considered whether the California Department of Fair Employment and Housing ("DFEH") was the real party in interest in a suit it brought on behalf of an employee against an employer alleging disability-based discrimination in violation of the Fair Employment and Housing Act ("FEHA"). 642 F.3d 728, 735, 738-39. There, DFEH pointed to FEHA's statutory language carving out California's interest in "protect[ing] and safeguard[ing] the right and opportunity of all persons to seek, obtain, and hold employment without discrimination" and combating the denial of employment and discrimination, which "foments domestic strife and unrest . . . and substantially and adversely affects . . . the public in general . . . ." *Lucent*, 642 F.3d at 738. The Ninth Circuit held that these interests were general governmental interests insufficient to constitute the DFEH as a real party in interest. *Id.*; *see also Missouri Railway*, 183 U.S. at 60 ("It is true that the State has a governmental interest in the welfare of all its citizens, in compelling obedience to the legal orders of all its officials, and in securing compliance with all its laws. But such general governmental interest is not that which makes the State, as an organized political community, a party in interest in the litigation . . . .").

In *Nevada*, the court considered whether the State of Nevada was a real party in interest in a suit brought by Nevada's Attorney General against Bank of America for misleading consumers about mortgage modifications and foreclosure processes. 672 F.3d at 664-65. Applying its reasoning in *Lucent*, the court opined that Nevada had a specific and concrete interest in preserving the integrity of residential mortgage loan servicing and eliminating deceptive practices that may have contributed to the statewide mortgage crisis affecting Nevada's citizenry and economy. *See id.* at 670-71.

*Lucent* and *Nevada* counsel towards a finding that Plaintiffs articulated State

interests are too general. Nowhere in Plaintiffs' Complaint or opening brief do they express a specific and concrete State interest. *See* ECF Nos. 21, 21-2, Ex. 6. Instead, Plaintiffs describe the State's interests as generally protecting its citizens and their welfare – which *Lucent* and its progeny held is neither specific nor concrete. For the first time in their reply, Plaintiffs proffer a specific and concrete interest that the alleged public nuisance conditions on Defendants' Property pose statewide concerns of a collapse hazard, which may impact bus routes for trolley vehicles, catenary systems, and ultimately intrastate service. ECF No. 31 at 4. Not only did Plaintiffs introduce new facts and arguments in their reply, but such arguments, even if considered, do not show a substantial state interest. The San Diego Metropolitan Transit System advertises, at the top of their website, that trolley services "connect[] San Diego's downtown with East County, UC San Diego, South Bay, and the Mexico border."[1] None of these destinations are outside of the City of San Diego. Yet, Plaintiffs contend that disruptions to the trolley system will result in statewide consequences because public transit "reduce[s] road congestion and travel times, air pollution, and gas consumption." *Id.* At best, this alleged prospective harm is theoretical. At worst, it is completely local. Plaintiffs fail to provide a specific and concrete connection explaining the extent to how potential disruption to a transit system servicing predominantly San Diego residents would cause statewide injury.

Finding no specific and concrete state interest or statewide harm, the Court turns to whether Plaintiffs seek substantial relief available to the State alone. Defendants contend that the remedies Plaintiffs seek does not inure to the State alone, but exclusively benefits the City. *See* ECF No. 28. Though, courts have considered and rejected a literal application of *Missouri Railway* requiring the benefits of an action to inure to the state alone, the relief Plaintiffs seek benefits the State tangentially – if at all. *People v. Universal Syndications, Inc.*, No. C 09-1186 JF (PVT), 2009 U.S. Dist. LEXIS 64066, at *11 (N.D. Cal. June 16, 2009); *see Nevada*, 672 F.3d at 670-72 (citing *Lucent*, 642 F.3d

---

[1] Trolley, https://www.sdmts.com/transit-services/trolley (last visited Mar. 29, 2024).

at 739). Plaintiffs' Complaint and motion provides that the State alleges only the first cause of action – maintenance of a public nuisance in violation of Cal. Civ. Code §§ 3479 and 3480 – against Defendants. ECF Nos. 21 at 9, 21-2, Ex. 6. Considering only the relief sought for this claim, the Court finds none substantially benefit the State. First, Plaintiffs seek declaratory relief classifying Defendants' Property as a public nuisance. ECF No. 21-2, Ex. 6. Neither Plaintiffs' Complaint nor motion demonstrate how declaring a San Diego property a public nuisance benefits all California residents. Second, Plaintiffs request injunctive relief to enjoin maintenance of the Property as a public nuisance. Injunctive relief will undoubtedly benefit the surrounding community. *Id.* But, other than parochial state interests, Plaintiffs make no showing how such relief will substantially benefit the State as a whole. Third, where Defendants' fail to adhere to the injunction, Plaintiffs seek authorization to abate the Property with resulting expenses "recoverable to the City." *Id.* Here, by Plaintiffs' own admission, the City, not the State, will recover abatement-related costs should Defendants fail to comply with requested injunction.

