1  ELIZABETH A. SPERLING - State Bar No. 231474
   esperling@glaserweil.com
2  ALEXANDER R. MILLER - State Bar No. 294474
   amiller@glaserweil.com
3  JACK DAY – State Bar No. 324516
   jday@glaserweil.com
4  **GLASER WEIL FINK HOWARD**
   **  JORDAN & SHAPIRO LLP**
5  600 W. Broadway, Suite 1080
   San Diego, CA 92101
6  Telephone:  (619) 765-4380
   Facsimile:   (619) 483-0646
7
   Attorneys for Defendants
8  Caydon San Diego Property LLC; Caydon
   USA Holding LLC; Caydon USA Property
9  Group, LLC; and Alex Beaton

10               **UNITED STATES DISTRICT COURT**

11            **SOUTHERN DISTRICT OF CALIFORNIA**

12 | THE PEOPLE OF THE STATE OF | Case No.: 3:23-cv-01296-JES-DDL |
   | CALIFORNIA and CITY OF SAN |  |
13 | DIEGO, a municipal corporation, | The Hon. James E. Simmons Jr. |

14                 Plaintiffs,          **DEFENDANTS' MEMORANDUM**
                                        **OF POINTS AND AUTHORITIES IN**
15 v.                                   **SUPPORT OF MOTION FOR**
                                        **RECONSIDERATION**
16 CAYDON SAN DIEGO PROPERTY
   LLC, a Delaware Limited Liability     [*Filed concurrently with Notice of*
17 Company; CAYDON USA HOLDING          *Motion and Motion for Reconsideration;*
   LLC, a Texas Foreign Limited Liability *Declaration of Elizabeth A. Sperling;*
18 Company and a Delaware Limited        *and (Proposed) Order*]
   Liability Company; CAYDON USA
19 PROPERTY GROUP, LLC, a Delaware      DATE:            May 29, 2024
   Limited Liability Company;            TIME:            9:00 AM
20 MATTHEW HUTTON, Receiver and         COURTROOM: 4B
   Manager of CAYDON USA
21 PROPERTY GROUP HOLDINGS PTY
   LTD; ALEX BEATON, an individual;      Date filed:      June 12, 2023
22 and DOES 1 through 50, inclusive,     Removal Date:    July 14, 2023

23                 Defendants.

24

25

26

27

28

# <u>TABLE OF CONTENTS</u>

<u>Page</u>

I.   INTRODUCTION ............................................................................5

II.   BACKGROUND.............................................................................7

III.   LEGAL STANDARD ......................................................................9

IV.   ARGUMENT ................................................................................11

    A.   The Court Committed Clear Error Because There Is No
        Possibility That A State Court Can Properly Find That Mr.
        Beaton Is A "Responsible Person." ...................................................12

    B.   Defendants Met Their Burden Of Showing Plaintiffs' Inability
        To Establish A Claim Against Mr. Beaton. ....................................14

V.   CONCLUSION ............................................................................17

2400882

# TABLE OF AUTHORITIES

## CASES

*Baron v. Johnson & Johnson*,
  2014 WL 7272229 (C.D. Cal. Dec. 17, 2014) ................................................ 9

*Carrasco v. Horowitz*,
  2014 WL 7205912 (S.D. Cal. Dec. 17, 2014) ................................................ 9

*Citizens for Odor Nuisance Abatement v. City of San Diego*,
  8 Cal. App. 5th 350 (2017) ............................................................................ 16

*Cokely v. Pacific Gas & Elec. Co.*,
  1984 WL 1102 (N.D. Cal. Sep. 14, 1984) .................................................... 10

*De La Torre v. CashCall, Inc.*
  56 F. Supp. 3d 1105 (N.D. Cal. 2014) ............................................................ 9

*Fleuti v. Rosenberg*,
  302 F. 2d 652 (9th Cir. 1962) ....................................................................... 13

*Hiken v. Department of Defense*,
  836 F.3d 1037 (9th Cir. 2016) ...................................................................... 10

