MARA W. ELLIOTT, City Attorney
PAIGE E. FOLKMAN, Assistant City Attorney
PAUL F. PRATHER, Supervising Deputy City Attorney
California State Bar No. 252985
    Office of the City Attorney
    Community Justice Division/Nuisance Abatement Unit
    1200 Third Avenue, Suite 700
    San Diego, California 92101-4103
    Telephone: (619) 533-5500
    Fax: (619) 533-5505
    PPrather@sandiego.gov

Attorneys for Plaintiffs, The People
of the State of California and City of
San Diego

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE OF THE STATE OF CALIFORNIA and CITY OF SAN DIEGO, a municipal corporation,<br><br>    Plaintiffs,<br><br>v.<br><br>CAYDON SAN DIEGO PROPERTY LLC, a Delaware Limited Liability Company; CAYDON USA HOLDING LLC, a Texas Foreign Limited Liability Company and a Delaware Limited Liability Company; CAYDON USA PROPERTY GROUP, LLC, a Delaware Limited Liability Company; MATTHEW HUTTON, Receiver and Manager of CAYDON USA PROPERTY GROUP HOLDINGS PTY LTD; ALEX BEATON, an individual; and DOES 1 through 50, inclusive,<br><br>    Defendants. | CASE NO. 3:23-cv-01296-JES-DDL<br><br>**PLAINTIFFS' RESPONSE TO DEFENDANTS' NOTICE OF WITHDRAWAL OF MOTION FOR RECONSIDERATION AND REQUEST FOR RULING ON MOTION FOR ATTORNEYS' FEES**<br><br>Date Filed: June 12, 2023<br>Removal Date: July 14, 2023<br><br>Judge: Hon. James E. Simmons Jr.<br>Courtroom: 4B |

Plaintiffs the People of the State of California and City of San Diego (Plaintiffs) respectfully submit this Response to the Notice of Withdrawal of Motion for Reconsideration and Request for Ruling on Motion for Attorneys' Fees

1

filed by Defendants Caydon San Diego Property LLC, Caydon USA Holding LLC, Caydon USA Property Group, LLC, and Alex Beaton (Defendants).

## I. DEFENDANTS' WITHDRAWAL OF MOTION FOR RECONSIDERATION

Plaintiffs have no objection to Defendants' withdrawal of their improper and meritless Motion for Reconsideration.

## II. DEFENDANTS' REQUEST FOR RULING ON MOTION FOR ATTORNEYS' FEES

Plaintiffs object to Defendants' Request for Ruling on Motion for Attorneys' Fees (Defendants' Request). When the action removed by Defendants was remanded, Defendants' Motion for Fees was rendered moot. Defendants' removal was improper, and Defendants' improper actions should not be attributed to Plaintiffs. Further, the *Whole E Nature* holding, set forth in Defendants' Request, does not apply as Plaintiffs filed both actions in the same forum when adopting the best course of action to add a legitimate defendant.

### A. History

Plaintiffs filed a complaint in San Diego Superior Court on June 12, 2023. Defendants removed this case on July 14, 2023. A Motion to Remand was filed by Plaintiffs and was fully briefed and submitted to this Court on September 28, 2023. On March 29, 2024, this Court found "complete diversity does not exist because the City is a citizen of California and Defendants are citizens of Delaware, Texas, Australia, and California." This case was immediately remanded to San Diego Superior Court and closed. Since remand, the San Diego Superior Court has awarded Plaintiffs a Preliminary Injunction against Defendants to address Defendants' creation of a nuisance and failure to abide by the San Diego Municipal Code.

/ / /

/ / /

### B. Law

To support their request, Defendants cite *Whole E Nature, LLC v. Wonderful Co., LLC*, Case No. 17cv10, 2017 WL 4227150 (S.D. Cal. Sept. 22, 2017). As fully briefed in Plaintiffs' Opposition to Defendants' Motion for Rule 41(d) Award of Fees and Costs (Plaintiffs' Opposition), ECF No. 24, *Whole E Nature* involved a situation distinguishable from the case at bar. There, the plaintiff first sued in the Northern District of California. *Whole E Nature*, 2017 WL 4227150, at *4. After the defendant moved to transfer to the Central District of California, the plaintiff dismissed its case and refiled in the Southern District of California. *Id*. The court found this transfer was disadvantageous to the plaintiff, while being advantageous to the defendant. *Id.* The court reasoned the plaintiff dismissed and refiled to gain venue in the Southern District, while avoiding a likely transfer to the Central District. *Id.* Thus, the *Whole E Nature* court held that the plaintiff's dismissal and refiling "unfairly prejudiced [the defendant]," justifying an award of costs under Rule 41(d). *Id.* The *Whole E Nature* holding does not apply here as Plaintiffs filed both actions in the same forum when adopting the best course of action to add a legitimate defendant.

Additionally, *Whole E Nature* may be contrasted with a case not cited by Defendants with facts somewhat similar to the instant situation: *Tresona Multimedia, LLC v. Burbank High Sch. Vocal Music Ass'n*, Case No. CV 16-4781, 2016 WL 11506718 (C.D. Cal. Oct. 31, 2016). In *Tresona,* the plaintiff filed an Arizona federal case, voluntarily dismissed the case, then filed a substantially similar case in California federal court. *Id.* at *1. The defendant brought a motion seeking costs per Rule 41(d), claiming that the plaintiff engaged in vexatious litigation. In explaining its litigation course of action, the plaintiff indicated that it believed jurisdiction was initially proper in Arizona and that it dismissed the original action and refiled it only to "avoid costs of protracted litigation over jurisdiction." *Id.* at *3. The court agreed and held that the plaintiff was not

"unreasonable" in first choosing Arizona as the forum, dismissing the original action, and then refiling. Had the plaintiff not dismissed and refiled, litigation would have been extended. *Id.* Because the plaintiff provided a persuasive explanation for its course of litigation, the court denied the defendant's motion for costs. *Id.* at *3-4.

## III.   CONCLUSION

Plaintiffs object to Defendants' Request for Ruling on Motion for Attorneys' Fees. In granting Plaintiffs' Motion to Remand for lack of subject matter jurisdiction, the Court rendered Defendants' Motion for Attorneys' Fees moot. Defendants' removal was without merit and Defendants' meritless actions and costs associated therewith should not be attributed to Plaintiffs. Finally, even if the Court should decide to take action with regard to Defendants' Request for Ruling on Motion for Attorneys' Fees, for the reasons set forth fully in Plaintiffs' Opposition, ECF No. 28, Defendants' Motion should be denied.

Dated:  August ____, 2024                MARA W. ELLIOTT, City Attorney


By  */s/ Paul F. Prather*
       Paul F. Prather
       Supervising Deputy City Attorney

Attorneys for Plaintiffs