UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE OF THE STATE OF CALIFORNIA and CITY OF SAN DIEGO,<br><br>　　　　　　　　　　　Plaintiffs,<br><br>v.<br><br>CAYDON SAN DIEGO PROPERTY LLC, CAYDON USA HOLDING LLC, CAYDON USA PROPERTY GROUP, LLC, MATTHEW HUTTON, ALEX BEATON, DOES 1 THROUGH 50, and CAYDON USA PROPERTY GROUP HOLDINGS PTY LTD,<br><br>　　　　　　　　　　　Defendants. | Case No.: 3:23-cv-01296-JES-DDL<br><br>**ORDER GRANTING DEFENDANTS' MOTION FOR RULE 41(D) AWARD OF FEES AND COSTS IN PART AND DENYING IN PART**<br><br>**[ECF Nos. 9, 45]** |

　　　Defendants Caydon San Diego Property LLC, Caydon USA Holding LLC, Caydon USA Property Group LLC, Matthew Hutton, Caydon USA Property Group Holdings Pty Ltd (collectively, "Caydon"), and Alex Beaton (collectively, "Defendants") move for costs and attorney's fees pursuant to Federal Rule of Civil Procedure 41(d) ("Rule 41(d)"). Defendants argue that Plaintiffs, the People of the State of California (the "State") and the City of San Diego (collectively, "Plaintiffs"), engaged in forum shopping and vexatious

litigation by dismissing an action removed to federal court and refiling that action in state court. For the reasons stated below, the Court **GRANTS IN PART** and **DENIES IN PART** Defendants' motion.

## I. BACKGROUND

Plaintiffs originally filed this action on April 27, 2023 (the "Original Action"), in San Diego Superior Court against all Defendants, except Alex Beaton ("Beaton"). ECF No. 9-1 at 7. On May 23, 2023, Defendants contacted Plaintiffs and requested a stipulation for a sixty-day extension of time to respond to the complaint, which Plaintiffs declined in accordance with California Rule of Court 3.110. ECF No. 24 at 7. Defendants timely removed, on June 1, 2023, to federal court invoking diversity jurisdiction under 28 U.S.C. §§ 1332 and 1441. ECF No. 9-1 at 7. On June 2, 2023, Defendants filed an *ex parte* motion for a sixty-day extension of time to respond to the complaint, which was granted by the then-presiding judge. ECF No. 9-2, ¶ 4. On June 9, 2023, Plaintiffs filed a Notice of Voluntary Dismissal, and five days later, the then-presiding judge dismissed the action without prejudice. ECF No. 9-1 at 7.

On June 12, 2023, Plaintiffs filed a second Complaint in state court alleging the same claims and requesting the same remedies. ECF No. 24-1, Ex. 7. This time, adding Beaton, a California citizen, as a named defendant and marshalling the same claims against him. *Id.*, ¶ 10. On July 13, 2024, Defendants once again requested a stipulation for a sixty-day extension of time to respond to the complaint, to which Plaintiffs denied. ECF No. 24 at 8. Defendants also inquired about the relatedness of the two cases and pointed out that no notice of related case was filed. ECF No. 9-1 at 8. On July 14, 2023, Defendants again timely removed on the basis of diversity jurisdiction. *Id.* Defendants, on July 20, 2023, moved for costs and fees pursuant to Federal Rule of Civil Procedure 41(d) ("Rule 41(d)"). *Id.* In response to Defendants removal, Plaintiffs moved to remand this case back to state court on August 14, 2023, claiming that this Court lacks subject matter jurisdiction because the State is a party in this action which defeats diversity. *See id.*; ECF No. 21. Defendants, however, opposed the motion, arguing that this Court should disregard the State and Beaton

for diversity purposes because the State is not a real party in interest and Beaton was fraudulently joined to destroy diversity. ECF No. 28.

On March 29, 2024, this Court granted Plaintiffs' Motion for Remand, finding that the State is not a real party in interest and should be disregarded for diversity purposes, but that Defendants failed to meet its burden of showing fraudulent joinder. ECF No. 36 at 10. Defendants then moved again for costs and fees pursuant to Rule 41(d), requesting that the Court rule on Defendants' original motion for costs and fees. *See* ECF No. 45.