The Court does not consider the relief sought for the second cause of action, because Plaintiffs' Complaint reads that this cause of action "violation of The San Diego Municipal Code" is "alleged by Plaintiff City of San Diego against all Defendants." *Id.* Even if considered, Plaintiffs seek largely the same relief, including expenses recoverable to the City, that does not substantially benefit the State. *Id.*

Because the State lacks a substantial interest that is specific and concrete, the State is not a real party in interest in this litigation. Accordingly, the Court disregards the State's presence for diversity purposes.

**B. Fraudulent Joinder**

Defendants oppose remand stating that the Court should also disregard Beaton, as a California citizen, because he was fraudulently named to defeat diversity. ECF No. 28 at 11. Plaintiffs argue that because they stated a cause of action against Beaton, he is a legitimate defendant in this case. ECF No. 21 at 14. In making this argument, Plaintiffs assert that Beaton is liable for maintaining a public nuisance in violation of the SDMC

because he is a "Responsible Person" as defined in section 11.0210. *Id.* at 13. Defendants insist that there is no cognizable claim against Beaton because he is not an employee or representative of Caydon entities and as such cannot be a "Responsible Person" under the SDMC. ECF No. 28 at 12-14. The Court disagrees.

While diversity jurisdiction requires complete diversity between adverse parties, "one exception to the requirement of complete diversity is where a non-diverse defendant has been 'fraudulently joined.'" *Morris*, 236 F.3d at 1067. A defendant asserting fraudulent joinder bears a "heavy burden since there is a general presumption against [finding] fraudulent joinder." *GranCare, LLC v. Thrower*, 889 F.3d 543, 548 (9th Cir. 2018) (internal quotation marks omitted). "There are two ways to establish fraudulent joinder: '(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court.'" *Id.* at 548 (quoting *Hunter*, 582 F.3d at 1044). For the second method, courts do not adopt a Rule 12(b)(6) standard to determine whether a plaintiff alleged a cause of action against a non-diverse defendant. *Id.* at 549. Indeed, "[a] claim against a defendant may fail under Rule 12(b)(6), but that defendant has not necessarily been fraudulently joined." *Id.* "If the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent." *Mercado v. Allstate Ins. Co.*, 340 F.3d 824, 826 (9th Cir. 2003) (quoting *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987)). "[I]f there is a *possibility* that a state court would find that the complaint states a cause of action against any of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court." *Grancare*, 889 F.3d at 548 (emphasis in original) (quoting *Hunter*, 582 F.3d at 1046).

Defendants employ the second method of establishing fraudulent joinder, but fall short of proving Plaintiffs fraudulently named, Beaton, a non-diverse defendant. The SDMC's definition of a "Responsible Person" is expansive, it "includes but is not limited to a property owner, tenant, person with a Legal Interest in real property or person in

possession of real property." SDMC § 11.0210. It also states that the term includes "a person who a Director determines is responsible for causing or maintaining a public nuisance or a violation of the Municipal Code or applicable state codes." *Id.*

Here, in some capacity, Beaton worked on "behalf of the [p]roperty [o]wner[s]" in assisting with access to the Property allegedly containing public nuisance conditions and worked on implementing various "maintenance requests" from the City of San Diego. ECF No. 21-2, Ex. 3-4. Though Defendants argue that Beaton was not an employee or representative, the Court need not reach that issue. Because there is a possibility that a state court would find Beaton a "Responsible Person" as he was in possession of the Property in conducting his work duties that included addressing maintenance issues, this Court reaches the same conclusion. *GranCare*, 889 F.3d at 549 (noting that federal courts must remand if there is a "*possibility* that a state court would find that the complaint states a cause of action against any of the [non-diverse] defendants.") (emphasis in original) (quoting *Hunter*, 582 F.3d at 1046).

Even if a state court would not designate Beaton as a "Responsible Person," this Court is unable to conclude that Beaton was fraudulently joined. As the removing party, Defendants bear a heavy burden to show that all allegations in Plaintiffs' Complaint against Beaton illustrate fraudulent joinder. However, Defendants do not mention in their opposing papers, let alone demonstrate fraud in the pleadings or Plaintiffs' inability of establishing a claim for any of the other allegations: such as the SDMC § 121.0311 strict liability claim brought by the City or the Cal. Civ. Code §§ 3479 and 3480 maintenance of a public nuisance claim brought by the State. ECF No. 21-2, Ex. 6; *see* ECF No. at 28. Thus, the Court finds that Defendants have not met its burden of showing fraudulent joinder.

## IV.  CONCLUSION

For the reasons stated above, the Court disregards the State's presence for diversity purposes. As a result, complete diversity does not exist because the City is a citizen of California and Defendants are citizens of Delaware, Texas, Australia, and California. The

Court therefore **GRANTS** Plaintiffs' Motion to Remand for lack of subject matter jurisdiction.

      **IT IS SO ORDERED.**

**Dated:  March 29, 2024**

_____
Honorable James E. Simmons Jr.
United States District Judge