*McCabe v. General Foods, Corp.*,
  811 F.2d 1336 (9th Cir. 1987) ...................................................................... 14

*McQuillion v. Duncan*,
  342 F.3d 1012 (9th Cir. 2003) ...................................................................... 10

*People v. ConAgra Grocery Products Co.*,
  17 Cal. App. 5th 51 (2017) ........................................................................... 16

*Ross v. Stater Bros. Markets*,
  2019 WL 6332241 (C.D. Cal. Aug. 8, 2019) ................................................ 10

*Sch. Dist. No. 1J v. ACandS, Inc.*,
  5 F.3d 1255 (9th Cir. 1993) ............................................................................ 9

*Smith v. Clark Cty. Sch. Dist.*,
  727 F.3d 950 (9th Cir. 2013) .......................................................................... 9

*Weaver v. Amentum Services, Inc.*,
  2022 WL 3447511, at *4 (S.D. Cal. Aug. 17, 2022) ...................................... 9

## STATUTES

Cal. Govt. Code § 3479 ............................................................................... 7, 16

Cal. Govt. Code § 3480 ............................................................................... 7, 16

San Diego Mun. Code § 121.0302(b)(4) ......................................................... 14

3

Glaser Weil

2400882

San Diego Mun. Code § 142.0360(b) ........................................................ 14

San Diego Mun. Code § 142.0380(a) ........................................................ 14

San Diego Mun. Code §11.0210 ....................................................... passim

San Diego Mun. Code §121.0311 ............................................. 7, 15, 16

Glaser Weil

**MEMORANDUM OF POINTS AND AUTHORITIES**

2400882

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.   INTRODUCTION

Defendants respectfully and timely[1] request the Court's reconsideration of its Order remanding this action.  This motion is based on the Court's clear error in failing to consider material evidence presented by Defendants in support of their opposition to Plaintiffs' motion to remand and the Court's erroneous determination that Alexander Beaton is not a sham defendant who was improperly and fraudulently joined for the sole purpose of destroying diversity jurisdiction.

It is undisputed that Plaintiffs have been aware of Mr. Beaton's existence and tangential involvement with these issues for years.  Plaintiffs also fail to refute that they could have named him in the complaint that they originally filed in April 2023.  But they did not do so and it was only after Defendants properly removed the action to this Court and obtained an extension of time to respond to the Complaint that Plaintiffs dismissed the case, re-engineered their complaint to include Mr. Beaton for the sole purpose of defeating diversity jurisdiction in a textbook example of forum-shopping and judge-shopping, and re-filed it in state court.  This made Plaintiffs' motivations abundantly clear.  Yet the Court failed to address these unique facts in its Order and instead credited Mr. Beaton's presence in this lawsuit as potentially legitimate despite Plaintiffs' clear gamesmanship.

Defendants respectfully submit that reconsideration of the Court's Order is warranted under the very unique facts of this case.  Respectfully, Defendants submit that the Court committed the following clear errors in reaching its conclusion:

First, the Court committed clear error in disregarding, dismissing or failing to consider the undisputed evidence submitted by Defendants, which conclusively established that Mr. Beaton is not a "Responsible Person" as defined in section 11.0210

---

[1] *See* Civil Local Rule 7.1(i)(2) ("[A]ny motion or application for reconsideration must be filed within twenty-eight (28) days after the entry of the ruling, order or judgment sought to be reconsidered.").

2400882

of the SDMC nor is there any possible way he can be considered such.  The Court's remand Order was premised entirely on the incorrect assumption that Mr. Beaton "was in possession of the property."  But there is no evidence before the Court supporting this finding and, quite to the contrary, the only evidence before the Court was unrebutted and demonstrated that Mr. Beaton is not "in possession of the property."  The Court's determination is directly contradicted by the testimony of Mr. Beaton and former Caydon CEO, Joseph Russo, who testified that Mr. Beaton was "never in possession of the Property" and did not meet any of the categories of the "Responsible Person" definition set forth in the SDMC.  The Court apparently failed to consider either declaration, which constituted key material evidence, in reaching its conclusion.