## II. LEGAL STANDARD

Rule 41(d) provides that "[i]f a plaintiff who previously dismissed an action in any court files an action based on or including the same claim against the same defendant, the court may order the plaintiff to pay all or part of the costs of that previous action[.]" (cleaned up). An award under Rule 41(d) is appropriate where the movant has failed to present a persuasive explanation for the course of litigation and the nonmovant shows it has incurred needless expenditures as a result. *Milkcrate Athletics, Inc. v. Adidas Am., Inc.*, 619 F. Supp. 3d 1009, 1025 (C.D. Cal. 2022) (citation and quotation omitted). Ninth Circuit courts have awarded costs in cases where "the plaintiff has brought a second identical, or nearly identical, claim and has requested identical, or nearly identical, relief." *Esquivel v. Arau*, 913 F. Supp. 1382, 1387 (C.D. Cal. 1996).

Although Rule 41(d) is silent on attorney's fees, the district court in *Esquivel* concluded as a matter of first impression that attorney's fees may be available as "costs" under Rule 41(d). 913 F. Supp. at 1389. Recently, the Ninth Circuit held that "costs" under Rule 41(d) do not include attorney's fees as a matter of right, but declined to determine whether bad faith would be sufficient to allow a party to recover attorney's fees as "costs." *Moskowitz v. Am. Sav. Bank, F.S.B.*, 37 F.4th 538, 545-46 (9th Cir. 2022). Since *Moskowitz*, several district courts within the Ninth Circuit have determined that attorney's fees could be awarded under this rule. *Bowerman v. St. Charles Health Sys., Inc.*, No. 6:23-cv-01488-MC, 2024 WL 3276131, at *10-11 (D. Or. July 1, 2024); *CipherBlade, LLC et al. v. CipherBlade LLC et al.*, No. 3:23-cv-00238-SLG, 2024 WL 4186765, at *3 (D.

Alaska Sept. 13, 2024); *Owen v. Hyundai Motor Am.*, No. 2:22-cv-00882-KJM-CKD, 2023 WL 2529782, at *3 (E.D. Cal. Mar. 15, 2023); *Ortega v. Am. Honda Motor Co., Inc.*, No. 2:22-cv-04276-FLA (MRWx), 2023 WL 5207504, at *3 (C.D. Cal. Mar. 24, 2023); *Milkcrate Athletics, Inc.*, 619 F. Supp. 3d at 1028.

### III.  DISCUSSION

Defendants seek a total of $75,779.70 in attorney's fees and $1,229.98 in costs incurred for services performed in the Original Action, duplicative time spent as a result of Plaintiffs' multiple filings, and in preparing the motion before the Court. ECF No. 9-1 at 14. Plaintiffs, however, do not argue that the cases are different, but instead argue that their litigation choices were reasonable, and, in any event, "costs" do not include attorney's fees under Rule 41(d). ECF No. 24 at 16-18.

**1.    *Costs***

Plaintiffs argue that it was reasonable to dismiss the Original Action and refile the present action with an additional defendant in the same forum as they originally had because the State, according to Plaintiffs, is not diverse from Defendants. *Id.* at 10. Further, Plaintiffs claim that it was more economical and efficient to do so, considering costs associated with the motions practice for amendment and remand. *Id.* Defendants, however, argue that Plaintiffs engaged in blatant forum shopping and vexatious litigation. ECF No. 9-1 at 13.

The Court is not persuaded by Plaintiffs' reasoning. In light of the fact that the Original Action was removed to federal court, the applicability of the State for diversity purposes was clearly, and reasonably so, in dispute. It follows that voluntarily dismissing the Original Action without resolve to the diversity issue, or conferral with Defendants about dismissing the case or adding Beaton, would (and did) result in removal yet again. Plaintiffs' reasoning fails to convince the Court that it was more economical and efficient to voluntarily dismiss the Original Action rather than following federal procedure to move to add Beaton and remand the case. Therefore, because Plaintiffs effectively filed the same

action twice and failed to provide a persuasive reason for doing so, Defendants are entitled to an award of costs under Rule 41(d).

### 2. *Fees*

Defendants argue that it is entitled to attorney's fees because Plaintiffs acted in bad faith through forum shopping and vexatious litigation. ECF No. 9-1 at 13. First, Defendants point to Plaintiffs' multiple refusals to stipulate to an extension of time to respond to the complaint, lack of effort to meet and confer before dismissal, and after dismissing the Original Action, refusal to explain why they dismissed the action or what their intentions were. ECF No. 30 at 5. Second, Defendants point to the addition of a diversity destroying defendant in the present action, Beaton, which evidences Plaintiffs' intent to avoid litigating motions in federal court, and instead continue in their preferred forum. *Id.* Finally, Defendants point to Plaintiff's failure to file a notice of related case in the present action, which further evidences their intent to forum shop. *Id.* at 6.