Plaintiffs did not provide any evidence that Mr. Beaton was ever physically present at the property, let alone in possession.  Even if Mr. Beaton did occasionally appear at the Property to perform one-off tasks — of which there is no evidence — that still would not equate to being "in possession of the Property."  By this logic, any janitor, cleaner, security guard, window washer, or handyman could be dragged into a public nuisance lawsuit brought by the City or State as a purported "Responsible Person" on the basis that he or she was physically present at a particular property when performing a service for the property owner.  Attaching liability in such an instance not only defies logic but renders the applicable section of the SDMC unconstitutionally vague.  This also violates individuals' Due Process rights, as they could be haled into court and charged with serious crimes or charges without notice, simply for performing routine maintenance tasks at the behest of property owners.  That is precisely the situation here with Mr. Beaton.

Second, the Court's alternative basis for its Order—that even if Mr. Beaton was not a "Responsible Person," Defendants did not demonstrate Plaintiffs' inability to establish a claim for any of the other allegations—reflects a fundamental misunderstanding of Plaintiffs' claims.  For one, the purported SDMC violations that Plaintiffs assert against Mr. Beaton require a threshold finding that the purported

MEMORANDUM OF POINTS AND AUTHORITIES

wrongdoer is a "Responsible Person" as defined in section 11.0210. Thus, a determination that Mr. Beaton is not a "Responsible Person" would foreclose Plaintiffs' second claim for relief, which is premised on a collection of purported violations of the SDMC. Similarly, the notion that Plaintiffs assert a separate "strict liability claim" against Defendants is just wrong. SDMC section 121.0311 does not create a separate cause of action (and Plaintiffs do not assert one). That Code section simply provides that violations should be treated as strict liability offenses regardless of intent.

Third, Defendants' Opposition and supporting declarations demonstrated in detail that Plaintiffs have no cognizable claim for relief against Mr. Beaton, including under California Civil Code sections 3479 and 3480, because Mr. Beaton did not create or assist in the creation of the purported public nuisance. Mr. Beaton had no authority to take any such action and Defendants' evidence confirmed this fact. The evidence before the Court demonstrates that Plaintiffs were well aware of Mr. Beaton's lack of authority with respect to the Property and his non-affiliation with Defendants. The Court entirely disregarded this evidence in reaching its erroneous conclusion.

Defendants respectfully submit that removal of this action was proper because Mr. Beaton is not a legitimate defendant in this action and therefore complete diversity exists between the parties. Defendants respectfully request that the Court reconsider its March 29, 2024 Order and deny Plaintiffs' Motion to Remand.

## II. **BACKGROUND**

Plaintiffs originally filed this action on April 27, 2023, against all Defendants except Mr. Beaton. The complaint alleged that Caydon uses and maintains three buildings ("the Property") in downtown San Diego in violation of state and local San Diego ordinance provisions and as a public nuisance. On June 1, 2023, Defendants timely removed the action to federal court invoking diversity jurisdiction. On June 9, 2023, after Defendants removed the case and obtained an extension of time to respond to the Complaint, Plaintiffs dismissed the original action and, just three days later on June 12, 2023, engaged in forum shopping by filing a second Complaint in state court

without filing a notice of related case yet alleging the same claims and requesting the same remedies. The only difference was that Plaintiffs added Mr. Beaton—a California citizen—as a named defendant. These acts made Plaintiffs' intent to destroy federal diversity jurisdiction abundantly clear.

If Plaintiffs had truly overlooked naming Mr. Beaton as a legitimate defendant, they could have easily amended the complaint or filed a DOE amendment to add him. There was no legitimate reason to dismiss the complaint and file a new lawsuit in state court without flagging it as a related case. If this is not a case of fraudulent joinder or forum shopping, then no such thing exists.