While Plaintiffs' actions do not rise to the level of vexatious litigation, at minimum, they constitute impermissible forum shopping. *See Lennard v. Yeung*, No. Cv 10-09322 MMM (AGRx), 2011 WL 13217925, at *6 (C.D. Cal. Aug. 16, 2011) (finding that the dismissal of an action in state court and then re-filing several of the same claims in federal court did not rise to the level of vexatious litigation). The disputed nature of the State's interest for diversity purposes and Plaintiffs' avoidance to provide Defendants with a reason for dismissal can only be explained by impermissible forum shopping. The Court is further convinced by the addition of Beaton, which not only demonstrates Plaintiffs' intent to keep the case in state court, but that their actions were an attempt "to gain a tactical advantage or otherwise benefit from more favorable law." *Lennard*, 2011 WL 13217925, at *7. The fact that Plaintiffs failed to file a notice of related case in the present action, and failed to provide a reason for doing so, raises additional concerns.[1] Finding that Plaintiffs

---

[1] Plaintiffs fail to address this argument in their opposition but refer to Defendants' email notifying them of this mistake in an attached declaration. *See* ECF 24-1 at 4, ¶¶ 13, 14.

engaged in forum shopping, the Court grants Defendants' request for both costs and fees under Rule 41(d).

### 3. *Amount of Award*

An award under Rule 41(d) is appropriate only to compensate a defendant for the consequences of a plaintiff's wasteful or abusive litigation, not for any fees or costs it would have incurred regardless, so the award must be limited to the costs and fees the requesting party would not have incurred but for the opposing party's dismissal and refiling. *See, e.g., Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101, 104 (2017) (limiting compensatory fee awards under district court's inherent authority "to the fees the innocent party incurred solely because of the misconduct"); *Esquivel*, 913 F. Supp. at 1388 (limiting Rule 41(d) awards to "needless" costs and fees). Moreover, a defendant may only recover costs associated with the prior dismissed action, not the newly commenced action. *See* Fed. R. Civ. P. 41(d) (a court "may order the plaintiff to pay all or part of the costs of that *previous action*") (emphasis added).

Some costs Defendants incurred, such as filing fees and related administrative expenses, likely cannot be repurposed for this case and court. This Court cannot determine, however, whether all of Defendants' costs and attorneys' fees were needless without more specific information. Defendants did not provide billing records or itemization of time spent on the action and did not sufficiently justify why the prior legal services rendered in the state court action cannot contribute to its defense in the present case. It is simply not enough to state the hours billed by each attorney. Defendants must provide the Court with adequate records listing all the services performed and hours spent for each attorney that worked on the Original Action. *See MBNA Am. Bank, N.A. v. Gorman*, 54 Cal. Rptr. 3d 724, 733 (Cal. App. Dep't Super. Ct. 2006). The Court requires additional evidence before it can determine the reasonableness of the amount of costs and fees sought.

Because the Court finds costs and fees warranted under Rule 41(d), the Court will not address Defendants' remaining arguments requesting costs and fees under 28 U.S.C. § 1927 or the Court's inherent sanction powers.

## IV.  CONCLUSION

For the foregoing reasons, the Court **GRANTS IN PART** and **DENIES IN PART** Defendants' Motion for Rule 41(d) Award of Fees and Costs, ECF Nos. 9, 45. The Court awards costs and attorney's fees subject to determination. The Court orders Defendants to file supplemental briefing on (1) the reasonableness of the $75,779.70 attorney's fees and $1,229.98 costs incurred and (2) whether the legal services previously rendered in defending the Original Action will contribute, or contributed to, Defendants' defense in the present case. Defendants must include billing records, itemization of time, and explain the degree to which the services rendered were tailored to the Original Action. Defendants must submit supplemental briefing within **fourteen (14)** days from the date of this Order. Plaintiffs may file an opposition within **seven (7)** days from the date Defendants' brief is filed. The Court **DENIES** Defendants' request to stay the action.

IT IS SO ORDERED.

Dated:  September 30, 2024

Honorable James E. Simmons Jr.
United States District Judge