On July 14, 2023, Defendants again timely removed on the basis of diversity jurisdiction. In response, on August 14, 2023, Plaintiffs moved to remand this case to state court on the purported grounds that (1) the State's presence in this lawsuit defeats diversity and (2) the presence of newly-added California citizen Mr. Beaton defeats diversity. On September 18, 2023, Defendants opposed that motion, demonstrating with competent evidence that the State is not a real party in interest in this action and that Mr. Beaton is not a proper defendant but was added to this action for the sole and improper purpose of defeating diversity jurisdiction. In support, Defendants provided sworn declarations of Mr. Beaton himself and the former CEO of the Caydon entities, Joseph Russo. Those declarations directly contradicted Plaintiffs' unsupported, conclusory argument that Mr. Beaton is a "Responsible Person" for the Property.

On March 29, 2024, this Court issued an Order granting Plaintiffs' motion to remand on the sole basis of Mr. Beaton's presence in this lawsuit. The Court agreed with Defendants that the State is not a real party in interest in this litigation and therefore cannot defeat diversity with its presence. *See* ECF No. 36, at 4-8. However, the Court determined that "there is a possibility that a state court would find Beaton a 'Responsible Person' [under the SDMC] as he was in possession of the Property in conducting his work duties that included addressing maintenance issues . . . ." *Id.* at 10:8-10. In reaching this conclusion, the Court disregarded clear and undisputed

evidence that Mr. Beaton was not and is not in possession of the Property and has no authority to make any decisions related to it.  Because there is no possibility that a state court could find that the complaint states a cause of action against Mr. Beaton, the Court should reconsider its Order, deny Plaintiffs' remand motion, and retain jurisdiction.

## III.   **LEGAL STANDARD**

"A district court has inherent jurisdiction to modify, alter, or revoke a prior order."  *De La Torre v. CashCall, Inc.* 56 F. Supp. 3d 1105, 1107 (N.D. Cal. 2014) (*rev'd on other grounds*, 904 F.3d 866 (9th Cir. 2018)).  The Ninth Circuit has articulated that a district court has the power to "properly reconsider its decision if it  . . . committed clear error or the initial decision was manifestly unjust.'" *Smith v. Clark Cty. Sch. Dist.*, 727 F.3d 950, 955 (9th Cir. 2013) (quoting *Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993)).  In fact, "[i]t is common for both trial and appellate courts to reconsider and change positions when they conclude that they made a mistake.  This is routine in judging, and there is nothing odd or improper about it." *Id.* at 955.

District courts in this Circuit retain jurisdiction to reconsider remand orders.  In fact, this Court has explicitly "decided that it *does retain limited jurisdiction* to reopen and review a case after a remand order," including to decide a motion for reconsideration of its remand order.  *Weaver v. Amentum Services, Inc.*, 2022 WL 3447511, at *4 (S.D. Cal. Aug. 17, 2022) (emphasis added).  A motion for reconsideration of a remand order may be granted when the district court "committed clear error . . . ." *Id.*, 2022 WL 3447511 at *2.  Similarly, in *Carrasco v. Horowitz*, 2014 WL 7205912 (S.D. Cal. Dec. 17, 2014), the court considered and granted defendant's motion to reconsider almost *two months after* the case had been remanded to San Diego Superior Court.  Indeed, the court vacated its prior remand order and concluded that "[t]he case will proceed" in the Southern District.  *Id.* at *3.  Other districts in this Circuit are in accord.  In *Baron v. Johnson & Johnson*, 2014 WL 7272229, at *2 (C.D. Cal. Dec. 17, 2014), for example, the court recognized that it had

"continuing jurisdiction to reopen a previously remanded case" before vacating its remand order and granting defendants' motion for reconsideration. Similarly, in *Cokely v. Pacific Gas & Elec. Co.*, 1984 WL 1102 (N.D. Cal. Sep. 14, 1984), the court granted defendant's motion to reconsider the court's remand order more than *three months after* it remanded the action to the state court of its origin.

A motion may be granted under Rule 60(b) when a judgment or order was premised on "mistake, inadvertence, surprise, or excusable neglect" or "any other reason that justifies relief." In this case, the Court's Order should be reconsidered because it is clearly erroneous and mistaken and based on that mistake, the catchall provision of Rule 60(b)(6) warrants relief.

"A motion made pursuant to Rule 59(e) may be granted only where the motion is necessary to: (1) correct manifest errors of law or fact upon which the judgment is based; (2) present newly discovered or previously unavailable evidence; (3) apply an intervening change in the controlling law; or (4) prevent manifest injustice." *Ross v. Stater Bros. Markets*, No. 519CV00755SJOKKX, 2019 WL 6332241, at *2 (C.D. Cal. Aug. 8, 2019) (citing *Hiken v. Department of Defense*, 836 F.3d 1037, 1042 (9th Cir. 2016); *McQuillion v. Duncan*, 342 F.3d 1012, 1014 (9th Cir. 2003) (internal quotation marks omitted)). Sub-parts (1) and (4) are the case here and support the requested relief.

Insofar as the case was immediately remanded to the state court before Defendants had an opportunity to make this motion or seek relief from the erroneous ruling, and particularly in light of the fact that Defendants quickly filed a notice of intent to seek reconsideration of the Court's Order, the Court should correct its twofold error. First, the remand order was clearly erroneous and manifestly unjust. Second, the court certified the erroneous order to the state court immediately without permitting Defendants to seek review despite Defendants providing prompt notice of their intent to seek reconsideration.

Defendants submit that the Court may exercise its inherent power to reconsider

10

2400882

1  this manifestly unjust and erroneous ruling.  The Court has authority to, and should,

2  cure this miscarriage of justice.

3  **IV.  ARGUMENT**

4      Mr. Beaton has no business being in this lawsuit.  Plaintiffs did not provide a

5  scintilla of evidence demonstrating that he is a Responsible Person as defined by section

6  11.0210 of the SDMC.  Yet despite correctly disregarding the State's presence for

7  diversity purposes, the Court erroneously ignored Defendants' clear and undisputed

8  evidence demonstrating that Mr. Beaton was fraudulently joined to this action as a sham

9  defendant and granted Plaintiffs' motion to remand on the basis of his presence alone.

10  In reaching its decision, which is both manifestly unjust and prejudicial to Defendants,

11  the Court committed the following clear errors.

12      First, Defendants overwhelmingly demonstrated with evidence there is no

13  possibility that a state court could find that the complaint states a cause of action against

14  Mr. Beaton because Mr. Beaton is unequivocally *not* a "Responsible Person" as defined

15  by the SDMC.  Mr. Beaton is an independent businessman with his own company and

16  commercial interests who merely consulted for Caydon on an occasional task-by-task

17  basis.  He was never "in possession" of the Property and never held himself out as

18  having any representative authority.  Defendants submitted detailed declarations

19  providing clear testimony on these points and none of the several factors under the

20  Responsible Person definition of section 11.0210 of the SDMC applies to Mr. Beaton.

21  But instead of crediting the detailed evidence that Defendants provided in support of

22  these facts, the Court appeared to ignore this testimony and instead concluded, contrary

23  to the evidence, that Mr. Beaton occasionally addressing "maintenance requests" at the

24  Property was enough to consider him "in possession of the property."  Order at 10.

25  There is no factual basis for this finding.

26      Second, Defendants met their burden of showing that Mr. Beaton is a sham

27  defendant who cannot be found liable for *any* of the asserted causes of action and who

28  was fraudulently joined for the sole purpose of defeating diversity jurisdiction.  The

Glaser Weil

**MEMORANDUM OF POINTS AND AUTHORITIES**

2400882

Court did not properly consider this evidence.  As the Order is premised on fundamental errors, the Court should reconsider its Order and retain jurisdiction over this action.

A.    **The Court Committed Clear Error Because There Is No Possibility That A State Court Can Properly Find That Mr. Beaton Is A "Responsible Person."**

The Court committed clear error by determining that it is possible a state court could find that Mr. Beaton is a "Responsible Person" as defined in section 11.0210 of the SDMC.  Order at 10.  In reaching its conclusion, the Court reasoned that Mr. Beaton was "in possession of the property in conducting his work duties that included addressing maintenance issues." *Id*.  There is no evidence in the record that Mr. Beaton was ever physically at the Property, that Mr. Beaton had any "work duties" involving the Property, or that he addressed "maintenance issues."  Even if Mr. Beaton made a couple of appearances at the Property to perform one-off tasks, that does not transmute him into one "in possession of the Property."  By this logic, any janitor, cleaner, security guard, pest control worker, window cleaner, parking lot attendant, handyman, or locksmith could be dragged into a lawsuit as a purported "Responsible Person" for the sole purpose of defeating diversity jurisdiction on the basis that he or she was physically present at a particular property when performing a service or addressing "maintenance issues" at the request of a property owner.

It is clear from the definition in section 11.0210 of the SDMC that mere physical presence alone is not sufficient to render someone a Responsible Person.  The term explicitly includes "a property owner, tenant, person with a Legal Interest in real property or a person in possession of real property."  SDMC § 11.0210.  There is certainly no evidence in the record that Mr. Beaton was present at the Property to such a degree that he was in possession of it or that he resided there or worked there.  Given that each category of the definition connotes some ownership interest or legal interest in a property, it does not follow that "possession" equates to mere occasional presence alone.  Such an interpretation would render the Code section so vague as to be

**MEMORANDUM OF POINTS AND AUTHORITIES**

unconstitutional and unenforceable.[2]  The term "possession" connotes some form of control over or ownership of the property.  Yet former Caydon CEO Mr. Russo submitted a declaration in which he explained that he "made it very clear to Mr. Beaton that he would have no independent decision-making authority" and that Caydon San Diego would "provide him all direction and approvals pertaining to the Property."  ECF No. 28-1 ⁋ 4.  Mr. Russo also explicitly testified that "Mr. Beaton was never an owner or tenant of the Property and **was never in possession of the Property**."  *Id.* ⁋ 8(a) (emphasis added).  He also confirmed that Mr. Beaton "never had any legal interest in the Property," and he had no independent authority to do anything with respect to the Property.  *Id.*, ¶ 8.  Mr. Beaton only provided certain "local consulting tasks related to the Property on an ad-hoc basis" solely under the authority of Caydon San Diego and its management.  *Id.*, ¶¶ 5, 7.  This testimony conclusively foreclosed any possibility that Mr. Beaton could ever be considered a Responsible Person under the SDMC.

Mr. Beaton also testified that he ensured at all times that the City was aware of the fact that he had no authority over the Property or its operation by informing the City that he was *not* an authorized representative of Caydon.  *See* ECF No. 28-2 ⁋ 10.  The City was unquestionably aware of this fact and even expressly acknowledged its understanding of Mr. Beaton's role and lack of authority with respect to the Property.  *See id.*, Ex. 1 ("Alex stated that he has no authority to represent you as the owner so we were unable to continue the call with him . . . .  The City requests an authorized ownership representative contact us as soon as possible . . . .").

But, contrary to Ninth Circuit precedent, the Court's Order inexplicably did not analyze or even mention Mr. Russo's or Mr. Beaton's sworn declarations in reaching its conclusion that Mr. Beaton *could* be found to be a "Responsible Person" with respect to the Property.  *See McCabe v. General Foods, Corp.*, 811 F.2d 1336, 1339 (9th Cir.

---

[2] *See e.g.*, *Fleuti v. Rosenberg*, 302 F. 2d 652, 656 (9th Cir. 1962) ("In determining whether a statute is vague in the constitutional sense, the test is whether the language conveys sufficiently definite warning as to the proscribed conduct when measured by common understanding and practices.").

**MEMORANDUM OF POINTS AND AUTHORITIES**

2400882

1987) (considering "the pleadings plus the sworn declarations" of purported defendants and concluding that their presence was a "sham" and "did not destroy diversity.").

There is simply no possibility that a state court could properly find that Mr. Beaton is a "Responsible Person" with respect to the Property. The concept that he occasionally provided certain maintenance tasks with respect to the Property at the owner's direction and that constitutes "possession" of the Property is clearly erroneous and is contradicted by the unrebutted evidence submitted by Defendants. The conclusion is inescapable that Mr. Beaton was fraudulently joined as a sham defendant.

**B.    Defendants Met Their Burden Of Showing Plaintiffs' Inability To Establish A Claim Against Mr. Beaton.**

The Court's Order provides an alternative basis for crediting Mr. Beaton's presence in this lawsuit. The Order states, "[e]ven if a state court would not designate Beaton as a 'Responsible Person,' this Court is unable to conclude that Beaton was fraudulently joined" because Defendants apparently did not demonstrate "Plaintiffs' inability of establishing a claim for any of the other allegations." ECF No. 36, at 10. Respectfully, the Court's reasoning misconstrues the SDMC and Plaintiffs' claims. Each of the purported SDMC violations that Plaintiffs allege against Mr. Beaton requires a threshold finding that the purported wrongdoer is a "Responsible Person" as defined in section 11.0210.[3] For example, SDMC section 121.0302(b)(4) makes it unlawful to allow any condition that creates a public nuisance. But only a "Responsible Person" can be liable for creating a public nuisance under the SDMC. *See* SDMC § 11.0210 ("'Responsible Person' means a person who a Director determines is responsible **for causing or maintaining a public nuisance or a violation of the Municipal Code or applicable state codes**.") (emphasis added); *see also* SDMC § 121.0312 ("Any restoration or mitigation imposed by the City Manager or Building

---

[3] Mr. Beaton is also not the "property owner" of the Property, rendering other Code sections such as 142.0380(a) and 142.0360(b) inapplicable to him. Mr. Beaton and Mr. Russo also testified to this fact. *See* ECF Nos. 1-2 ¶ 6; 28-1 ¶ 8; 28-2 ¶ 11.

MEMORANDUM OF POINTS AND AUTHORITIES

2400882

Official shall be at the sole cost of the **responsible person**.") (emphasis added).

It is no coincidence that Plaintiffs' Complaint, which asserts numerous violations of the SDMC against Defendants, groups Defendants' purported violations of the SDMC into one cause of action and begins that section by asserting the threshold allegation that "Defendants are each a 'Responsible Person' within the meaning of the Municipal Code section 11.0210 for allowing and maintaining violations of the Municipal Code at the Property." *See* ECF No. 1, Ex. 4 ¶ 120. It is clear that Plaintiffs understand this to be a threshold requirement and on that point they are correct.

Plaintiffs also highlighted the threshold nature of the "Responsible Person" inquiry in their Motion to Remand. *See* ECF 21-1, at 13 ("Defendant Beaton frequently represented to city investigators and staff that he was responsible for abating the violations at the Property, thus Plaintiffs can sufficiently support both causes of action against him."). It was clear error by the Court to hold that a state court could find Mr. Beaton liable for one of Plaintiffs' claims "[e]ven if a state court would not designate Beaton as a 'Responsible Person.'" Order at 10. By conclusively demonstrating that Mr. Beaton is not a "Responsible Person" as defined in SDMC section 11.0210, Defendants foreclosed Plaintiffs' ability to prove any claim against Mr. Beaton for any violation of the SDMC.

The Court also committed clear error in its reference to "the SDMC § 121.0311 strict liability claim brought by the City." Order at 10. SDMC section 121.0311 does not create a separate cause of action against Defendants; it simply provides that "[v]iolations of the Land Development Code[4] shall be treated as strict liability offenses regardless of intent." The fact that violations of the Land Development Code do not require a finding of intent does not create an additional cause of action. Nor does it alter the fact that Plaintiffs must prove each violation of each particular underlying section of the Code. And, as explained above, all purported Code violations Plaintiffs

---

[4] The Land Development Code refers to Chapters 11, 12, 13, 14, and 15 of the SDMC.

allege against Mr. Beaton require the threshold finding that he is a "Responsible Person." Thus, the Court erred when it determined it could not conclude Mr. Beaton was fraudulently joined because Defendants did not demonstrate Plaintiffs' inability to establish a strict liability claim against him under SDMC section 121.0311.

As to Plaintiffs' public nuisance claim under California Civil Code sections 3479 and 3480, the Court erred in determining that Defendants failed to demonstrate Plaintiffs' inability to establish a claim for relief against Mr. Beaton. Plaintiffs' public nuisance claim against Mr. Beaton requires a showing that Mr. Beaton "created or assisted in the creation of the nuisance." *People v. ConAgra Grocery Products Co.*, 17 Cal. App. 5th 51, 91 (2017); *see also* CACI No. 2020. Plaintiffs failed to adduce any evidence demonstrating that Mr. Beaton "created or assisted in the creation of the nuisance" in question. After all, the nuisance was *created* over 30 years ago, which is how long the Property has been abandoned and when its present conditions began or were *created*.

Plaintiffs must also, but failed to, show that Mr. Beaton's conduct was a "substantial factor" in causing the alleged harm. *See Citizens for Odor Nuisance Abatement v. City of San Diego*, 8 Cal. App. 5th 350, 359 (2017). Plaintiffs did not and cannot make the requisite showing. Defendants' Opposition and supporting declarations convincingly demonstrated that Plaintiffs "have no cognizable claim for relief against Mr. Beaton." ECF No. 28, at 12. Specifically, Defendants' Opposition demonstrated that Plaintiffs cannot establish a claim against Mr. Beaton under California Civil Code sections 3479 and 3480 because Mr. Beaton did not create or assist in the creation of the purported nuisance – he had no authority to take any actions related to the Property and Defendants submitted evidence to demonstrate this fact. Defendants also provided evidence that Mr. Beaton made it clear to the City that he was <u>not</u> an authorized representative of Caydon and that he had no authority to create or assist in the creation of the purported violations at the Property or to abate them. *Id*; *see also* ECF Nos. 28-1 & 28-2. For example, Mr. Russo testified that he "made it very

MEMORANDUM OF POINTS AND AUTHORITIES

2400882

Glaser Weil

clear to Mr. Beaton that he would have no independent decision-making authority" and that Caydon "would provide all direction and approvals pertaining to the Property." ECF No. 28-1 ¶ 4.  Defendants also provided evidence that showed the City explicitly acknowledged its understanding of Mr. Beaton's lack of authority and confirmed that understanding in writing.  But again, the Court's analysis ignored the declarations of Mr. Beaton and former Caydon CEO, Joseph Russo in reaching its conclusion that Mr. Beaton is a legitimate defendant in this action.

Defendants respectfully urge the Court to reconsider its Order.  Mr. Beaton is not a "Responsible Person" with respect to the Property and there is no legitimate basis for him to be a party to this lawsuit.  It is plainly evident that he was fraudulently joined as a sham defendant for the purpose of forum shopping and destroying diversity.  The Court should not reward Plaintiffs' gamesmanship and should see Mr. Beaton for what he is—a sham defendant.

## V.    CONCLUSION

Mr. Beaton is not a legitimate defendant in this action; he was improperly and fraudulently joined.  Defendants submitted sufficient evidence to demonstrate that fact and the Court erred in disregarding that evidence.  Defendants respectfully submit that removal of this action was proper because complete diversity exists between the parties.  Defendants respectfully request that the Court reconsider its March 29, 2024 Order and deny the City's Motion to Remand.

DATED: April 26, 2024

Respectfully submitted,

**GLASER WEIL FINK HOWARD JORDAN & SHAPIRO LLP**

By:  */s/ Elizabeth A. Sperling*
Elizabeth A. Sperling
Attorneys for Defendants
Caydon San Diego Property LLC and Alex Beaton, and Specially Appearing Defendants Caydon USA Holding LLC, and Caydon USA Property Group LLC

2400882